UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL A. WOOD,

    Plaintiff,

v.

BUREAU OF PRISONS, *et al.*,

    Defendants.

CASE NO. 2:22-CV-636-DGE-DWC

REPORT AND RECOMMENDATION

Noting Date: September 9, 2022

    Plaintiff Michael A. Wood is presently confined at the Federal Detention Center in Seattle, Washington ("SeaTac"). Dkt. 13. Plaintiff filed a Complaint on May 7, 2022. Dkt. 1. On May 19, 2022, Plaintiff moved for leave to proceed *in forma pauperis*, which the Court granted. Dkt. 3, 9. On June 28, 2022, the Court issued an Order declining to serve the Complaint because it was deficient. Dkt. 5. Instead, the Court ordered Plaintiff to show cause, by the filing of an amended complaint, why his Complaint should not be dismissed for failure to state a claim under 42 U.S.C. § 1983. *Id*. Plaintiff filed an amended complaint (Dkt. 13), but subsequently filed a Motion for Leave to File a Second Amended Complaint ("Motion to Amend") (Dkt. 14).

REPORT AND RECOMMENDATION - 1

Prior to filing his Motion to Amend, Plaintiff filed a Motion for Preliminary Injunction ("Motion"). Dkt. 12. In the Motion, Plaintiff seeks a Court Order directing Defendants to temporarily release him to obtain proper care for his medical conditions that have not been resolved while in confinement. *Id*.

The undersigned recommends that the Plaintiff's Motion (Dkt. 12) be denied without prejudice because no defendants have been served, there is no viable complaint, and, based on the record before it, the Court lacks jurisdiction to issue the relief requested.

## DISCUSSION

Under Federal Rule of Civil Procedure 65(a)(1), no preliminary injunction can be issued without notice to the opposing party. A temporary restraining order may be granted under Rule 65(b), but only if:

1) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss or damage will result to the movant before the adverse party can be heard in opposition; and

2) the [movant] certifies to the court in writing any efforts made to give notice and the reasons why it should not be required.

Federal courts are courts of limited jurisdiction, and as an initial matter, the court must have before it an actual case or controversy, or it has no power to hear the question. *City of Los Angeles v. Lyons,* 461 U.S. 95, 102 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.,* 454 U.S. 464, 471 (1982). Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. United States Immigration and Naturalization Serv.,* 753 F.2d 719, 727 (9th Cir. 1983); Fed. R. Civ. P. 65(d) (persons bound by injunction).

Here, no viable complaint has been filed in this action and no potential defendant or defendants have been served. Thus, Plaintiff is not entitled to a preliminary injunction because there is no case or controversy and the Court lacks authority to issue injunctive relief against individuals or entities over whom it lacks jurisdiction. *See Zepeda,* 753 F.2d at 727; Fed. R. Civ. P. 65(d). Accordingly, the undersigned recommends Plaintiff's Motion (Dkt. 12) be denied without prejudice.

If Plaintiff chooses, he may file a renewed motion for a preliminary injunction and serve it on Defendant(s). *See* Fed. R. Civ. P. 5(b)(1). If Plaintiff does re-file his motion, he must also file a certificate of service stating he has served Defendant(s) with the motion. *See* Fed. R. Civ. P. 5(d). Plaintiff should keep in mind that any issues raised in any such motion must be related to the issues raised in his amended complaint and he must establish the following: (1) a likelihood of success on the merits, (2) a likelihood of irreparable injury to the plaintiff if injunctive relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest. *Winter v. Natural Res. Def. Council*, 555 U.S. 7 (2008) (quoting *Amoco Prod. Co. v. Gambell*, 480 U.S. 531, 542 (1987)).

**CONCLUSION**

The undersigned recommends that the Plaintiff's Motion for a Preliminary Injunction (Dkt. 12) be denied without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v.*

REPORT AND RECOMMENDATION - 3

*Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on September 9, 2022, as noted in the caption.

Dated this 16th day of August, 2022.

David W. Christel
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4