UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL A. WOOD,

    Plaintiff,

v.

BUREAU OF PRISONS, *et al.*,

    Defendants.

CASE NO. 2:22-CV-636-DGE-DWC

REPORT AND RECOMMENDATION

Noting Date: December 23, 2022

Plaintiff was granted leave to proceed *in forma pauperis* ("IFP") on June 30, 2022, and he filed a Second Amended Complaint ("Complaint") on August 31, 2022. Dkts. 9, 18. On September 19, 2022, the Court directed service of the Complaint on the named Defendants. Dkt. 19. The Clerk's Office mailed the Complaint and waiver of service forms to each Defendant.

By letter filed on October 18, 2022, the Office of the City Attorney of Bremerton informed the Court that they were unable to waive service on behalf of Defendant Bremerton Police Department, as this named Defendant is not a legal entity that can be sued. Dkt. 27.

The Bremerton Police Department is not an appropriate defendant under a theory of municipal liability because the proper defendant in such a claim is the municipality—the city or

1  county—and not the municipal department. *See Vance v. Cty. of Santa Clara*, 928 F. Supp. 993,

2  996 (N.D. Cal. 1996); *accord Osborne v. Clark Cty. Sheriff's Office*, 3:16-cv-05307-BHS-DWC,

3  2017 WL 6558665, at *5 (W.D. Wash. Nov. 29, 2017) (Clark County Jail is not an appropriate

4  defendant in a § 1983 action). Thus, the Court recommends that Plaintiff's § 1983 claims against

5  the Bremerton Police Department be dismissed without prejudice and Bremerton Police

6  Department be terminated as a party in this action.

7        Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil

8  Procedure, the parties shall have fourteen (14) days from service of this report to file written

9  objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those

10 objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C),

11 and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474

12 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations

13 omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the

14 matter for consideration on December 23, 2022, as noted in the caption.

15       Dated this 9th day of December, 2022.

                                                                                    David W. Christel
                                                                                     United States Magistrate Judge