UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL A. WOOD,

        Plaintiff,

v.

UNITED STATES OF AMERICA, et al.,

        Defendants.

CASE NO. 2:22-CV-636-DGE-DWC

ORDER DENYING MOTION TO JOIN CLAIMS

The District Court referred this action to United States Magistrate Judge David W. Christel. Before the Court is Plaintiff's "motion to join claims" Dkt. 81. Because Plaintiff has not filed a complete proposed Third Amended Complaint with his motion, the Court denies the motion without prejudice.[1]

---

[1] Plaintiff's motion is noted for consideration on July 21, 2023. Dkt. 81. Some of the Defendants have filed early responses, which the Court has reviewed. Dkts. 82, 84 However, because the motion does not comply with this Court's Local Rules, the Court finds neither a response by the remaining Defendants nor a reply by Plaintiff is necessary.

ORDER DENYING MOTION TO JOIN CLAIMS - 1

Plaintiff's motion seeks to amend the Second Amended Complaint—the operative complaint in this matter—to assert additional claims. Motions to amend are governed by Rule 15(a) of the Federal Rules of Civil Procedure, which provides as follows:

> (1) ***Amending as a Matter of Course.*** A party may amend its pleading once as a matter of course within:
> (A) 21 days after serving it, or
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) ***Other Amendments.*** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires.

Plaintiff has previously amended his complaint. Dkts. 12, 18. Further, more than 21 days have passed since Defendants filed responses to the Second Amended Complaint. *See* Dkts. 32, 33, 55, 57. Thus, Plaintiff cannot amend pursuant to Rule 15(a)(1) and must have the Court's leave to amend the Second Amended Complaint. *See* Fed. R. Civ. P. 15(a)(2).

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" *AmerisourceBergen Corp. v. Dialysis West, Inc.*, 445 F.3d 1132, 1136 (9th Cir. 2006) (*quoting* Fed. R. Civ. P. 15(a)). In determining whether leave to amend is appropriate, the district court considers 'the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility.'" *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (quoting *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999)).

Under Local Civil Rule 15, "[a] party who moves for leave to amend a pleading, or who seeks to amend a pleading by stipulated motion and order, must attach a copy of the proposed amended pleading as an exhibit to the motion or stipulation."

1  Here, Plaintiff did not attach a proposed Third Amended Complaint. *See* Dkt. 81. As such,
2  Plaintiff has not complied with the Local Rules. Therefore, Plaintiff's motion to join (Dkt. 81) is
3  denied without prejudice.

Dated this 21st day of July, 2023.

David W. Christel
Chief United States Magistrate Judge