UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL A. WOOD,

             Plaintiff,

    v.

UNITED STATES OF AMERICA, et al.,

             Defendants.

CASE NO. 2:22-CV-636-DGE-DWC

ORDER CONVERTING INDIVIDUAL BOP DEFENDANTS' MOTION TO DISMISS TO MOTION FOR SUMMARY JUDGMENT AND GRANTING IN PART DEFENDANTS' MOTION FOR DISCOVERY STAY

The District Court referred this action, filed pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), to United States Magistrate Judge David W. Christel. Currently pending before the Court is the motion to dismiss brought by Defendants Kevin Posalski, Dr. Dy, Scottie Bussell, James Corliss and Israel Jacquez ("Individual BOP Defendants") (Dkt. 57) and the motion to stay discovery brought by the Individual BOP Defendants and Defendants John Westland and Matthew Lilje ("USMS Defendants") (Dkt. 78).

1    The Individual BOP Defendants' motion to dismiss (Dkt. 57) must be considered under

2    the rules applicable to motions for summary judgment; the Court therefore converts the motion

3    dismiss to a motion for summary judgment, re-notes the motion and establishes a schedule for

4    optional additional briefing. The Court grants-in-part and denies-in-part Defendants' motion to

5    stay discovery (Dkt. 78).

6    **A.  Individual BOP Defendants' Motion to Dismiss (Dkt. 57)**

7    The Individual BOP Defendants have moved to dismiss Plaintiff's claims against them on

8    the ground that Plaintiff has failed to exhaust his administrative remedies as required by the

9    Prisoner Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e(a). *See* Dkt. 57.

10    Exhaustion in cases covered by § 1997e(a) is mandatory. *Booth v. Churner*, 532 U.S. 731, 739

11    (2001). All "available" remedies must be exhausted. *Id.*

12    However, "failure to exhaust under the PLRA is 'an affirmative defense the defendant

13    must plead and prove.'" *Albino v. Baca*, 747 F.3d 1162, 1168 (9th Cir. 2014) (quoting *Jones v.*

14    *Bock*, 549 U.S. 199, 204 (2007)). Defendants bear the initial burden "to prove that there was an

15    available administrative remedy, and that the prisoner did not exhaust that available remedy." *Id.*

16    at 1172 (citing *Hilao v. Estate of Marcos*, 103 F.3d 767, 788 n.5 (9th Cir. 1996)). If the

17    Defendants meet their burden to show an available administrative remedy, "the burden shifts to

18    the prisoner to come forward with evidence showing that there is something in his particular case

19    that made the existing and generally available administrative remedies effectively unavailable to

20    him." *Id.* (citing *Hilao*, 103 F.3d at 788 n.5). The "ultimate burden of proof remains with the

21    defendant." *Id.* (citing *Jones*).

22    When alleging a plaintiff failed to exhaust administrative remedies, a defendant may

23    move for dismissal under Federal Rule of Civil Procedure 12 only in the extremely rare event the

24    ORDER CONVERTING INDIVIDUAL BOP
DEFENDANTS' MOTION TO DISMISS TO
MOTION FOR SUMMARY JUDGMENT AND
GRANTING IN PART DEFENDANTS' MOTION
FOR DISCOVERY STAY - 2

1  plaintiff's failure to exhaust administrative remedies is clear on the face of the complaint. *Albino*

2  *v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014). "Otherwise, defendants must produce evidence

3  proving failure to exhaust" in a summary judgment motion brought under Rule 56. *Id.*

4         Here, Defendants have submitted and rely upon evidence outside of the pleadings. *See*

5  Dkt. 58. Therefore, their motion must be considered as one for summary judgment under Rule

6  56, not as a motion to dismiss under Rule 12. *See Garaux v. Pulley*, 739 F.2d 437, 438 (9th Cir.

7  1984). Thus, the Court converts Defendants' motion under Rule 12 into a Rule 56 motion for

8  summary judgment and provides the Parties with leave to file additional briefing and evidence.

9         Because Defendants' original Notice to Plaintiff pursuant to *Rand v. Rowland*, 154 F.3d

10  952 (9th Cir. 1998) presented the motion as one under Rule 12 and stated Plaintiff "must rely on

11  what is stated in [his] Complaint," (Dkt. 59 at 2), the Court provides the following warning to

12  Plaintiff regarding his obligation to respond to a motion for summary judgment:

13         A motion for summary judgment under Rule 56 of the Federal Rules
          of Civil Procedure will, if granted, end your case.

14

15         Rule 56 tells you what you must do in order to oppose a motion for
          summary judgment.  Generally, summary judgment must be granted
          when there is no genuine issue of material fact – that is, if there is

16         no real dispute about any fact that would affect the result of your
          case, the party who asked for summary judgment is entitled to

17         judgment as a matter of law, which will end your case. When a party
          you are suing makes a motion for summary judgment that is

18         properly supported by declarations (or other sworn testimony), you
          cannot simply rely on what your complaint says.  Instead, **you must**

19         **set out specific facts in declarations, depositions, answers to**
          **interrogatories, or authenticated documents, as provided in**

20         **Rule 56(e), that contradict the facts shown in the defendant's**
          **declarations and documents and show that there is a genuine**

21         **issue of material fact for trial.  If you do not submit your own**
          **evidence in opposition, summary judgment, if appropriate, may**

22         **be entered against you.  If summary judgment is granted, your**
          **case will be dismissed and there will be no trial.**

23

24  ORDER CONVERTING INDIVIDUAL BOP
   DEFENDANTS' MOTION TO DISMISS TO
   MOTION FOR SUMMARY JUDGMENT AND
   GRANTING IN PART DEFENDANTS' MOTION
   FOR DISCOVERY STAY - 3

1   *Rand*, 154 F.3d at 963 (9th Cir. 1998) (emphasis added).

2   **B.  Motion to Stay Discovery (Dkt. 78)**

3           The Court has previously stayed discovery against the Bureau of Prisons ("BOP")

4   pending the consideration of its motion to dismiss. Dkt. 60. The Individual BOP Defendants and

5   the USMS Defendants now also seek a stay of discovery pending the decision of their pending

6   motions to dismiss. Dkt. 78. Plaintiff has filed a response. Dkt. 79. The moving parties have not

7   replied.

8           A court may relieve a party of the burdens of discovery while a dispositive motion is

9   pending. *DiMartini v. Ferrin*, 889 F.2d 922 (9th Cir. 1989), *amended at* 906 F.2d 465 (9th Cir.

10  1990); *Rae v. Union Bank*, 725 F.2d 478 (9th Cir. 1984); *see also Ministerio Roca Solida v. U.S.*

11  *Dep't of Fish & Wildlife,* 288 F.R.D. 500, 506 (D. Nev. 2013) (permitting a stay of discovery

12  where a pending dispositive motion is (1) "potentially dispositive of the entire case or at least

13  dispositive of the issue on which discovery is sought" and (2) can be decided without additional

14  discovery). Where discovery will not affect the 12(b) decision, staying discovery ensures the

15  defendant's motion is properly addressed and advances "the goals of efficiency for the court and

16  litigants." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).

17          The moving defendants contend their pending motions to dismiss, if granted, would be

18  dispositive of the entire case against them and the motions can be decided without further

19  discovery. Dkt. 78. The Court is, simultaneously with this Order, issuing a Report and

20  Recommendation that the claims against the USMS Defendants be dismissed. Accordingly, if

21  adopted by the District Judge, all claims against the USMS Defendants would be dismissed and

22  no further discovery against them would be appropriate. The Court therefore finds a stay of

23

24  ORDER CONVERTING INDIVIDUAL BOP
DEFENDANTS' MOTION TO DISMISS TO
MOTION FOR SUMMARY JUDGMENT AND
GRANTING IN PART DEFENDANTS' MOTION
FOR DISCOVERY STAY - 4

1 discovery from the USMS Defendants pending the District Judge's consideration of the Report

2 and Recommendation is appropriate.

3       The Individual BOP Defendants have brought a motion to dismiss on the ground that

4 Plaintiff failed to exhaust his administrative remedies, as required by the PLRA, Dkt. 57. As

5 discussed above, the Court has concluded the Individual BOP Defendants' motion must be

6 considered as one for summary judgment pursuant to Fed. R. Civ. P. 56 instead of as a motion to

7 dismiss pursuant to Fed. R. Civ. P. 12. Although the motion, if granted, could resolve all claims

8 against the moving defendants, the parties may refer to matters outside the pleadings.

9 Accordingly, the Court declines to stay discovery related to Plaintiff's exhaustion of his

10 administrative remedies. However, a stay of any discovery beyond the issue of exhaustion of

11 administrative remedies would advance the efficiency of the Court and is therefore appropriate.

12 Accordingly, the Court grants a stay of all discovery from the Individual BOP Defendants that is

13 not directly related to the existence of available administrative remedies and Plaintiff's

14 exhaustion of (or failure to exhaust) such remedies.

15 **C. Conclusion**

16       The Court therefore ORDERS as follows:

17       1.   The Individual BOP Defendants' motion to dismiss (Dkt. 57) is converted to a

18            motion for summary judgment pursuant to Fed. R. Civ. P. 56. The parties are

19            provided an opportunity to file additional briefing. Defendants' optional

20            supplemental brief will be due on or before August 11, 2023; Plaintiff's optional

21            responsive briefing shall be due on or before September 8, 2023. The Clerk is

22            directed to rename the Individual BOP Defendants' motion to dismiss (Dkt. 57) as

23            a motion for summary judgment and to re-note the motion for September 8, 2023.

24 ORDER CONVERTING INDIVIDUAL BOP
DEFENDANTS' MOTION TO DISMISS TO
MOTION FOR SUMMARY JUDGMENT AND
GRANTING IN PART DEFENDANTS' MOTION
FOR DISCOVERY STAY - 5

2.  The Defendants' motion to stay discovery (Dkt. 78) is granted-in-part and denied-in-part as follows:

    a.  All discovery is stayed as to the USMS Defendants;

    b.  Discovery related to Plaintiff's exhaustion of administrative remedies may continue as to the Individual BOP Defendants;

    c.  All discovery that is not relevant to Plaintiff's exhaustion of administrative remedies is stayed as to the Individual BOP Defendants.

Dated this 21st day of July, 2023.

David W. Christel
Chief United States Magistrate Judge