---

FROM: 32370086
TO:
SUBJECT: OBJECTION TO DISMISS BY BOP DEFENDENTS -1
DATE: 08/21/2023 07:50:16 AM

FILED _____ LODGED
_____ RECEIVED

SEP 05 2023

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY _____ DEPUTY

MICHAEL WOOD.

V

BUREAU OF PRISONS.

HONORABLE DAVID W CHRISTEL

CASE NO: 2:22-CV-636-DGE-DWC

PLAINTIFFS ANSWER TO THE CONVERTED

MOTION TO DISMISS/SUMMARY JUDGEMENT

BY BOP DEFENDENTS

Plaintiffs answer to converted motion for summary judgment filed by defendants BOP, DR MARIA DY, WARDEN ISRAEL JACQUEZ, KEVIN POSALSKI, SCOTTIE BUSSELL, JAMES CORLISS.

In the 1st declaration by Danielle Rogowski the attorney advisor for BOP' FDC Seatac made in support for the motion to dismiss for failure to exhaust administartive remedies that was made under penalty of purjory pursuant to 2b U.S.C. 1746. Mrs Rogowski claiming to be familiar with the running of the institution FDC Seatac having worked there since Dec of 2020. Mrs Rogowski does not state te complete set of facts only submitting the electronic grievences that were filed which dont show the actual grievence that was filed or the full response that was given.

In exhibit # 1 line 7 page 3 she states that the attattchments are for inmate Frick's civil claim. I am fully aware and familiar with Mr Fricks case as well as him and myself lived in the same unit and had the same problems with obtaining and recieving responses to our filed grievences due to the institution not folowing proper grievence proceedures as required by BOP policy.

In exhibit # 1 section 9 line 8 page 3 mrs rogowski purjorizes herself stating as a fact that all inmates are required to attend a A&O. If she is in fact familiar with the running of the institution as she claims. she would know that there has been no A&O at the institution since the beginning of the pandemic nor has the institution provided new detainees with copies of the inmate handbook that gives al the rules and regulations of the institution.FDC Seatac has not complied with BOP policy since the pandemic. This is also another reason to support my objection to dismiss made by the BOP. The BOP Covid-19 action plan required that all inmates maintain a 6 ft spacing and no group gatherings which to conduct A&O would be required so inmates are not given the information as to rules and proceedures on filings of grievences as Mrs Rogowski claims. So the BOP violated there own policies supporting my liability claim under monnell. Mrs Rogowski would also of known that since her arrival all inmates were required to be quarantined for 30 days where thjere was no access to medical or grievences. then once we cleared quarantine during the pandemic we were still under the BOP's Covid-19 action plans modified operations where we were locked down for 20 hours a day with no access to unit teams who are responsible for providing inmates with grievences for months at a time leaving uis with no way to utilize the administrative remedy process. Mrs Rogowski as an attorney for FDC Seatac also would've been aware of all the complaints being made by the attorneys office and congress on the inmates behalf of the harsh conditions and denied access to medical and grievences along with the 100's of electronic emails of complaints that never recieved responses. The modified operations implaced by the BOP's Covid-19 action plan provided no measures to safegaurd the BOP policies that were already implaced to protect the rights of the inmates. we as a whole were denied standards of care and access to the administrative remedy process to properly file our complaints.

In exhibit #1 section 9 Mrs Rogowski exhibits A-F she submits irrelevent grievences that were filed during previous terms of incarceration. Attempting to paint a picture that i have a history of not following through 2with the grievece process. These grievences were either given a favorqable response or they were discontinued because of pending release. These exhibits do not contain the actual grievence that was filed or the attattchments that i submiited with them.

---

FROM: 32370086
TO:
SUBJECT: OBJECTION TO MOTION TO DISMISS BY BOP DEFENDENTS-2
DATE: 08/06/2023 03:07:41 PM

In exhibit #1 Mrs Rogowskis declaration section 9 page 4 exhibit G. My rejection by the warden for my grievence filed on 1-4-22 stating i was untimely and that this was the wrong proceedure. What the grievence fails to mention is that on 1-10-22 there was another Covid-19 outbreak where i contracted Covid-19 and was put in quarantine for over a month with no access to unit team or grievences where i was denied a grievence stating that there were none being locked down for 24 hours a day i had no way to attempt to recieve one through other means where i did infact tried to respond as seen in my exhibit # ( 2 ) filed on 2-17-22 where i stated that i never recieved a response for my grievence that i submitted the week before the outbreak although it has a case # 1105789-A6A2 it does not show on the sentry submitted by Mrs Rogowski this ois further evidence that FDC Seatac has not been following proper proceedures as required by BOP policy further the grievences require that they are dated and signed these grievences have neither this makes it impossible to inquire into who recieved them and failed to file them. In cases brengettey v horton 423 f.3d 674 682 (7th cir2005). boyd v corr corp of am 380 f.3d 989 996 (6th cir 2004). lewis v washington 300 f.3d 829 833 (7th cir 2003). holding that a prisoner has properly exhausted when properly filed grievences failed to recieve a response. In case martin v snyder 2002 WL 484911 *3 (N.D Ill) rejected argument made by defendents that plaintiff should've continued to grieve failed responses. When the grievence fails to be dated there is no way to confirm when it was even recieved and when there is no signature there is no way to prove who was responsible for filing it. I cant be expected to follow proper proceedure when the agency BOP does not follow them this has left me with no proper remedy.

In exhibit #1 Mrs rogowski's declaration section 9 page 5 exhibit H . I was given the improper form and instructions. The process to recieve grievences is as follows the only way to recieve a bp-9 is to show that you have already filed and recieved a response to your bp-8. Then to recieve a bp-10 you must show that you have recieved a response to your bp-9. Then to recieve a bp-11 you must how that you recieved a response to the bp-10. There is no way to skip a process so for me to have recieved a bp-11 i either had completed a bp-10 that does not show that i filed on the sentry or that i was given the wrong form and given improper instructions as i have stated by unit team. Even so i was not instructed to go back to region even though i did i was only instructed to get a letter from staff as to why i was untimely. I was given the same instructions in the corrected grievence by region as i was by the central office to get a letter from staff as to why i was untimely and to follow instructions that were given by the warden although the warden in his reply never gave instructions it only stqated that i was untimely and that this was the improper proceedure. This would all be available for view if Mrs Rogowski would of provide the actual grievences that were filed and their responses these are all things that i have asked for in my requests for discovery that the BOP has filed the motion to stay on, the courts should not grant their motion.I was never give instructions on how to proceed . In cases dole v chandler 438 f.3d 804 811-12 (7th cir 2006). wilkerson v jenkins 2010 WL 384 737 *3 ( D Md jan 27 2010) where exhaustion requirements were satisfied when no proper instructions were given. In my case the warden being his institution should've or would've known that inmates in his care were subjected to constant lock downs due to Covid-19 and quarantine proceedures implemented in the Covid-19 action plan that didnt allow for A&O that would of gave proper instructions on the administrative grievance process and that the pamdemic caused the institution to be grossly understaffed limiting the inmates in their ability to have access to unit teams and the grievance process making it impossible for us and staff to be timely.

In exhibit #1 Mrs Rogowski's declaration section 9 page 4-5 exhibit . It shows that a remedy was given where i recieved an Mri and had an upcoming doctors appointment. in caes lay v hall 2007 WL 137155 *6 (E.D Cal jan 17 2007) holding where prisoners grievence of failure to provide medical care was rsponded to that an appointment was made for the issue sufficed to reach the exhaustion requirment. I was given an MRI and told that i had an appointment coming soon to see a neurologist. dixon v gord 224 f.supp 2d 739 749 (S.D.N.Y 2002) inmates are not required tocontinue to grieve after a favorable answer was provided. Even though i was given an answer i continued to grieve anyway to be sure that i exhausted all administartive remedy reuirements since i had already been told and assured id recieve care that was never forth coming on numerous occassions. The fact that an MRI was done dont constitute standards of care as defined in the constitution as coming in the form of "diagnosis and treatment" where a MRI would not reach constitutions standards and definition of care. On multiple occassions i attempted to recieve reasons for my untimeliness as seen in my attatched exhibits also in the attatchments you can see that every issue that was brought up in my civil claim contrary to the BOP's defendents claims were brought up in my grievences putting the BOP and defendents on notice and giving plenty of time for them to attempt to provide a remedy. Seen my attatched exhibit # ( 16 ) that chronic pain and untreated medical conditions constitute a "continuing violation" not limiting the complaint to a time restraint. Also stated in the constitution "requiring a prisoner to grieve every component of his claim seperately would have prevented him from fairly presenting his claim in its entirety the prisoners claim was concidered exhausted even though he only grieved the one component. All my claims stem from one cause of action not recieving medical care for injuries sustained during arrest and after being booked into BOP custody.As for the connection between my claims and the Covid-19 action plan policy. The policy allowed

---

FROM: 32370086
TO:
SUBJECT: OBJECTION TO MOTION TO DISMISS BY BOP DEFENDENTS 3
DATE: 08/06/2023 03:12:50 PM

for the institutions medical and administration to be ran understaffed where the Covid-19 action plan required the hiring of additional medical staff shutting down all access to medical, sick call system and proper administrative remedy processes. Creating the enviroment that allowed for my medical condition to go untreated and the delays in recieving care. Brewer v philson 2007 WL 87625 * (W.D Ark Jan 10 2007) where the claim originated from an incident that occured during arrest the claim did not require exhaustion. The claims against the BOP and defendentsare a continuation of injuries and not recieving medical care sustained duringa and following arrest. All additional claims derive from that incident. I am not required to constantly grieve every situation that stems from the original singular cause and complaint.

In my exhibit # ( 2 ) submitted on 2-17-22 although it has a case number it was not dated or signed and dont show up in the sentry files submited by Mrs Rogowski. In this grievence i appeal the fact that i never recieved a response from region for my bp -10 tha i filed on 1-04-22 during a Covid-19 outbreak this is and has been a continuous occurrence since the Covid-19 pandemic but yet we or i am expected to follow a proceedure and policy that the BOP is not following. Also in this grievence i report to the central office that it took 6 months to get a bp-9 from the institution.

In my exhibit # ( 3 ) shows that i filed anothe rgrievence on 3-10-22 that was never even filed or responded to where i grieved multiple issues that were brough into my claims. Martin v snyder 2002 WL 484911 *3 ( N.D Ill Mar 28 2002) where defendents argument that the plaintiff should still have filed more grievences about the defendents failure to respond was rejected. Armstrong v drahos 2002 WL 187502 *1(N.D Ill Feb 6 2002) holding that plaintiff never recieved a response thee was nothing to appeal

In my exhibit # ( 4 ) i attempted to recieve a reason as to why i was untimely as instructed in all the rejections i recieved. The warden again did not file the grievence as can be seen again there is no date, signature or case # just a reason of being untimely and that i needed to follow the instructions on the bp-11 which instructed me to get an excuse by the warden that i was atempting to do as did all rejectionsas seen in Mrs Rogowski's declaration exhibits #( G - N )in Mrs Rogowski's exhibit # ( L ) she states that i filed to exhaust after being instructed numerous times but in my submitted exhibits # ( 4 )( 5 )( 6 )( 7 ) ( 8 ) i attempted on multiple occassions asking to be excused for my untimely rejections where i never recieved any remedy. This was beyond frustrating and confusing at all levels i was sent like a dog chasing its tail this was done intentionaly the whole BOP grievence process is nothing more then a farce meant to deter, chill and thwart inmates with legitament claims from being able to meet the exhaustion requirements to bring suit.In case warren v purcell 2004 WL 1970642 *6 (S.D.N.Y sept 3 2004) holding that a bffling response to a grievence left prisoner with no clue on how to proceed or what to do next holding special circumstances justifying failure to exhaust. The responses i continued to recieve with no proper instructions was obviously done with intent. In exhibit # ( 5 ) shows that i contacted unit manager asking for an excuse that was never responded to that also stated reasons and complaints against other unit team administrators for not filing grievences that were properly turned in.In exhibit # ( 4 ) is the bp-9 asking for a reason my rievences were untimely again this was not filed or given a case number and returned improperly supporting the requirements for exhaustion. In exhibit # ( 6 ) i grieved to region about the warden at the institutional level about him not filing my grievences even after supplying region with copies of the returned grievences they still rejected my grievence again leaving no remedy meeting all exhaustion requirements.In exhibit # ( 7 ) in an appeal to central office i supplied them aswell with the requests and unfiled grievnces sent to the warden about needing an excuse as to why i was untimely and they again rejected my claim. "THIS IS THE BLUE SHIELD IN PLAIN SITE BEING IMPLEMENTED" where there is an obviouse claim that all level were presented with more than enough opportunity to reply and remedy this problem but chose not to. In exhibit # ( 8 ) is an atatchment that i submitted to my grievences that contain all alegations to all my claims that the attorneys contest being filed and not giving notice too a notice that they ignored and failed to remedy. After being completely ignored and sent on a goose chase at all levels of the BOP administartive remedy process. In exibit # ( 9 ) i attempted to email the warden through the electronic message system since he would not respond to my bp-9's. in the email i sent i informed him about not being given grievences by his staff and when they were given they would not be filed i also adressed his defamating-stigmatizing response saying i overdosed on heroin that he sent to US CONGRESSMAN KILMER and my family seen in exhibit # ( 10 )with all my concerns of the negative effect that his response had on family relations and recieving medical care. He failed to adress any of the concerns i brought to his attention and refused to re-write his response even after i supplied him with accurate medical records showing that i had no "heroin" in my system. I was threatened to loose my email privledges if i continued to email him. He responded as though my family or congress should be of no consequence . In case

of woodford ngo a prisoner is justified from continuing correct proceedures because of threats and or intimidations by staff. The threat of being sanctioned where i would of lost my abilities to communicate with my family and possibly lose good time i followed the BOP's administrative remedy statement that said i could skip the institutional level of the grievence process if the grievence was of a sensitive matter. As seen in exhibit # ( 11 )i was rejected by the region stating that they didnt believe that this was a sensitive matter even though i provided all the returned non-filed grievences and the threat made by the warden leavin me no other remedy or an appealable response being sent back to the institutional level where i was not being allowed to properly file this is a conspiracy by all levels of the BOP to interfere with the due process of law.

In exhibit # ( 12 ) it shows that id recieved a partial remedy by Mrs Pope where i was told that my grievence had been satisied even though i only recieved a partial remedy and was denied a bp-9 to further grieve the unresolved issues. so i filed 5 more grievences with Mrs Pope that were never filed or responded to as seen in previouse exhibit # ( 9 ) The fact that she never filed or responded meets the PLRA requirements for exhaustion. I have beyond exhausted an possible remedy and gave the BOP every opportunity to remedy the situation outside the courts.

The PLRA also reqires that a prisoner must exhaust all avenues of possible relief. To make sure of this myself and my family contacted US Congressman Kilmer and ACLU Cherie Williams as seen in exhibit # ( 13 ), The US Federal Public defenders office Colin Frieman who also said they were in contact with the ACLU as seen in exhibit # ( 14 ) and the AAAHC case # 118062 who stated they were going to investigate the matter as seen in exhibit # ( 15 ) i also filed federal tort claims against the BOP or the UNITED STATES tort # TRT-WXR-2022-04314 tort # TRT-WXR-2023-05903 where i was given permission to bring suit in federal court for the constitutional violations and the torts of negligence and failure to provide treatment were excepted. This tort action i plan on asking the courts under supplemental jurisdiction to join my tort action with my civil claim where the courts, defendents and the jury will be given other less intrusive means to settle the claims

I am also submitting to the courts the following exhibits # ( A-1 ) anjd ( A-2 )

Exhibit ( A-1 ) Is a complaint and declaration sighned by the inmates that were incarcerated with me at the time my claims arised. In these claims and declarations one of the causes of action was the fact that we were not given access to the grievence system or administrative remedies contradicting the declaration submitted by BOP employee Rogowski.

Exhibit ( A-2 ) Is a ruling in the case by the Seattle District Court in a case brought by Christopher Frick against BOP and individual defendents. Where the BOP made the same claims for dismaissal of failure to exhaust where court denied the BOP motion to dismiss. In MR Fricks objection he also provided declarations from inmates that were locked up with myself and MR Frick stating that there is no access to administrative remedies there are also declarations from his attorney. This is admissable information since in the BOP MRS Rogowski's declaration she refered to MR Frick's case.

BOP should not be granted summary judgement in my case and it should be sent to trial and all stays on discovery should be lifted so that i can prepare for trial. I have offered multiple settlements that were less intrusive means abd would lighten the burden on the courts that have not recieved a response.

As seen i all the provided evidence i have properly exhausted all administrative remedies even after the institution and other level administrators of the process failed to follow the proper proceedures as required by policy. The exhaustion requirement was met at the informal and formal levels when the institution, region and central office failed to follow their own policies. All the arguments stated by the BOP defendents to dismiss for reasons of failure to exhaust should not be granted.When Mrs Grokowski submitted the exhibits she should of provided the courts with the grievences filed in their entirety including all attatchments.

I SWEAR UNDER THE PENALTY OF PURJORY THAT ALL I SAID IS TRUE AND CORRECT

MICHAEL WOOD  8-21-23

---

FROM: 32370086
TO:
SUBJECT: EXHIBIT # 1
DATE: 08/09/2023 10:00:29 AM

## EXHIBIT # 1

Exhibit # 1 contains the declaration made by BOP attorney Mrs. Rogowski. In this exhibit she makes what are known to be false statements. Having been working at the institution during the Covid-19 pandemic she would of been aware that there was no A&O or any type of programming available where inmates would of been put on notice,trained or instructed on the rules and regulations of the prisons administrative remedy process. She also attaches remedies that are irrelevant to this case attempting to paint a picture that i haven't followed through with any of my past grievances filed in pervious incarcerations. She leaves out that these were actually satisficed or closed after being released where no appeals were necessary. Also attached are sentry file entries of my grievances that actually were filed but she does not attach actual copies of the grievances which would show that i was attempting to address the instructions i was given on how to fix the deficiencies of being untimely the sentry entry also don't show al the issues contained in the actual filed grievance of the attachments.



**NICHOLAS WILLIAM BROWN, #**
United States Attorney
**KRISTIN B. JOHNSON, #**
Assistant United States Attorney
KJohnson3@usdoj.gov
700 Stewart Street, Suite 5220
Seattle, WA 98101-1271
Phone: 206.553.7970

    Attorneys for Defendants

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICHAEL A. WOOD,<br><br>        **Plaintiff,**<br>   v.<br><br>UNITED STATES, et al.,<br><br>        **Defendants.** | Case No.: **2:22-cv-00636-DGE-DWC**<br><br>**DECLARATION OF DANIELLE ROGOWSKI IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |

I, DANIELLE ROGOWSKI, submit this declaration in support of Defendant's Motion to Dismiss and hereby declare the following under penalty of perjury pursuant to 28 U.S.C. § 1746.

1.    I am an Attorney-Advisor with the United States Department of Justice, Federal Bureau of Prisons ("BOP") at the Federal Detention Center in SeaTac, Washington ("FDC SeaTac"). I have worked for the BOP, at FDC SeaTac, since December 2020.

**Page 1 – Declaration of Danielle Rogowski in Support of Defendants'
      Motion to Dismiss**

2.     As an attorney with the BOP, I have access to BOP files maintained in the ordinary course of business related to inmates incarcerated within the BOP, including the SENTRY database.[1]

3.     I am familiar with BOP's Administrative Remedy Program through which an inmate can seek review of any complaint regarding any aspect of his or her confinement. *See* 28 C.F.R. § 542.10 through § 542.19.

4.     The inmate must first seek informal resolution of the issue through the institution's staff, using an informal resolution form colloquially referred to as a BP-8. *Id.* § 542.13. If dissatisfied with the informal response, the inmate must then formally complain to the institution's warden by filing a BP-9. *Id.* § 542.14. If the warden denies the inmate a remedy, the inmate may appeal the denial of relief to the Regional Director of the region in which he or she is confined by filing a BP-10. *Id.* § 542.15(a). Finally, if the Regional Director denies relief, the inmate may appeal to the BOP's General Counsel in Washington, D.C by filing a BP-11. *Id.* Exhaustion of administrative remedies does not occur until the inmate has requested and been denied relief at all levels of BOP. *Id.* Administrative exhaustion permits BOP to develop a factual record, apply its expertise, and provides an opportunity for BOP to correct its own mistakes.

---

[1] SENTRY is the Bureau's national database which tracks various data regarding an inmate's confinement, including, but not limited to, an inmate's institutional history, sentencing information, participation in programs, administrative remedies, and discipline history.

**Page  2 – Declaration of Danielle Rogowski in Support of Defendants' Motion to Dismiss**

5.     The Administrative Remedy Program applies to all inmates in institutions operated by the Bureau of Prisons, to inmates designated to contract Community Correction Centers (CCCs) under Bureau of Prisons responsibility, and to former inmates for issues that arose during. their confinement.  *See* 28 C.F.R. § 542.10(b).

6.     Inmate Michael A. Wood, Register No.: 32370-086, ("Plaintiff") filed a Complaint for Violation of Civil Rights on March 7, 2022. I have reviewed the complaint [ECF No. 1-1] and Plaintiff's allegations therein.

7.     A true and correct copy of Mr. Frick's complete history of administrative remedy requests entitled "ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL" is attached to this declaration as Exhibit "A." This report was generated from the SENTRY database on April 11, 2023. I have reviewed this report, and it specifically shows the Plaintiff has not exhausted the administrative remedy process regarding the issues he raises in this matter as required under 28 C.F.R. §542.15(a).

8.     All inmates upon arrival at any institution, via initial placement or transfer from another institution, are required to attend Admissions and Orientation ("A/O"). A/O covers numerous topics, including the administrative remedy process – what it is, what it is used for, and how to access the remedy process.

9.     A review of Plaintiff's administrative remedy filings show that he has filed a total of fourteen (14) administrative remedies, none of which were fully

**Page  3 – Declaration of Danielle Rogowski in Support of Defendants'
      Motion to Dismiss**

exhausted as required by law and policy. *See* Attachment A. A review of the fourteen (14) remedies filed by Plaintiff is as follows:

A.      Remedy number 298549-F1 – filed on May 8, 2003, in which Plaintiff sought the ability to correspond with his girlfriend. Attachment A at 2.

B.      Remedy number 324131-F1 – filed on February 9, 2004, in which Plaintiff was appealing the sanctions he received regarding at incident report. Attachment A at 2.

C.      Remedy number 514397-F1 – filed on November 3, 2008. Attachment A at 3. In this remedy request, Plaintiff sought to appeal two incident reports. *Id.*

D.      Remedy number 515432-F1 – filed on November 12, 2008, in which Plaintiff sought to appeal a sanction he received from the Unit Disciplinary Committee ("UDC"). *See* Attachment A at 3.

E.      Remedy number 515650-F1 – filed on November 13, 2008, in which Plaintiff sought to appeal the sanction received he from the UDC. Attachment A at 4.

F.      Remedy number 696978-F1 – filed on July 17, 2012, in which Plaintiff sought to appeal his UDC sanction, as he believed it was "too excessive." Attachment A at 4.

G.      Remedy number 1105789-F1 – filed on January 4, 2022, in which Plaintiff sought monetary damages for perceived lack of care. Attachment A at 5. This remedy was rejected as untimely (past 20 days of the incident) and not

**Page  4 – Declaration of Danielle Rogowski in Support of Defendants'**
          **Motion to Dismiss**

being the proper forum to seek monetary damages. *Id.* Additionally, the Plaintiff had an MRI conducted on January 4, 2022, and the doctor noted that any additional concerns would be discussed. *Id.*

H.      Remedy number 1105789-A1 - filed on January 13, 2022. This remedy was an appeal of Remedy no. 1105789-F1 in which Plaintiff sought monetary damages for perceived lack of medical care. Attachment A at 5. This appeal was rejected on January 31, 2022 as it was filed at the National ("RCV OFC: BOP") level instead of the proper appeal level, the region and Plaintiff needed to explain a reason for his untimely filing at the initial, institution, level. *Id.*

I.      Remedy number 1105789-R1 - filed February 14, 2022, in which Plaintiff appealed the institution's decision of Remedy no. 1105789-F1 to the region ("WXR"). Attachment A at 6. Plaintiff's appeal was rejected on February 15, 2022.  Once again, the Plaintiff was instructed that his appeal was improper as he needed to explain why his initial request was untimely. *Id.*

J.      Remedy number 1105789-A2 - filed March 3, 2022, in which Plaintiff again appealed the rejection of Remedy no. 1105789 F-1 to the National BOP office. Attachment A at 6.  Plaintiff's appeal was rejected on March 17, 2022 and he was specifically instructed, "if staff provide a memo stating the late filing was not your fault, then re-submit to the level of the original rejection." *Id.*

K.      Remedy number 1105789-R2 – filed May 16, 2022, in which Plaintiff again appealed the rejection of Remedy no. 1105789 F-1 to the Regional

**Page  5 – Declaration of Danielle Rogowski in Support of Defendants'**
        **Motion to Dismiss**

("WXR") office. Attachment A at 7. Once again, the appeal was rejected on May 19, 2022 and the Plaintiff was instructed, "provide staff verification to the institution that you are not responsible of the untimely filing of this appeal." *Id.*

L.   Remedy number 1105789-A3 – filed May 16, 2022, in which Plaintiff appealed the rejection of Remedy no. 1105789 F-1 to the National BOP office for the third time. Attachment A at 7. Once again, the appeal was rejected on June 10, 2022, and Plaintiff was instructed, "if staff provide a memo stating the late filing was not your fault, then re-submit to the level of the original rejection." *Id.* Despite being instructed multiple times, Remedy no. 115789 was not properly exhausted.

M.   Remedy number 1125841-F1 – filed June 22, 2022, in which Plaintiff states that he disagreed with his medical records. Attachment A at 8. This remedy was rejected on July 7, 2022, and was never appealed, thus not properly exhausted.

N.   Remedy number 1137624-R1 – filed October 11, 2022, in which Plaintiff is seeking to make a staff complaint, desires some type of apology, and would like to raise medical concerns. Attachment A at 8. This remedy was rejected on October 18, 2022, and was never appealed, thus not properly exhausted.

10.   Plaintiff has not fully exhausted any of the fourteen (14) remedies he has filed. In addition, Plaintiff has not exhausted the administrative remedy process with regard to any of the issues he raises in this complaint.

**Page  6 – Declaration of Danielle Rogowski in Support of Defendants'**
          **Motion to Dismiss**

I hereby affirm, under penalty of perjury pursuant to 28 U.S.C. § 1746, that the foregoing information is true and correct.

Executed this 14th day of April 2023, in SeaTac, Washington.

Danielle Rogowski
Attorney Advisor
FDC SEATAC

**Page 7 – Declaration of Danielle Rogowski in Support of Defendants'
Motion to Dismiss**

```
SETH9                  *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *      04-11-2023
PAGE 001 OF                                                                08:07:09
      FUNCTION: L-P SCOPE: REG    EQ 32370-086   OUTPUT FORMAT: FULL
--------LIMITED TO SUBMISSIONS WHICH MATCH ALL LIMITATIONS KEYED BELOW----------
DT RCV: FROM _____ THRU _____     DT STS: FROM _____     THRU _____
DT STS: FROM ___ TO ___ DAYS BEFORE "OR" FROM ___ TO ___ DAYS AFTER DT RDU
DT TDU: FROM ___ TO ___ DAYS BEFORE "OR" FROM ___ TO ___ DAYS AFTER DT TRT
STS/REAS: ____ ____ ____ ____ ____ ____ ____ ____ ____ ____ ____ ____
SUBJECTS: ____ ____ ____ ____ ____ ____ ____ ____ ____ ____ ____ ____
EXTENDED: _ REMEDY LEVEL: _ _        RECEIPT: _ _ _ "OR" EXTENSION: _ _ _
RCV  OFC : EQ ____
TRACK:  DEPT: 
        PERSON: ___
          TYPE: ___
EVNT FACL: EQ ____
RCV FACL.: EQ ____
RCV UN/LC: EQ
RCV QTR..: EQ
ORIG FACL: EQ ____
ORG UN/LC: EQ
ORIG QTR.: EQ
```

G0002      MORE PAGES TO FOLLOW . . .

Exhibit A to Rogowski Decl.
2:22-cv-0063-DGE-DWC
Page 1 of 8

```
SETH9                 *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *        04-11-2023
PAGE 002 OF      *             FULL SCREEN FORMAT            *        08:07:09


REGNO: 32370-086 NAME: WOOD, MICHAEL
RSP OF...: VIM UNT/LOC/DST: 1 GP                QTR.: A01-122LH  RCV OFC: SET
REMEDY ID: 298549-F1      SUB1: 16ZJ SUB2:      DATE RCV:   05-08-2003
UNT  RCV..:EA            QTR RCV.: E02-052U      FACL RCV: SET
UNT  ORG..:EA            QTR ORG.: E02-052U      FACL ORG: SET
EVT FACL.: SET    ACC LEV:  SET  1                      RESP DUE:  WED  05-28-2003
ABSTRACT.: I/M WANTS GIRLFRIEND TO BE ABLE TO CORRESPOND
STATUS DT: 05-08-2003  STATUS CODE: ACC STATUS REASON:
INCRPTNO.:             RCT: P EXT:   DATE ENTD: 05-09-2003
REMARKS..:


                   CURRENT INVESTIGATIVE AND RELIEF TRACKING DATA
DATE DUE           DEPARTMENT   TO    DATE ASSN    TRK TYPE   DATE RETURNED
THU 05-15-2003     UNT MGT      ML    05-09-2003    INV




REGNO: 32370-086 NAME: WOOD, MICHAEL
RSP OF...: VIM UNT/LOC/DST: 1 GP                QTR.: A01-122LH  RCV OFC: VIM
REMEDY ID: 324131-F1      SUB1: 21AM SUB2:      DATE RCV:   02-09-2004
UNT  RCV..:A1/2         QTR RCV.: A02-221U       FACL RCV: VIM
UNT  ORG..:A1/2         QTR ORG.: A02-221U       FACL ORG: VIM
EVT FACL.: VIM·  ACC LEV:  VIM  1                      RESP DUE:  SUN  02-29-2004
ABSTRACT.: APPEAL UDC ACTION - CODE 310
STATUS DT: 02-20-2004  STATUS CODE: CLO STATUS REASON: WDN
INCRPTNO.: 1185963  RCT: P EXT:   DATE ENTD: 02-09-2004
REMARKS..:


G0002      MORE PAGES TO FOLLOW . . .
```

Exhibit A to Rogowski Decl.
2:22-cv-0063-DGE-DWC
Page 2 of 8

```
SETH9                *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *    04-11-2023
PAGE 003 OF      *           FULL SCREEN FORMAT                   *    08:07:09


REGNO: 32370-086 NAME: WOOD, MICHAEL          QTR.: A01-122LH  RCV OFC: SET
RSP OF...: VIM UNT/LOC/DST: 1 GP              DATE RCV:   11-03-2008
REMEDY ID: 514397-F1      SUB1: 21AJ SUB2:    FACL RCV: SET
UNT  RCV..:EB        QTR RCV.: E05-006L        FACL ORG: SET
UNT  ORG..:EB        QTR ORG.: E05-006L          RESP DUE:
EVT FACL.: SET    ACC LEV:
ABSTRACT.: INMATE WANTS TO APPEAL TWO INCIDENT REPORTS/NO UDC
STATUS DT: 11-03-2008  STATUS CODE: REJ STATUS REASON: MLT
INCRPTNO.:         RCT:   EXT:    DATE ENTD: 11-03-2008
REMARKS..: YOU NEED TO FILE EACH APPEAL SEPARATELY ON TWO BP-9S
           YOU MUST ALSO ATTACH COPIES OF EACH INCIDENT REPORT
           TO THE BP-9'S.  HAVE 5 DAYS TO CORRECT & RESUBMIT


REGNO: 32370-086 NAME: WOOD, MICHAEL          QTR.: A01-122LH  RCV OFC: SET
RSP OF...: VIM UNT/LOC/DST: 1 GP              DATE RCV:   11-12-2008
REMEDY ID: 515432-F1      SUB1: 21AJ SUB2:    FACL RCV: SET
UNT  RCV..:EB        QTR RCV.: E05-006L        FACL ORG: SET
UNT  ORG..:EB        QTR ORG.: E05-006L          RESP DUE:  TUE  12-02-2008
EVT FACL.: SET    ACC LEV:  SET  1
ABSTRACT.: INMATE WANTS TO APPEAL UDC SANCTION
STATUS DT: 11-21-2008  STATUS CODE: CLD STATUS REASON: DNY
INCRPTNO.: 1794247  RCT: P EXT:    DATE ENTD: 11-12-2008
REMARKS..:


                   CURRENT INVESTIGATIVE AND RELIEF TRACKING DATA
                   DEPARTMENT   TO    DATE ASSN   TRK TYPE   DATE RETURNED
DATE DUE                                                    11-21-2008
FRI 11-21-2008     UNT MGT      JS    11-12-2008   INV
```

```
G0002        MORE PAGES TO FOLLOW . . .
```

```
SETH9                 *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *    04-11-2023
PAGE 004 OF      *          FULL SCREEN FORMAT              *     08:07:09


REGNO: 32370-086 NAME: WOOD, MICHAEL
RSP OF...: VIM UNT/LOC/DST: 1 GP             QTR.: A01-122LH  RCV OFC: SET
REMEDY ID: 515650-F1      SUB1: 21AJ SUB2:   DATE RCV:   11-13-2008
UNT  RCV..:EB           QTR RCV.: E05-006L   FACL RCV: SET
UNT  ORG..:EB           QTR ORG.: E05-006L   FACL ORG: SET
EVT FACL.: SET    ACC LEV:                     RESP DUE:
ABSTRACT.: INMATE WANTS TO APPEAL UDC SANCTION
STATUS DT: 11-13-2008  STATUS CODE: REJ STATUS REASON: UTF
INCRPTNO.:          RCT:   EXT:   DATE ENTD: 11-13-2008
REMARKS..: INMATE IS PAST 20 DAYS TO APPEAL REMEDY. BP-9 WAS
           DUE BY NOVEMBER 3, 2008. MUST FILE APPEALS IN A
           TIMELY MANNER.


REGNO: 32370-086 NAME: WOOD, MICHAEL
RSP OF...: VIM UNT/LOC/DST: 1 GP             QTR.: A01-122LH  RCV OFC: SET
REMEDY ID: 696978-F1      SUB1: 21AJ SUB2:   DATE RCV:   07-17-2012
UNT  RCV..:DC          QTR RCV.: D05-003L    FACL RCV: SET
UNT  ORG..:DC          QTR ORG.: D05-003L    FACL ORG: SET
EVT FACL.: SET    ACC LEV: SET  1             RESP DUE:  MON  08-06-2012
ABSTRACT.: APPEAL UDC SANCTION-TOO EXCESSIVE
STATUS DT: 07-23-2012  STATUS CODE: CLD STATUS REASON: DNY
INCRPTNO.: 2325181  RCT: P EXT:   DATE ENTD: 07-17-2012
REMARKS..:


                 CURRENT INVESTIGATIVE AND RELIEF TRACKING DATA
DATE DUE          DEPARTMENT   TO   DATE ASSN   TRK TYPE   DATE RETURNED
TUE 07-31-2012    UNT MGT      JD   07-17-2012    INV       07-23-2012




G0002       MORE PAGES TO FOLLOW . . .
```

```
SETH9                *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *      04-11-2023
PAGE 005 OF         *              FULL SCREEN FORMAT              *      08:07:09


REGNO: 32370-086 NAME: WOOD, MICHAEL
RSP OF...: VIM UNT/LOC/DST: 1 GP                    QTR.: A01-122LH  RCV OFC: SET
REMEDY ID: 1105789-F1      SUB1: 26AJ SUB2: 36GJ DATE RCV:   01-04-2022
UNT  RCV..:DB              QTR RCV.: D03-003L       FACL RCV: SET
UNT  ORG..:DB              QTR ORG.: D03-003L       FACL ORG: SET
EVT FACL.: SET     ACC LEV:                              RESP DUE:
ABSTRACT.: INMATE CLAIMS LACK OF CARE, MONETARY DAMAGES
STATUS DT: 01-04-2022   STATUS CODE: REJ STATUS REASON: UTF OTH
INCRPTNO.:              RCT:    EXT:    DATE ENTD: 01-04-2022
REMARKS..: INMATE IS PAST 20 DAYS OF INCIDENT TO FILE. NOT THE
           PROPER PROCEDURE FOR SEEKING MONETARY DAMAGES. HAD
           MRI OF BACK DONE ON 1/4/2022. DR. WILL DISCUSS W/IM


REGNO: 32370-086 NAME: WOOD, MICHAEL
RSP OF...: VIM UNT/LOC/DST: 1 GP                    QTR.: A01-122LH  RCV OFC: BOP
REMEDY ID: 1105789-A1      SUB1: 26AJ SUB2: 36GJ DATE RCV:   01-13-2022
UNT  RCV..:DB              QTR RCV.: F05-030L       FACL RCV: SET
UNT  ORG..:DB              QTR ORG.: D03-003L       FACL ORG: SET
EVT FACL.: SET     ACC LEV:                              RESP DUE:
ABSTRACT.: INMATE CLAIMS LACK OF CARE, MONETARY DAMAGES
STATUS DT: 01-31-2022   STATUS CODE: REJ STATUS REASON: WRL OTH
INCRPTNO.:              RCT:    EXT:    DATE ENTD: 01-31-2022
REMARKS..: YOU MUST APPEAL YOUR UNTIMELY FILING AT LEVEL IT
           WAS REJECTED AT.


G0002       MORE PAGES TO FOLLOW . . .
```

```
SETH9              *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *      04-11-2023
PAGE 006 OF        *              FULL SCREEN FORMAT              *      08:07:09


REGNO: 32370-086 NAME: WOOD, MICHAEL
RSP OF...: VIM UNT/LOC/DST: 1 GP              QTR.: A01-122LH  RCV OFC: WXR
REMEDY ID: 1105789-R1     SUB1: 26AJ SUB2: 36GJ DATE RCV:    02-14-2022
UNT  RCV..:DB             QTR RCV.: D03-003L     FACL RCV: SET
UNT  ORG..:DB             QTR ORG.: D03-003L     FACL ORG: SET
EVT FACL.: SET    ACC LEV:                       RESP DUE:
ABSTRACT.: INMATE CLAIMS LACK OF CARE, MONETARY DAMAGES
STATUS DT: 02-14-2022  STATUS CODE: REJ STATUS REASON: DIR
INCRPTNO.:             RCT:    EXT:    DATE ENTD: 02-15-2022
REMARKS..: YOU MUST APPEAL YOUR UNTIMELY FILING AT LEVEL IT
           WAS REJECTED AT.




REGNO: 32370-086 NAME: WOOD, MICHAEL
RSP OF...: VIM UNT/LOC/DST: 1 GP              QTR.: A01-122LH  RCV OFC: BOP
REMEDY ID: 1105789-A2     SUB1: 26AJ SUB2: 36GJ DATE RCV:    03-03-2022
UNT  RCV..:DB             QTR RCV.: D03-001L     FACL RCV: SET
UNT  ORG..:DB             QTR ORG.: D03-003L     FACL ORG: SET
EVT FACL.: SET    ACC LEV:                       RESP DUE:
ABSTRACT.: INMATE CLAIMS LACK OF CARE, MONETARY DAMAGES
STATUS DT: 03-17-2022  STATUS CODE: REJ STATUS REASON: WRL DIR OTH
INCRPTNO.:             RCT:    EXT:    DATE ENTD: 03-17-2022
REMARKS..: IF STAFF PROVIDE A MEMO STATING THE LATE FILING WAS
           NOT YOUR FAULT, THEN RE-SUBMIT TO THE LEVEL OF THE
           ORIGINAL REJECTION.


G0002        MORE PAGES TO FOLLOW . . .
```

```
SETH9            *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *     04-11-2023
PAGE 007 OF      *              FULL SCREEN FORMAT              *     08:07:09


REGNO: 32370-086 NAME: WOOD, MICHAEL
RSP OF...: VIM UNT/LOC/DST: 1 GP                QTR.: A01-122LH  RCV OFC: WXR
REMEDY ID: 1105789-R2     SUB1: 26AJ SUB2: 36GJ DATE RCV:   05-16-2022
UNT  RCV..:DB             QTR RCV.: D03-001L      FACL RCV: SET
UNT  ORG..:DB             QTR ORG.: D03-003L      FACL ORG: SET
EVT FACL.: SET    ACC LEV:                        RESP DUE:
ABSTRACT.: INMATE CLAIMS LACK OF CARE, MONETARY DAMAGES
STATUS DT: 05-16-2022  STATUS CODE: REJ STATUS REASON: DIR UTR MEM
INCRPTNO.:            RCT:   EXT:   DATE ENTD: 05-19-2022
REMARKS..: PROVIDE STAFF VERIFICATION TO THE INSTITUTION THAT
           YOU ARE NOT RESPONSIBLE FOR THE UNTIMELY FILING OF
           THIS APPEAL


REGNO: 32370-086 NAME: WOOD, MICHAEL
RSP OF...: VIM UNT/LOC/DST: 1 GP                QTR.: A01-122LH  RCV OFC: BOP
REMEDY ID: 1105789-A3     SUB1: 26AJ SUB2: 36GJ DATE RCV:   05-16-2022
UNT  RCV..:DB             QTR RCV.: D03-001L      FACL RCV: SET
UNT  ORG..:DB             QTR ORG.: D03-003L      FACL ORG: SET
EVT FACL.: SET    ACC LEV:                        RESP DUE:
ABSTRACT.: INMATE CLAIMS LACK OF CARE, MONETARY DAMAGES
STATUS DT: 06-10-2022  STATUS CODE: REJ STATUS REASON: WRL DIR OTH
INCRPTNO.:            RCT:   EXT:   DATE ENTD: 06-10-2022
REMARKS..: IF STAFF PROVIDE A MEMO STATING THE LATE FILING WAS
           NOT YOUR FAULT, THEN RE-SUBMIT TO THE LEVEL OF THE
           ORIGINAL REJECTION.


G0002      MORE PAGES TO FOLLOW . . .
```

```
SETH9           *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *     04-11-2023
PAGE 008 OF 008 *              FULL SCREEN FORMAT             *     08:07:09


REGNO: 32370-086 NAME: WOOD, MICHAEL
RSP OF...: VIM UNT/LOC/DST: 1 GP              QTR.: A01-122LH  RCV OFC: SET
REMEDY ID: 1125841-F1     SUB1: 26HJ SUB2:    DATE RCV:   06-22-2022
UNT  RCV..:DB           QTR RCV.: D03-001L    FACL RCV: SET
UNT  ORG..:DB           QTR ORG.: D03-001L    FACL ORG: SET
EVT FACL.: SET    ACC LEV:                    RESP DUE:
ABSTRACT.: INMATE DISAGREES WITH MEDICAL RECORDS
STATUS DT: 07-07-2022  STATUS CODE: REJ STATUS REASON: INF CON RSF SEN
INCRPTNO.:          RCT:   EXT:   DATE ENTD: 07-07-2022
REMARKS..:




REGNO: 32370-086 NAME: WOOD, MICHAEL
RSP OF...: VIM UNT/LOC/DST: 1 GP              QTR.: A01-122LH  RCV OFC: WXR
REMEDY ID: 1137624-R1     SUB1: 34ZM SUB2:    DATE RCV:   10-11-2022
UNT  RCV..:DB           QTR RCV.: D03-001L    FACL RCV: SET
UNT  ORG..:DB           QTR ORG.: D03-001L    FACL ORG: SET
EVT FACL.: SET    ACC LEV:                    RESP DUE:
ABSTRACT.: STAFF COMPLAINT / APOLOGY TP FAMILY / MEDICAL
STATUS DT: 10-11-2022  STATUS CODE: REJ STATUS REASON: SEN
INCRPTNO.:          RCT:   EXT:   DATE ENTD: 10-18-2022
REMARKS..:




                  14 REMEDY SUBMISSION(S) SELECTED
G0000             TRANSACTION SUCCESSFULLY COMPLETED
```

---

FROM: 32370086
TO:
SUBJECT: EXHIBIT # 2
DATE: 08/09/2023 10:01:16 AM

EXHIBIT # 2

This is a copy of the grievance that was actually filed on 2-17-21. I had already submitted multiple grievances prior that received no response as stated in the grievance where i asked about why i never received a response to my last filed grievance. They never addressed any of the issues or responded the question of what was going on with my previously filed grievance.

U.S. Department of Justice

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

Type or use ball–point pen. If attachments are needed, submit four copies. One copy each of the completed BP–DIR–9 and BP–DIR–10, including any attach–ments must be submitted with this appeal.

From: WOOD Michael A        32370086      DB      FDC SEATAC
     LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A—REASON FOR APPEAL** I never received a response for my BP-10 its been since Jan 4th my rights to intimacy safe house Bath Dressing along with my civil rights & my rights by Bop's own policies for rights & responsibilities in handbook under Bivans I claim that my 4th 8th 14th Amendment rights have been violated I'm asking for 1 million in compensary 15 in punitive & 11 million FTCA I should never been admitted into Bop custody without going to hospital I have been & neck trauma in look 2 months for MRI & Im waiting for neulogist I can no longer use my shoulder & I hallucinate (Brain trauma) Im in wheelchair cause Ill fall if I stand more 5 minutes it took me 6 months to get a Bp-9 I got my Att Atrng with Aclu looking in on my case I ask & have asked to be put in halfway house or house Arrest so I can seek medical attention I've been put through so much pain & suffering without a Diagnosis or proper care this isnt humane

2-17-22        Michael WOOD
DATE        SIGNATURE OF REQUESTER

2.17-22

**Part B—RESPONSE**

_____

DATE                                          GENERAL COUNSEL

THIRD COPY: WARDEN'S ADMINISTRATIVE REMEDY FILE      CASE NUMBER: 1105789-A1,A2

**Part C—RECEIPT**

CASE NUMBER: _____

Return to: _____
     LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

DATE                SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

LVN

BP–231(13)
APRIL 1982

TRULINCS 32370086 - WOOD, MICHAEL - Unit: VIM-A-L

--------------------------------------------------------------------------------

FROM: 32370086
TO:
SUBJECT: EXHIBIT # 3
DATE: 08/09/2023 08:15:34 AM

EXHIBIT # 3

This is a grievence filed on 3-10-22 as can be seen there is no response, date, signature or filing # it also does not show up on the sentry data base provided by Mrs rogowski. Most of the grievences that i sent that were never filed were never even returned .

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: __Wood Michael A__    __30320 086__   __DB1L__   __FDC SeaTac__
     LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

**Part A- INMATE REQUEST**     Complete medical records

I Demand A retracted Statement from warden & medical About Statements About an overdose & me Denying Any sort of medical I want medical Attention or pretrial release I want compensation for my civil rights violation & Due process violations I want An Apology for the All out lies In report to congress An Investigation Into my Dying on floor oct 13 Along with the stigma plus Defamation plus report sent to congress along with representation to help with my lawsuit against the Institution & State for Deliberate Indifferent Along with 8 1 9th 14th Am violations

__3/0/22__                      __[signature]__
DATE                                 SIGNATURE OF REQUESTER

**Part B- RESPONSE**

 

_____ DATE                            WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**SECOND COPY: RETURN TO INMATE**          CASE NUMBER _____

                                       CASE NUMBER _____

**Part C- RECEIPT**

Return to: _____
         LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

SUBJECT: _____

_____ DATE                    RECIPIENT'S SIGNATURE (STAFF MEMBER)

                                            BP-229(13)
                                            APRIL 1982

USP LVN

--------------------------------------------------------------------------------

FROM: 32370086
TO:
SUBJECT: EXHIBIT # 4
DATE: 08/09/2023 08:24:27 AM

EXHIBIT # 4

This is grievence filed on 5-02-22 in this grievence it can be read that i was trying to get a reason for my allegded untimeliness as instructed by central office in my BP-11. The wardens did not adress the grievence at all of asking for a reason i was untimely. Instead i was told to follow instrtuction on the BP-11 which i was trying to do in the BP-9 to the warden. This left me with no available remedy since i could not conply with the Central offices BP-11 instructions without the warden adressing the grievence. I still attempted to send a copy of this response to central office stating that the warden will not give an explanation or even aress the issue at all. I also sent a copy to region showing that i cant adress my untimely rejection if the warden refused to adress the issue when i asked. I even pointed out that the warden failed to again file this grievence as can be seen this one was signed but there is no file # so that i could appeal the grievence.

*Type or use ball–point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

**From:** WOOD Michael A    32320 08C    D-B    FDC SeaTac
     LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.    UNIT    INSTITUTION

**Part A– INMATE REQUEST**

Central office sent Back my Appeal telling me to Follow instructions that I was supposedly given on your last action or BP-9 never got anything why. I was given untimely + asecond showing I wasn't my fault. So I need confirmation that when Booked we go through Quarantine for 21 Days that due to staff shortage I didn't have proper access to grievance process. Its Been over 2 months since I filed my last BP-9 that hasn't Been filed By Mrs pepe I tried to get Mw green & fernandez to Accept it B they refus. So #1 I'm asking for is excuse for the untimely response & the instructions you were supposed to give me on proper procedure in last BP-9

5-2-22
     DATE        SIGNATURE OF REQUESTER

**Part B– RESPONSE**

You need to follow the procedures on the BP 11. This is not the procedure you fill is untimely.

S. Mccusker, Warden

BP9's are not the ... Michael Carvajal ...

5/4/2022

     DATE        WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

SECOND COPY: RETURN TO INMATE      CASE NUMBER:

       CASE NUMBER:

**Part C– RECEIPT**

Return to: _____
     LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT _____

     DATE        RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN      BP–229(13)
     APRIL 1982

TRULINCS 32370086 - WOOD, MICHAEL - Unit: VIM-A-L

-----------------------------------------------------------------------------------------

FROM: 32370086
TO:
SUBJECT: EXHIBIT # 5
DATE: 08/09/2023 08:28:21 AM

EHIBIT # 5

This is a staff message sent to unit mnager Fernandez adressing the fact that no one would give me reason as to my untimeliness so that i could satisfy the instruction given by both region and central offices. Fernandez as can be seen never responded either. I this upports that i took every posible action to satisfy instructions given by region and central offices on my BP-9's and BP-10's.

**TRULINCS 32370086 - WOOD, MICHAEL - Unit: SET-D-B**

---

FROM: 32370086
TO: F Unit Team
SUBJECT: ***Request to Staff*** WOOD, MICHAEL, Reg# 32370086, SET-D-B
DATE: 04/30/2022 07:07:41 PM

To: fernandez
Inmate Work Assignment: none

IMPOORTANTso everyone keeps bouncing me around on who to complain and grieve to my 1st bp-9 warden resonded with untimely and wrong proceedure without any instructions or explainations .so i appealed to region and central office and dc.central office said they agree with warden and to follow instructions i was given .problem was i wasnt given any instructions or explanations.they said they would reciew if i recieved a written reason fom team why i wasnt timely.well i wasnt timely because i was stuck in quarantine for a month.then i was told by behiling that there was no bp-8's available so month later i was given my 8 by harris and behling was on vacation no one would except it smith you no one.by time i got the bp-8 i was told for remedy i needed to contact medical administrator so i did and that takes up to 3 weeks to respond then because we cant ever geyt a counselor do to short staff it was another week or two so i ended up just sending iot through institution mail to warden and he gave me untimely.the institution is vioklating policy its running under staffed .there is supposed to be 1 counselor per 150 inmates.we have 120 in the unit nd never have a counselor wasnt here all week again.so then i filed another bp-8 and you and the aw green refused to take it.said you would be back later that day or next week .well i didnt see any one for 2 weeks when mrs pope came in so i turned it in to her.a month later i see her and she still hadnt filed it so i turned in another bp-9 .then i seen you cpouple weeks ago asked if ive recieved medical i said no and you said that you woukld contact them that they needed tpo do their job.well after that i seen smith and warden and complained about his slanderest statement to us congress that he wrote accusing me of having an overdose.i also copmplained about my bp-8 or9 being filed.following day i get 1 pout 5 complaints on my bp-8 my medical records .i signed a paper saying i recieved my recogds not that it was handled.my bp-9 never even got filed on it was a complaint against warden he messed up an investigation to get pre trial release with his statment i wanted it retracted.i emailed him and was threatened to lose my email privledges for emailing him.he told my family and us congress and aclu that i overdosed on drugs .and stated the response was from my records wich is alie record stated there was no drugs that im suffering from major health issues that are life threatening that are going un resolved.how can i properly exhaust my remedies when this institution is not being run properly setting up any attempts at resolving issues legallyto lose.this is a seriouse matter ive got stage 3 kidney disease traumatic brain injury c spine trauma paralyzed shoulder and dilopsia that no one is doing shit for .if it wasnt for medical witholding my records we would never had to rely on congress to get records to give to prosecution for pre-trial release i would then of been no ones problem here.i wouldve of recieved the care i need you are litteraly killing me in here and i keep getting chilled or plain out thwarted in attempts to litigate.even threatened with attempts to resolve i dont get it this institution isnt equipped to deal with me.my injuries were from during arrest.making it bop responsibility.I NEED WRITTEN RESPONSE FROM TEAM AS OF WHY I WAS UNTIMELY ONMY GRIEVENCE.I NEED A WRITTEN RESPONSE THAT MY LAST BP-9 WILL BE UNTIMELY FROM NOT BEING FILED BY POPE.I NEED A RETRACTED STATEMENT FROM THE WARDEN WITHA PROPER RESPONSE TO CONGRESS'S REQUEST I RECIEVE MEDICAL ATTENTION.IM FILING A CIVIL COMPLAINT IN THIS WHOLE MATTER SO ITS IMPORTANT TO RECIEVE A RESPONSE WITH ACTUAL INSTRUCTIONS.WITH A REASON WHY THIS INTITUTION ISNT FOLLOWING POLICY AND INTERFERING WITH CIVILRIGHTS TO RECIEVE MEDICAL ATTENTION AND CONSPIRACY TO INTERFERE WITH 1ST AMMENDMENT RIGHTS AS WELL WITH DEFAMATION,SLANDER AND STIGMATIZING STATEMENTS MY LIFE HAS BEEN RISKED.I BELIVE MY CURREN CONDITION IS DO DIRECTLY TO THE UNPROPER ADMINISTERING AND OVERDOSE OF NARCAN WHILE I WAS HAVING A CARDIAC SYNCOPE.WICH WAS COVERED UP WITH SINGLE DOSE WICH SIS HAS NOT GIVEN ME MY REQUESTED INFIO I NEED TO FILE CIVIL SUIT THIA

TRULINCS 32370086 - WOOD, MICHAEL - Unit: VIM-A-L

------------------------------------------------------------------------------------------------

FROM: 32370086
TO:
SUBJECT: EXHIBIT # 6
DATE: 08/09/2023 10:03:27 AM

EXHIBIT # 6

    This is an attempt to restart the process addressing all the issues including the inability to receive a reason for untimeliness
that i kept receiving this grievance to was only told was untimely when its an obvious continuation of not receiving care for
serious medical need that are exempt from timeliness.

**U.S. Department of Justice**

**Regional Administrative Remedy Appeal**

Federal Bureau of Prisons

Type or use ball–point pen. If attachments are needed, submit four copies. One copy of the completed BP–DIR–9 including any attachments must be submitted with this appeal.

From: __WOOD Michael A__    __32370 086__   __DB__   __FDC SeaTac__
      LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.    UNIT    INSTITUTION

Part A—REASON FOR APPEAL CASe # 1105784-A6A2 I keep getting rejections for untimely on BP-9 that are not even filed & require medical Att for ongoing pain Injuries Disabilities that Are currently gone non Treated. Traumatic Brain inJury causing confusion & Hallucinations C-spine trauma - that has me Ambulatory to wheelchair unable to care for myself. Stage III Kidney Diseases causing. Multiple health issues loss of use of shoulders & Upper Body weakness. Hypertension. All Health concerns listed By CDC as Being life threatening with covid I Have asked for pretrial release & compensation for a Disability that is caused Directly from not receiving medical care to Date. I'm Dying in here my life is At risk & my 2nd contraction of covid on 5-K is going untreated & Ignored By sick call my Disease put me at risk of Death without care

__5-4-22__
   DATE                          SIGNATURE OF REQUESTER

Part B—RESPONSE

RECEIVED

MAY 16 202[?]

[...] REGIONAL OFFICE

_____         _____
      DATE                            REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

FIRST COPY: REGIONAL FILE COPY         CASE NUMBER: __1105789-R2__

Part C—RECEIPT

                               CASE NUMBER: _____

Return to: _____
       LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

BP–230(13)
APRIL 1982

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: MAY 19, 2022

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      WESTERN REGIONAL OFFICE

TO. : MICHAEL WOOD, 32370-086
      SEATAC FDC     UNT: DB     QTR: D03-001L
      P.O. BOX 13901
      SEATTLE,  WA 98198

FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.

REMEDY ID       : 1105789-R2       REGIONAL APPEAL
DATE RECEIVED   : MAY 16, 2022
SUBJECT 1       : MEDICAL CARE - DELAY OR ACCESS TO
SUBJECT 2    .  : REQUESTS FOR MONETARY COMPENSATION
INCIDENT RPT NO:

REJECT REASON 1: CONCUR WITH RATIONALE OF REGIONAL OFFICE AND/OR INSTITUTION
                 FOR REJECTION. FOLLOW DIRECTIONS PROVIDED ON PRIOR REJECTION
                 NOTICES.

REJECT REASON 2: YOUR APPEAL IS UNTIMELY.  REGIONAL APPEALS (BP-10)
                 MUST BE RECEIVED WITHIN 20 DAYS OF THE WARDEN/CCM
                 RESPONSE OR RECEIPT OF THE DHO REPORT.  THIS TIME
                 INCLUDES MAIL TIME.

REJECT REASON 3: PROVIDE STAFF VERIFICATION STATING REASON UNTIMELY FILING
                 WAS NOT YOUR FAULT.

REMARKS         : PROVIDE STAFF VERIFICATION TO THE INSTITUTION THAT
                  YOU ARE NOT RESPONSIBLE FOR THE UNTIMELY FILING OF
                  THIS APPEAL

---

FROM: 32370086
TO:
SUBJECT: EXHIBIT # 7
DATE: 08/09/2023 10:04:35 AM

EXHIBIT # 7

This is a grievance that was sent back to central office explain that the warden refuses to address the issue as to why he rejected my grievance as untimely . I even provided the messages to staff and the unfiled BP-9 sent to the warden asking for a memo as required that was not Being addressed where i was only instructed to refer to centrals instructions. Central again gave me the same response to provide a memo from staff knowing that i ha already made this attempt and could not get the warden or staff to reply. This left me with no possible remedy and is beyond negligent of the central and regional offices these were serious medical need that have resulted in my recent diagnosis of paraplegia and frozen shoulder disabling me to a wheelchair. This is unprofessional and unethical and a gross abuse of power and the grievance process that resulted in my not receiving care and now partially paralyzed as direct result of not receiving care.

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: WOOD Michael A    32320086    DB    FDC SeaTac
 LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A - REASON FOR APPEAL** Concerning case # 1105789-A6A2 your response was you Agreed With Warden unless I could get an excuse as to why I was untimely. As you can see. the institution As in BP-9 Dated 3/10/22 Was returned Without instructions or Being filed As for the BP-9 Dated 5/2/22 I was refered BACK to the BP-11 once again told Its untimely Wrong Procedure Without instructions or Attemp to explain. this System is a JOKE Its Sat up to fail & Chill & exhaus the plantiff from right to grieve and Be heard How was any of this untimely this Is A ongoing Daily Medical Issue & Disability & pain That is going unresolved my complaints Are going untimely Because the institution isnt Properly filing so As of 5/4/22 Is the Date Of unresolved complaint.

5-4-22
DATE

SIGNATURE OF REQUESTER

**Part B - RESPONSE**

RECEIVED

MAY 16 2022    A3

Administrative Remedy Section
Federal Bureau of Prisons

DATE

GENERAL COUNSEL
CASE NUMBER: 1105789-A1 A3

FIRST COPY: WASHINGTON FILE COPY

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____
 LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

DATE

SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

BP-231(13)
JUNE 2002

FPI PEPR

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: JUNE 10, 2022

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CENTRAL OFFICE

TO  : MICHAEL WOOD, 32370-086
      SEATAC FDC    UNT: DB    QTR: D03-001L
      P.O. BOX 13901
      SEATTLE,  WA 98198


FOR THE REASONS LISTED BELOW, THIS CENTRAL OFFICE APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID       : 1105789-A3     CENTRAL OFFICE APPEAL
DATE RECEIVED   : MAY 16, 2022
SUBJECT 1       : MEDICAL CARE - DELAY OR ACCESS TO
SUBJECT 2       : REQUESTS FOR MONETARY COMPENSATION
INCIDENT RPT NO:

REJECT REASON 1: YOU SUBMITTED YOUR REQUEST OR APPEAL TO THE
                 WRONG LEVEL.  YOU SHOULD HAVE FILED AT THE
                 INSTITUTION,  REGIONAL OFFICE,  OR  CENTRAL
                 OFFICE LEVEL.

REJECT REASON 2: CONCUR WITH RATIONALE OF REGIONAL OFFICE AND/OR INSTITUTION
                 FOR REJECTION. FOLLOW DIRECTIONS PROVIDED ON PRIOR REJECTION
                 NOTICES.

REJECT REASON 3: SEE REMARKS.

REMARKS         : IF STAFF PROVIDE A MEMO STATING THE LATE FILING WAS
                  NOT YOUR FAULT, THEN RE-SUBMIT TO THE LEVEL OF THE
                  ORIGINAL REJECTION.

TRULINCS 32370086 - WOOD, MICHAEL - Unit: VIM-A-L

---------------------------------------------------------------------------------------------------

FROM: 32370086
TO:
SUBJECT: EXHIBIT # 8
DATE: 08/09/2023 10:05:31 AM

EXHIBIT # 8

    This is an attachment hat i sent to my grievances where i layed out obvious serious medical needs crying for help that the warden, regional and central offices were ignoring as they abused the power of their position this is deliberate indifference at all levels where they are placed in their position to provide help to the inmate population and address any grievance these grievances constitute imminent danger and they intentionally ignored them and intentionally supplied me with useless responses and played games of sending me back and forth to each other

TRULINCS  32370086 - WOOD, MICHAEL - Unit: SET-D-B

------------------------------------------------------------------------------------------

FROM: 32370086
TO: Calandine, John; Chapman, K; Cox, Dirt; Crosley, Delray; Crossly, Delrax; Davis, Tawana; Gordon, Steve; Katrina, Woodard; Mcconnel, Carrie; Olesan, Wendy; Reid, Jen; Wood, Kane
SUBJECT: administrative request for remedy
DATE: 01/03/2022 05:46:59 PM

FACTS
June 10th,I was injured from 100 ft fall down a cliff during arrest.Level 1 trauma.structural cerebral damage,shpulder and head trauma.through out arrest and transportation i was in out of consciences.arresting agencies acknowledged my need for immediate medical attention.but do to hours of booking at fdc seatac i was rushed here.With promises of being taken care of here.being helped out of the transport van.Iwas immediately assaulted with a covid q-tip without explanation or consent .recieving a black eye in process .Provable through photos ;camera in garage and witnessed by charles hoffman.Another inmate on transport.marshalls told staff upon arrival of my injuries sustained in fall and my need of immediate medical attention.bop staff reassured i would be seen and taken care of.while in screening i was given tb test and pulse taken while being done i lost consience again.Woke up and taken to quarantine where my injuries worsened to the point couldnt walk.I was give an injection one time for pain.that was perscribed to another inmate .wasnt seen again untill july where i was given x rays.week or two after i was brought down to discuss the injury sustained in fall.was given bottom bunk pass lower tier pass.Due to the risk of injury from trauma directly resaulted in my fall.i was told id be seen by a provider to further examine my injuries.wich never happened .i was informed that my condition will only worsen over time.i complained dailey to staff members and administraters and medical and psycological proffesionals .proofg in the inmate requests and my list of witnesses.my condition worsened to point of no circulation ,hallucinations ,extreme pain ,dangerously high blood pressure,given psychology meds to help with nerve damage and depression fromdisability.i recieved an x ray on shoulder with no explanation of resaults .along with multiple blood draws.constant changes in meds before even given time required to build up in my system .i complained of them not working to leviate pain or depression.my medical cries went without answer to the point i seeked out pscology to help with ptsd from this whole nightmare.wondering if it was all in my head lack of explanation.i then died on the floor in i belive october i cant be sure exact dates on everything due to no access and ignoring of my multiple records request.the trauma has made everyday blend together no sleep cuseing memory and mental diminishing.the hospital released me 3 hours later cause they were informed by bop that if i wasnt back by 8 they would have to get marshall services there to babysit me so everything became a rush rush .i complained of my neck injuries theey reviewed my file and said they see that its injured and bop reassured er dr that i would be seen in morning right away according to er dr's orders.i was brougjht back and put in my cell given a wheelchair at advice of hospital .upon arrival to my room i was confused that i was in the wrong house .SIS had searched my room tore it up taking all my blankets and some personell property ,i had to wait for matress and covers my stuff along with roomates was destroyed evrywhere(officer abigano can verify)hours before i was found on floor woke to compressions and 3-4 doses of narcan.without explanation then had to come back to my wrecked house.my celly informed me that he was threatened with murder charges if he didnt tell them where the drugs are.its sad that the opuiod epidemic has caused such a deliberate indifference to all other medical needs .everything is treated as an od now wich is dangerous and wreckless.my trip to hospital confirmed there was no drugs.in the 2 weeks after my hospital trip i had 3 more attacks one causeing my fellow inmates to carry me out of the shower naked (observed by martin)other witnesses are listed under witnesses.i was then finally seen by real dr dr bussell who briefly examined me and was able to see that my body wass not oxygenating or circulating my blood.my hands were purple and blue like barney.he asked for me to remove my socks and instantly noticed the same thing.he checked my blood pressure wich was around 200-140 (apprx within few digits) he was immediatel concerned and called for a nurse to bring medication.then confering with google and web he was able to quickly id symptoms as most likely due to my trauma in neck and my head.saying nerve damage causing the constricting of the millions blood vessels in my neck.also causing disassociation of nerves to my shoulder causing the unable to use.few more attacks and changing of medication has brought my top levels down .but on oct 16th he called me down and when he checked he said it was still little high.we went over some tests to confirm his diagnosis before .saying i had something like structual cerebral damage and spinal cord damag aswell as head trauma .no reflexes in my arms and we went over symptoms some he said i didnt say anything about before but im sure i did its that i now have difficulties motoring my wods i stutter and pause lose track so its hard sometimes to understand me.solost in translation.he told me he was ordering a mri and neurologist.wich was put in oct 16th.it wasnt approved till the 6th.this is conciderd by all standards a seriouse medical need.itt shouldnt take this long iv lost so much of my mental and physical health.my deteriation is so far gone i know that this delay in treatment will show that its cause unrepairable damage.to mind and health.these are all facts not opinions.

grounds for relief
misuse of force,denial of medical care,deliberate indifference,unsafe living conditions,medical malpractice,denial of mental evaluation,denial of due process,cruel and unusual punishment,denial and delay of access totreatment,denial to qualified personell,failure to inquire into essential facts,interference with medical judgement,failure to carry out medical orders,not being properly screened by medical and mental health services,denial of recieving medical records.bop handbook under patient

health care rights and responsibilities,violations in rights 1,2,5,6,,7,9,10,12,15,16,17 by bop's own standardsviolations of 4th 8th 14th ammendments

## RELIEF REQUESTED

i require proper medical care ,this date forward.along with damages for past failures.along withproper acceptances of my attempts to grieve and seek administartive remedy.in timely matter.im seeking asum of 15 million dollars in punitive damages,1 million in copensatory damages,along with whatever my attorneys fees will be for this and any other future problems that arrise.supporting cases dean v wexford,estate of moreland v dieter, fox v barnes, williams v patel.im also seeking pre trial release or compassionate release conciderations.so i can seek proper and the best medical help i can get.

## WITNESSES

OFFICERS
cady,smith,beling,martin,abigano,benidez,scurlock,ellidge,all other officers who has worked DB ince july,or known me previousely
ADMIN/LT'S
warden jaquez,aw green,aw deveny,acting aw's,fernandez,harris,behling,SIS, whoever you call
MEDICAL/PSYCHOLOGY
mulcahy,lone,dy,corliss,peterson,james,polanski, and whoever i cant recall names
ATTORNEYS
dan jeffery kradel
OUTSIDE POLICE
us marshalls,bremerton homicide

INMATES
thomas stewart,dustin dalos,michael smith,creed covlin,lyn cargile,joel waters,george monodragon,edgar luna,luis magana;julian bravo,kevin jones,bobby fuller,matthew dwinell,chris frick,thomas nedro jr,stubbs 31536-509,gary bowser,jose barbosa,along with 100 other inmates present since june 10- jan 2

## why?  RELIEF SHOULD BE GRANTED

relief shoud be granted due to pain and suffering .physical as well as mentally.my medical condition meets the standard of seriouse medical needs.same as my mental diminshed capacity meets seriouse mental needs,dying on your floor waking up to compressions and never given an adequate answer to what had happend? the sitting in here worried about death and experiencing mass hallucinations without being adressed by a skilled persons.ptsd sleepless nights .the irresponsibilty of my medication perscriptions and administration,constant changing from one dr to another.not being given the proper medical attention due to the shortness of staff and being overwhelmed by population to medical proffessional ratio.the inproper running of sick call 6 months still never recieved sick call.being diagnosed and opinioned as to having medical issue without. seeing proffessional consultant and or recieving mri's or cat scans.THATS WHY IT SHOULD BE GRANTED

im seeking outside legal help in this matter due to the complexity of the medical procedures and protocals and my lack of traing in law.ive signed power attorney over to legal help to investigate these matters thank you

----------------------------------------------------------------------------------------

FROM: 32370086
TO: Boze, Jeremy; Mcconnel, Carrie
SUBJECT: grievence
DATE: 05/01/2022 07:46:50 PM

All complaints fur Attempted to gneve Since ive Been here that go unfiled untill they Become time BArred

im filing a grievence for immediate release for harsh pretrial detention conditions.wich violate due process to be free of unusual punishment.ive been delayed,denied medical care since june 10th 2021.the medical and administrative staff have acted with dilleberate indifference to my seriouse medical needs.i was injured during my arrest .was denied medical care.i was booked into fdc seatac without proper medical screening by a qualified medical personal for seriouse medical needs.i suffered trauma to my brain ,c-spine,kidneys wich has gone untreated since being booked.my specialists consults have been negligently and intentionall delayed.along woth not following dr orders.oct 13th 2021 i had a cardio syncope that the ER DR ordered i be evaluated or returned to the hospital within 1 day without fail.i wasnt seen for 13 days after 2 more collapses.march 28th neurologist pre diagnosed me with traumatic brain trauma and c-spine injury causing upper body weakness,frozen shoulder,dilopsia from neurologic trauma.neurologist ordered more images a brainscan,mri.and more xrays.to be done without delay.the institution ordered the images as routine imaging.wich doesnt reflect the without delay order by specialist.all attemts to grieve have been stalled and chilled if not out right thwarted by not having enough personell working,wich doent give us access to unit team in timely matters when they do come in they eitjher say to taljk to them when they come back or they dont have any.or in my case i didnt recieve one for months then when i did no one would accept it and then when i did get it turned in a month later it wasnt filed.this is by counselors smith ,pope, behling case manager fernandez,assistant warden green.by the time they get processed there is a response of untimely wich in itself is a conspiracy with unit team and administrative officials to interefer with our writes by policy and program statements to grieve.ive been wheelchaired in excruciating pain since booking .ive gotten covid and was extremely ill even after being vaccinated.with underlying conditions that CDC has said could cause death or seriouse illnes if covids contracted.i was megligently given the vaccine with assurances it was safe when moderna has warned not to administer if you have any the conditions listed by CDC wich i have 7 of the conditions.kidney disease,hypertension,obesity,neurtological trauma,circulatory problems.hepetitis b abnormalities.heart disease goes hand in hand with kidney disease my kidney injury has advanced to stage 3 chronic kidney disease.in 2 month period i lost an additional 20 % function.that do to short medical staff and improper scheduling and tracking of consults exames,labwork i havnt been moitored as ordered by clinical director i was to have my labwork done every 3 months ,my blood pressure every week.wich is all vital and life threatening if not done.its vital to monitor my kidneys and my blood pressure.i have grieved region,central,dc.central said they agreed with wardens rejection of untimely unless i could get an written excuse as why i was untimely wich i have asked for and not given a reply.once again showing the institutiona inability to operate correctly with the ammount of staff to inmate ratiio.i evern reacherd out to the UNITED STATES CONGRESSMAN DERIK KILMER,ACLU CHERIE WILLIAMS.out of bremerton wa office.my family has filed civil suit ,i filed FTCA.warden jaquez sent a reply to CONGRESSMAN KILMER ,CHERIE WILLIAMSwhen they sent in a request for medical attention while they investigate the situation.his reply he said that i was recieving medical care and was being watched carefully.wich is all untrue .he then covered up the institutions improper handling of my cardiac syncope as a drug overdose telling CONGRESSMAN KILMER,ACLU CHERIE WILLIAMS that i had a history of drug abuse and made a misleading opinion that i came responsive with a single dose of narcan.implying that i was taken in for apperant overdose and that i have a drug abuse history that i came responsive to single dose narcan.wich is not true either i was negligently given 3-4 doses .16 times the ammount for my body weight against all naloxone warnings of use.also against bop policy on the administration of narcan.the investigation into my denied and delayed medical by CONGRESSMAN KILMER,ACLU CHERIE WILLIAMS was also going to be used as the basis for my pre trial release to recieve medical care.because 6 months of attempts to recieve my records by my crim,inal attorneys jeffery kradel and dan fiorino,aclu ,congress and family kept gettin replies of they were in the mail when they were never mailed.11 months later i recieved the partial records but enough to show that drs are not going with orders given by specialists and trating ER DR.most of all it showed that warden jaquez lied and conspired with maediacl administrators and staff ,falsifying medical records and conspired to interfere with my civil right to recieve medical care.writing a stigmatizing ,defamating ,slanderest statemnet putting me into a false light attempting to discourage 3rd parties from assosiating with me and to chill the attempts of an investigation by US CONGRESSMAN KILMER,ACLU CHERIE WILLIAMS.i tried to ask the warden for a retracted statement and he replied saying that the response he wrote was taken from my medical records wich is not true the records show all of this.he then went on to say that his response was only sent to my sister in law and CONGRESSMAN KILMER ACLU CHERIE WILLIAMS.that it had no reflection on my attempts to get pretrial release.wich once again is not true when it was imperitive that i had my medical records tp present to the prosecuting attorney and the judge during a detention hearing to show my actual medical conditions and that my injury resulted from my arrest.so when they refused to release my records we became dependent and hopeful on a response to US CONGRESSMAN KILMER,ACLU CHERIE WILLIAMS.so in fact his slanderest response did effect my pre trial release.knowing there is only so much time between arrest and trial we spent almost a year trying to get medical attention and diagnosis along with records.also his statements directly put me into a false light .dicouraging my family,US CONGRESSMAN KILMER,ACLU CHERIE WILLIAMS to further attempts to help me .making it look like im lying and my health issue is drug use.i directly lost the support of my ex wife 2 sons and brother.possibly the support of

--------------------------------------------------------------------------

CONGRESSMAN KILMER,ACLU CHERIE WILLIAMS.since i havnt heard back from neither them since they sent the response to my family showing the warden and medicals reponse.this has also by far shows that the institution is acting in a delliberate indifference to mt seriouse medical needs,there response is nothing short of reaching all prongs of outrage,cruel and unusual punishment,wanton and uneccesary infliction of mental anguish.its simply all done in retalitory fasion.jan 10 2022 i caught covid after i voiced my concern of being left in medical and forgotten about on jan 4th do to the coronavirus outbreak where i was negligently exposed to covid.jan 10th 3 am i had to have my roomate creed covlin hit the mdical emergency button i wasnt seen till 8 am.i was in extreme pain and had extremely high fwever rthat left me in a total soaked in sweat.knowing that there was a major outbreak of covid in the institution i was made to give a ua while i lied in my bed because i was to sick to get up.in front of different gender staff and other inmates violating my rights to privacy once again i was negative from drugs.exposing me and humiliating me in public.violating my privavy and put me at risk of violence from other prisoners cause the unit was basically punished and locked down cause of my positive covid test.at the time i wasnt made aware that i also had unddelying health issues such as my stage 3 chronic kidney disease wich put me at higher risk of death and seriouse illness if i contracted covid.they still have not counseled me or discussed the fact that i have this seriouse disease.my only knowledge comes from the response to US CONGRESSMAN KILMER,ACLU CHERIE WILLIAMS .wich is another violation of my rights sharing medical information that can put me in harms way.ive been assaulted by staff treated with total delliberate indifference violating policies ,civil rights.putting my life and health in jepordy

   im asking for immediate release do to harsh conditions,assault and battery,delliberate indiffiference,cruel and unusual punishment,wanton and unneccessary infliction of pain and mental duress,conspiracy by administrators to interfere with civily protected rights.also my compelling health issues that put me at seriouse risk due to covid and the denuial of medical care.the response by warden no objective outstanding person in the community would assume that any future medical care would be forth coming.if any thing further retaliation and dilliberate indifference would be expected.

   im also asking for an investigation into the institutions handling of covid 19 and the sick call system that is supposed to be 1st come 1st serve basis monday -friday .also the falsifying of medical records ther inaccurate records being kept.the conspiracy by the entire institutional staff to cover any negative allegations made.also the shortage of staff and the reprucussions its had on the pre trial detainee population

   ive also filed a 10 million dollar tort claim,for actual injury and the future loss of enjoyment of life.for the disabilities that are a direct result from being denied and the delay in diagnosing and treating my injuries.for the last 11 months of dibilitating pain and sleepless nights.the ptsd sufferd from my arrest and the use of a militerized police force used to arrest me.listening to the cries of my dogs being shot ,explosions from grenades used ,the threat of being shot in my face while i layed there half paralyzed from my fall.the dogleash used to pull me up the cliff i fell down knowing of my injuries.losing one my best freinds to a murder and another to bone disease,my unborn babies to miscarraige.with cries to psycology for help not knowing how to deal with all my losses and my brain trauma.how to take care of myself in an institutional setting with my new disabilities.for not giving me an inmate companion to help me with my everyday needs.laying in bed wondering when im going to die again ,knowing it will be covered up as another overdose.the mental anguish is beyond pain in its own right i suffer everynight wondering will i live another day with the right to feel that way.they have not shown it will be anyother way.

REMEDIES
   injunction- pre-trial release
   compensary-4,060,800 loss future wages and future medical costs
   punitive-16,000,000 for violations of 1st 4th 5th 8th 14th amendments
   torts-10,000,000 for outrage,assault and battery,dilleberate indifference,defamation-plus,stigma-plus,conspiracy to
interfere with civil rights,actual injury,pain suffering

   i know that this is not proper proceedure to seek monetary damages this form is also going to district court and to US CONGRESSMAN KILMER ,ACLU CHERIE WILLIAMS,DOJ,US PROSECUTORS OFFICE,PRESIDING JUDGE

   alot of this can be remedied through your office thank you

---

FROM: 32370086
TO: Ableman, Amber
SUBJECT: BP-9
DATE: 08/29/2022 06:51:25 PM

i arrived at the institution on 6-10-21. i havnt recieved standards of care i wrote sick calls evry day and my family and attorneys contacted the prison to . leading up to a stroke on 10-13-21 that was mishandled as a heroin overdose and i was given multiple doses of narcan. over the next 2 months my family and lawyers started contacting the prison, doj, prosecutors about not receiving medical attention for my injuries sustained during arrest and not being seen by a cardiologist after my stroke. they were assured ive been recieving standards of care. after on 12-27-21 my family and attorneys contacted the ACLU and US Congressman Derik Kilmer who sent the warden jacquez a request that i recieve medical care for my injuries and for my stroke on 10-13-21.1-27-21 the warden jacquez and clinicsal directo scottie bussell wrote a response that went to congress aclu and my family staiting again that iam recieving standards of care and that my stroke was a heroin overdose that i became responsive to a single dose of narcan and have a previouse medical history of drug abuse. they wrote the response with actual scientific proof that there was no drugs in my system. the response has had a major negative impact on my life , medical care ,freedom and family relationships. my brother quit supporting me and trying to get me help after the warden and clinical director accused me of using heroin. thinking ive been crying wolf and spending money on heroin. it thwarted the attempts congress and the aclu of trying to help me thinking i lied and am on heroin. my neurologist states in a 3-28-22 appointment that she attributes some of my condition from the heroin overdose on 10-13-21. Directly effecting the tuype of diagnosis and treatment im going to recieve. i have not recieved no care as of 8-29-22 medical is depending on the diagnosis surgery and treatments that th neurologist comes up with. so all claims of recieving standards of care are false the definition of medical care is in a form of a diagnosis and treatment.the effect on my freedom is these same records were forwarded to the prosecutor to investigate wether or not to grant a medical departure. once again how can i state a condition thats being covered up as a heroin overdose. i asked the warden and medical through emails to remedy the problem and asked for an apology to my family and congress for the defamating accusations. i was told that the response had no effect on my freedom and that the only people who recieved the response was my family and congress. that the response was written from my medical records. which is false all lab reports show that i was negative for all drugs. i was the told by the warden if i emailed him again about this he would revoke my email privledges. so i wrote 5 seperate bp-8's that disappeared then i wrote a bp-9 directly to the warden who never filed it but returned it as untimely. so i wrote a bp-10 to region who sent back the greivence stating that they agree with the warden and to follow his instructions i never recieved any instructions on the returned bp-9. so i appealed to the central office who responded they agree with region and the warden that i should follow instructions i was given by the warden or get a qritten excuse from staff on why i was untimely then reapply my appeal.

this isnt a time barred issue this is a everyday issue that these allegations and defamating accusations are on my records and for as long as my family congress and the prosecutors belive and read that i overdosed on heroin. i tried to start the process all over again and the warden and medical failed to respond. i have sentencing on 11-15-22 this is greatly effecting my health familial relationships and my freedom at sentencing

RELIEF

1) i want a retracted response written to my family,congress and aclu.

2) i want a retraction in my medical records to show the prosecution that there was no drug use and so i can get proper diagnosis and treatment for my condition

3) i would like a written record of my diagnosis and treatments that the medical department claims ive recieved

thank you very much michael wood_____x

TRULINCS 32370086 - WOOD, MICHAEL - Unit: VIM-A-L

----------------------------------------------------------------------------------------------

FROM: 32370086
TO:
SUBJECT: EXHIBIT # 9
DATE: 08/09/2023 10:06:07 AM

EXHIBIT # 9

This is a message to the warden trying to address the issues in my grievances that counselor pope refused to accept and file. Where he gave me instructions to sign up for a sick call that he knew was not being done. He does not address at all that his staff is refusing access to the grievance process. All these issues are serious medical needs that would be known to pose a risk of death or serious harm and in not addressing the issue of not being given access to grievances shows no remedy was available. In the second.message i again address having no access to grievances and not receiving responses and he threatens to take away my email privilege's instead of contacting staff and addressing the fact that they are denying access to administrative remedies this also support the fact that grievances were not being mad available and that attempts to address the issue were responded to with threats of retaliation by receiving disciplinary actions if i continued to grieve.



**TRULINCS 32370086 - WOOD, MICHAEL - Unit: SET-D-B**

---

You can submit a request to medical for a copy of your records or file a FOIA request to the central Office. If you continue with having medical issues, you need to sign up for sick call in order to be seen.

>>> ~^!"WOOD, ~^!MICHAEL" <32370086@inmatemessage.com> 4/11/2022 10:29 AM >>>
To: warden
Inmate Work Assignment: none

i put in a bp-8 and bp-9 with mrs pope over a month ago.i seen her the other day and she said she hadnt filed it yet.wich violates the grievence process .thwarting and chiling my attempts at settling this matter.i had seen you during your rounds with mr smith you told me he would help me and he did try he redieved a small portion of my medical records.wich showed that your response you wrote to congress was not only not true but defamating and stigmatizing.it claimed that i was given a single dose of narcan and that i was responsive in 4 minutes.that i have a history prior to arrest of drug abuse.that i was taken to the hospital for drug overdose.wich none of that statement is true.the hospital report says i was taken in for a cardio syncope.that all my drug panels came back negative .that my blood tests showed i have high neophil count wich is consistent with cancer,trauma .major infecton of my body.my cbc differential panel came back abnormal as well showing i have stage 3 chronic kidney disease.my bmi is 31,my glucose levels were high.my blood pressure was high.that i have severe neck trauma.all these conditions are listed by the cdc as putting me at a high risk for death and or seriouse illness from covid.my discharge papers stated i was to be seen without fail within 1 day of release.my release was rushed by the accompied officers.stating i had to be back by 8 pm or i would have to stay the night ,wich they couldnt afford needing the space at hospital for covid outbreak.the er dr was assured by the officers that i would be seen within one day.if not i would be brought back for further evaluation.specially if i had any other symptoms.wich i did 3 times nurses had to be called in my blood pressure levels were so high there was concern i had a stroke.still possibility.not only was i not returned to the hospital but wasnt seen for 13 days by the dr who ordered neurologist and mri wich didnt happen until jan 4th and march 28th.all going against the drs orders.your response interfered with my civil rights trying to obtain health care from congressman and aclu.none of my records warrant your response.wich also thwarted and is making my case for pre trial release and or medical departure almost impossible.my health records show nothing of drug use at all but show a seriouse medical conditiopn that is going un treated.shows the irresponsible acts of your medical depatment.the under staffing and innefficiency of the sick call system.my recent neurologist appointment asked for more tests to be done without delay mri brain scan and more xrays.diagnosing me with brain injury and neck trauma causing upper body weakness and astrophy.i was brought into your institution with the awarness made that i had fell off a cliff and was seriously injured and needed medical attention.your staff wasnt qualified to access my injuries amnd i was thrown into quarantine for over 21 days with major trauma level 1 neck and head trauma.my injuries have still not been adressed and all my attempts are thwarted by you and tour administrators by over playing my treatment with flat ou lies .i showed nurses the reports of me telling them i denied care and that i was counseled with treatment plans for recovery and pain managment.the were confirmed as lies saying they never said nothing in that report.when i died it said i was given A dose of narcan and came responsive in 4 minutes wich was not true i was overdosed with 4 doses of narcan wich could be responsible for my cognitive disabilities .all i was trying to do is get home to get help my health poses life threatening illnesses .i asked for reports to show all the institutions mishandlings of all my health issues along with threats of catheder if i dint produce ua jan 10 when i caught covid after being exposed for 3 hours in medical during the outbreak on jan 4th.i want out for help and i want records wich are bveing with held for my litigation against the institiute





----------------------------------------------------------------------------------------------

FROM: Warden
TO: 32370086
SUBJECT: RE:***Inmate to Staff Message***
DATE: 04/12/2022 06:38:57 AM

The information was received from your medical records and outside records when you went out to the hospital. The e-mail system is not to be used in the manner you are using it or you can be suspended from using the system. Your e-mail has been sent to Health Services for their review. The congressional response has nothing to do with your release. The only people that got the letter was your sister and the Congressman.

>>> ~^!"WOOD, ~^!MICHAEL" <32370086@inmatemessage.com> 4/11/2022 1:42 PM >>>
To: warden
Inmate Work Assignment: none

are you reading any of my concerns im trying to adress yes i contact sick call every day almost over 150 requests and im told its based on importance.according to program statement that you signed its first come first serve basis.even if it was by importance i can say with almost 100 % certanty that my health issues and concerns are of upmost importance.but my main reason for writing you is concerning a response you wrote that has had a seriouse fatal effect on me trying to reach out for medical help .you lied and made me out to be a prison junkie without cause reason or evidence.it was also fatal on me trying to get pre trial release.you are the issue here your signature was on a slanderest stygmatizing defamating response to us congress man kilmer and aclu cherie williams and my family.i am asking for a apology and a retracted statement from you to congress aclu and my family about the mistake made by you with accusations of drug use in here.administrators staff and officers get away with saying whatever they want.regaurdless of the repercusions of their statements .your statement greatly had a negative impact on my life my health and my freedom.my attempts at resolve are thwarted by "your" staff.its beyond frustrating specially when its a life or death situation that continues to be covered up by obviouse conspiracy to interfere with my due process and civil rights.you signed the response wich makes you accountable .medical aint doing nothing .i attempt to minimizer the damages that will surely favor me and my family in civil suit my li8fe is being gambled without value.i gave mrs pope 40 days ago bp-8 30 days ago bp-9 she has yet to file my grievence.i cant file bp-10 without copy of my bp-9 rejection or reason for appeal.this is to the point its by any standard beyond ridiculousness,negligence.my rights by any standard any view of any common person is being violated.ive filled out foia requests and signed releases to congress ,attorneys .aclu, my family.i signed in bussells office jan 27th my release forms for complete records.all above mentioned have been told by your staff when they call the where abouts of my records and been told over and over again they are in the mail.having my att,families,congress,aclu waiting for documentes never sent.your rersponse contradicted my true statements of seriouse medical conditions saying i overdosed.what part of this is not being understood you directly effected my release,my attempts at grieving to congress for help,losing multiple family support not beliving i dont do drugs and am clean since june 10 2021.my attorney is filing civil suit in seattle this week congress is still investigating and filing in dc.wich is all fine a nd good but doesnt help the immediate problem of not being helped and getyting pre trial release i need retracted statement that i can bring to court for another detention hearing showing i am sick i did have heart attack and i dont use drugs.make sense.......this is blowing my mind what does the institution gain at this point by holding me here under false pretenses.the damage has been done as for accountability .now the only concern is for my risk to my life and seriouse health conditions..whose institution is this ???????? who is responsible ????????? who do i hold accountable?????? im didnt lie and make false allegations everything ive said and stated is 100% accurate and is backed up in my medical records and allrecords being withheld



---

FROM: 32370086
TO:
SUBJECT: EXHIBIT # 10
DATE: 08/09/2023 10:07:15 AM

EXHIBIT # 10

Again i address the concerns of my grievances and the negative effects of the wardens statements stating that I'm not receiving remedies in my grievances.

TRULINCS 32370086 - WOOD, MICHAEL - Unit: SET-D-B

---------------------------------------------------------------------------------------

FROM: 32370086
TO: Ableman, Amber
SUBJECT: warden
DATE: 06/18/2022 01:56:42 PM


i told you that these defamating accusations if not corrected would result in influencing my releases.june 3-4 prosecutors and lawyers requested my medical records.To determine the seriousness of my medical conditions. Ive utilized the greivence process correctly. I am not reqiuired to contact medical more then to state my greivence. Then when they do not correct it i file bp-8 bp-9's wich ive done.The medical records show i had no drugs in my system that it wasnt an overdose.but yet you and health services wrote a damaging response to congress. Then the same damaging accusations were sent to my neurologist. Clearly saying i overdosed on oct 13th. Wich is a direct interference with mr recieving proper medical care.My outside physician states that certain treatments for illnesses and surgeries are not made available for current drug users.Besides the negetive perception made of me.I need this remedied this is not a matter of opinion this is a fact i dont and never have used heroin.These accusations have interfered with me recieving proper timely medical care and directly reflecting my release and sentencing.I asked you to remedy once and you disregaurded my greivence.I made you aware of the misconduct,defamation,negligence,delay and denial of standards of care.You failed to adress my concerns with knowledge.I hate to be repetetive but i learned the requirements of the plra i need to continue to seek out remedies before i can win my suit.so once again im seeking remedies for failure to treat my seriouse medical needs,medical orders not being followed,falsifying medical records,defamation-plus,faiklure to treat on going pain.

 I promise this is my last attempt to remedy these issues.I have beyond exhausted my administrative remedies.Beyond this lawsuit im still just trying to be saved from my seriouse medical condition and get home to see my family
             :                                                                                                    ʃ

# 11

TRULINCS 32370086 - WOOD, MICHAEL - Unit: VIM-A-L

---------------------------------------------------------------------------------------------------------

FROM: 32370086
TO:
SUBJECT: EXHIBIT # 11
DATE: 08/09/2023 10:07:51 AM

EXHIBIT # 11

    Is the response i received from region when i attempted to file a direct grievance where the instructions state that the BP process can skip the institutional level if the matter is sensitive or if i feared retaliation. In the grievance i attached copies of al my other grievances and the Reponses from the warden where i received threats of retaliation if i continued to try and grieve at the institutional level and region respond that they did not believe this issue was sensitive this violated my right to grieve if in fear of retaliation this also exempts me from exhaustion since i presented fear and possible retaliation at the institutional level. This is also all in retaliation from region and central for filing my lawsuit there is no other explanation for the irresponsibility at all levels of those in control of the grievance process

#28

CCC Smith #11

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: OCTOBER 18, 2022

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      WESTERN REGIONAL OFFICE

TO  : MICHAEL WOOD, 32370-086
      SEATAC FDC    UNT: DB    QTR: D03-001L
      P.O. BOX 13901
      SEATTLE,  WA 98198


FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID       : 1137624-R1      REGIONAL APPEAL
DATE RECEIVED   : OCTOBER 11, 2022
SUBJECT 1       : OTHER COMPLAINT AGAINST STAFF
SUBJECT 2       :
INCIDENT RPT NO:

REJECT REASON 1: THE ISSUE YOU RAISED IS NOT SENSITIVE. HOWEVER,
                 WE RETAINED YOUR REQUEST/APPEAL ACCORDING TO
                 POLICY.  YOU SHOULD FILE A REQUEST OR APPEAL AT
                 THE APPROPRIATE LEVEL VIA REGULAR PROCEDURES.

---

FROM: 32370086
TO:
SUBJECT: EXHIBIT # 12
DATE: 08/09/2023 10:08:20 AM

EXHIBIT # 12

According to the exhaustion requirement when a supposedly satisfied remedy has been made available further pursuit would be useless. In this BP-8 Mrs. Pope states that this grievance was successful when it can be seen only one of the issues was addressed this leaves no further remedy available since you cant appeal a successful resolution.

I need copies BACK

Attachment A

# INFORMAL RESOLUTION FORM

INFORMAL RESOLUTION INSTRUCTIONS: STAFF MUST COMPLETE AND ATTACH THE ORIGINAL OF THIS FORM TO EACH BP-DIR-229, WHEN THE COMPLAINT CANNOT BE INFORMALLY RESOLVED. THE BP-DIR-229 WILL NOT BE ACCEPTED WITHOUT THIS COMPLETED FORM, EXCEPT THOSE APPEALING UDC ACTIONS. INFORMAL RESOLUTION FORMS MUST NEVER BE GIVEN TO THE INMATE TO COMPLETE.

NAME: Michael wood          REG. NO.: 32370-086

UNIT: DB 3L

DATE BP-9 REQUESTED:

DATE BP-9 ISSUED:

DATE BP-9 RETURNED:

INMATE'S COMPLAINT: ~~wanting "complete medical records~~, I need See neurologist. proper forms & procedures on how to file my Civil rights complaint & FTC claims need 5 copies each form. I need legal help filing! need apology Retracted Statement from Wardens Accusations of O.D

RELIEF REQUESTED: Medical Care - Records - legal Instructions

ACTION(S) TAKEN TO INFORMALLY RESOLVE COMPLAINT: ~~Submitted request to medical~~ 4/12/22 : I/M received a copy of medical records.

WAS THE INFORMAL RESOLUTION ATTEMPT SUCCESSFUL?

(YES)          NO

CORRECTIONAL COUNSELOR: Pope          DATE 4-12-22

UNIT MANAGER: _____          DATE 4/12/22

TRULINCS 32370086 - WOOD, MICHAEL - Unit: VIM-A-L

------------------------------------------------------------------------------------------

FROM: 32370086
TO:
SUBJECT: EXHIBIT # 13
DATE: 08/09/2023 11:28:33 AM

EHIBIT # 13

This is a response from the warden to US Congressman Derik Kilmer. After Kilmer received a grievance from my family in attempt to get medical care after the institution was denying access to the grievance system. according to constitution Congress can be contacted to file a grievance against a United States Agency such as the BOP if the government agency refuses to remedy a grievence.This is at the highest level and the warden falsely states that i didnt have a grievance since the have been addressing all my concerns and was receiving medical care in this grievance to congress again a retaliatory false accusation was made against me. this is exhaustion at that highest level no remedy was available and i was receiving obvious retaliatory actions for my attempts o grieve and filing civil suit



**U.S. Department of Justice**

Federal Bureau of Prisons

*Federal Detention Center*

---

*P.O. Box 13901*
*Seattle, Washington 98198-1091*

January 27, 2022

Congressman Derek Kilmer
U.S. House of Representatives
C/O Cheri Williams
345 6th Street, Ste. 500
Bremerton, Washington 98337

Ref: Request for Medical Care
Inmate Wood, Michael
Register No. 32370-086

Dear Congressman Kilmer:

This is in response to a letter dated, December 27, 2021, from your constituent, Ms. Carrie Knight-McConnell, received in my office on January 21, 2022, in reference to her brother, Michael Wood, an inmate whom is currently confined at the Federal Detention Center in SeaTac, Washington. She is requesting that her brother receive medical treatment for a crushed vertebrae and a cardiovascular blockage that he endured before his arrest by the U.S. Marshal's on June 10, 2021.

A review of this matter reveals inmate Wood, Michael, arrived at FDC SeaTac on June 10, 2021. Inmate Wood was seen on sick call on June 17, 2021, for a sharp pain to his lower back that he claims was caused from falling from a cliff over a week ago. He complained of numbness in his toes and stated he was not taking any current medication. There was no trauma, bruising or deformity noted to his spine and his skin was intact. The inmate was given a Ketorolac injection of 30 mg. for his back pain. He was prescribed Acetaminophen, 325-mg. tablet, three times a day for 4 days. An x-ray of the lumbar-2 view was submitted. The inmate was counseled for a lower bunk, exercise, plan of care, test/x-ray results (pending) and told to follow-up on sick call as needed.

On July 9, 2021, inmate Wood was seen in the Chronic Care Clinic for a follow-up appointment for continued neck pain and numbness of his left arm and left lower extremity. His x-ray results showed Grade 1 degenerative anterolisthesis of the C2, C3, C4 & C5. There was minimal disc spacing narrowing of the C3-4 and C4-5, mild disc space narrowing at the C5-6 and minimal multi-level facet arthropathy. The T-spine x-ray was unremarkable but the L-spine x-ray showed minimal facet arthropathy in the lower lumbar

spine. The inmate expressed that he did not want to take any pain medication except Tylenol or Ibuprofen for the pain. The inmate was prescribed Ibuprofen, 800 mg. orally three times a day for 180 days. He was counseled on access to care and to follow-up on sick call and the Chronic Care Clinic as needed.

On September 6, 2021, the mid-level provider saw inmate Wood for a follow-up visit. He complained of chronic neck/back pain and recurring left shoulder pain and weakness. He also reported lack of range of motion (ROM). He was given a Hawkin's test for impingement of the shoulder (sub-acromial) and an empty can test to measure his strength. His left grip strength was noted to be weaker than that of his right shoulder. The inmate was prescribed Nortriptyline HCl capsule, 25 mg. orally, daily for 180 days on pill line only. An x-ray of his shoulder was also submitted. The inmate was counseled on plan of care, exercise, test-x/ray results, diagnosis and told to follow-up on sick call as needed.

On October 13, 2021, inmate Wood collapsed and was found unresponsive lying on the ground in his unit. The inmate has prior history of substance abuse. The inmate was provided a dose of Narcan and he became responsive to staff within 4 minutes. The inmate was sent out by ambulance to the emergency room for further evaluation. It was suspected that the inmate might have overdosed while in his unit. The inmate returned from the emergency room later that evening and medical staff took inmate Wood's vital signs and all were normal.

On October 26, 2021, inmate Wood was seen by the Clinical Director for a Neurology consult and an order was placed for an MRI to rule out a spinal cord injury or a worsened baseline spinal stenosis. The inmate was provided with Losartan, 50 mg. orally, daily for 90 days to help with his high blood pressure and he was counseled on his plan of care. The prescription for Nortriptyline was discontinued. His blood pressure is to be monitored weekly by staff.

On November 1, 2021, inmate Wood was seen on the insulin line for his high blood pressure. His blood pressure remains elevated so he was prescribed Metoprolol 50 mg. PO BID, 2 times a day for 60 days add as adjunct therapy with the Losartan. He was counseled on signs and symptoms of a worsening condition and advised to follow-up on sick call as needed.

On November 2, 2021, inmate Wood was seen for a follow-up in his housing unit for tingling and numbness to his extremities. He reports that he is having recurring headaches, blurry vision, tinnitus and dizziness. No chest pain, palpitations or dyspnea. He also complains of migraines. The inmate denied any recent substance abuse. His grip strength was equal bilaterally. He has continued lack of range of motion in his neck. The inmate was prescribed with Duloxetine delayed capsule release, 40 mg. daily for 180 days for his anxiety disorder and spinal stenosis. The Losartan prescription was discontinued at 50 mg. and a new prescription for 100 mg. was given, orally for 180 days. An MRI of the neck is currently pending and he was prescribed Cymbalta

for neuropathic pain. On November 15, 2021, the prescription for Ibuprofen was discontinued due to recent labs showing kidney disease.

On November 17, 2021, inmate Wood was seen in his housing unit for continued anxiety. He reported he would like to take the Cymbalta on pill line. The inmate was referred to Psychology Services for further evaluation of anxiety. He was counseled on his plan of care and told to follow-up at the Chronic Care Clinic as needed.

On November 21, 2021, inmate Wood was seen for a follow-up visit in his housing unit. He stated he had no side effects due to the increase in the Cymbalta and was willing to take an increased dose. The inmate was advised to try to be more active and use the walker instead of the wheelchair for exercise.

On December 6, 2021, inmate Wood was seen in Health Services for sick call encounter with the Clinical Director. The inmate complained of seeing shadows and a rash under his left axilla. He did not mention this to the Clinical Director in earlier visits. He denies loss of bowel/bladder function. He reported the Cymbalta is not working and the Nortriptyline helped slightly. The inmate was started on new medications: Oxcarbazepine (spinal stenosis) tablet, 600 mg. orally, daily for 60 days, Amlodipine (hypertension), 10 mg. orally for 365 days, Meloxicam (spinal stenosis) tablet, 7.5 mg. orally, every other day for 90 days, and Acetaminophen (spinal stenosis), 975 mg. orally, every 8 hours for 90 days. He was also prescribed with Clotrimazole Cream 1% for the rash under his arm. He was counseled on pain management and his plan of care. It was requested to rush his outside MRI consult.

On December 21, 2021, inmate Wood complained to the evening nurse of worsening vertigo. He stated he experiences these symptoms when he attempts to stand, but is now experiencing them when turning side to side in his wheelchair. Inmate Wood also complained of his teeth or sinuses going numb. He declined to come to Health Services for further follow-up since he was pending a Neurology consult and an MRI. Inmate Wood was advised to move slowly from his wheelchair to his bed/chair with caution. He was further educated on signs/symptoms of worsening condition, and encouraged to alert medical staff should these symptoms occur. He expressed his understanding of these instructions.

On January 4, 2022, inmate Wood was sent out for an outside medical consult for an MRI. He was counseled on his plan of care and told that he would be notified of the results once they were received from the outside provider.

On January 10, 2022, inmate Wood was evaluated in his unit for signs and symptoms of COVID-19. The inmate tested positive for COVID on the Binax test. He reports that he continues to have numbness to his left arm, back pain and numbness to his left lower extremity. The inmate showed no respiratory distress and did not lose his taste or sense of smell. He was counseled on his plan of care, to rest, stay hydrated and to take Tylenol for the

----------------------------------------------------------------------------------------

FROM: 63840509
TO: Barnett, Carrie
SUBJECT: Dear Congressman Kilmer
DATE: 09/16/2022 01:59:07 PM

Dear Congressman Derik Kilmer,

My name is Jeffrey Stephens (Registration No. 63840-509). I am an inmate at FDC SeaTac and a friend of Michael Wood (Registration No. 32370-086; Civil Case No. 2:22-cv-636-DGE-DWC; Tort Claim No. TRT-WXR-2022-04314). I am also a lifelong Washingtonian. On August 29th, 2022, BOP Director Peters was touring the facility of FDC SeaTac and I had the great pleasure of talking with her. In my talk with Director Peters, I had mentioned Mr. Wood's circumstance and that he is in communication with you. Although we only had a brief moment to talk, she had seemed receptive and concerned. I am writing to you to express that I believe that Director Peters is genuine in her efforts to change the culture of the BOP, to increase the accountability among staff, and to do more to prevent the mistreatment of inmates.

In light of this, I am also writing to you to humbly ask that you would please consider contacting Director Peters directly on behalf of Mr. Wood, and all of us at FDC SeaTac, including myself, who have been neglected proper medical care. Please allow me a few moments of your time to give more context below about my encounter with Director Peters, and to my requests.

As you undoubtedly know, the BOP's reputation is currently quite poor in the press and, from what I understand, among members of Congress and the Senate as well. However, I also understand that there is a general optimism surrounding the new BOP Director Peters who is the successor of Former Director Michael Carvajal. Peters has recently said, as published in Government Executive on Aug 22nd, 2002, that concerning deficiencies within the Bureau, the BOP "must work diligently to address these deficiencies in order to improve the environment for everyone who works and lives at the Bureau."

I met Director Peters in a chance encounter while she was visiting FDC SeaTac. I had just finished with an attorney visit, and was about to be escorted by staff back to my unit, when I saw a few people in formal wear come into the visitation room along with warden I. Jacquez and assistant warden J. Greene. I was able to quickly infer that Director Peters was among them. As they walked past me, I greeted Director Peters, offered my congratulations, and we began chatting. She was very engaging, she addressed me with dignity and respect, and I had no sense or impression of an adversarial disposition from her. She struck me as well meaning.

After a few moments, she asks me, and other inmates near me; if we could change one thing (about our experience in BOP custody), what would it be? When she turned to me and asked me this question, the first thing that came to mind was the medical inadequacy and negligence at FDC SeaTac, and particularly in regards to Mr. Wood and how he has been mistreated. In a quieter tone, I lean towards Director Peters and I very briefly describe Mr. Wood's situation. I tell her how when Mr. Wood first arrived to the facility, he was walking and talking normally, though the Marshals had told staff that he required immediate medical attention. I then tell her that he has been medically neglected, and that now he is in a wheelchair and stutters when he speaks. As I was telling her this, Director Peters showed concern and gave me her full attention. I also mention that he was in touch and working with you, Congressman Kilmer.

Given her affect, I then asked Director Peters if there is some way for Mr. Wood to get in touch with her. The man standing next to her suggests a BP-8, a grievance form. Mr. Wood's BP-8s have been ignored, and further attempts at administrative remedy have been thwarted by staff, as further described below. Thinking off the top of my head, I then asked if it would be possible for Congressman Kilmer to contact her regarding Mr. Wood and FDC SeaTac, and she was receptive. She said that could work.

Congressman Kilmer, I believe Director Peters when she says that she wants to address the deficiencies within the BOP, but in order to do that, it must be made known where these deficiencies are. The medical neglect that Mr. Wood and others have been subject to while at FDC SeaTac is shockingly deficient. I know you're already aware of the unreasonable, excessive, and frankly, sadistic use of force against Mr. Wood during his arrest, and also the unconscionable denial and delay of serious medical need by FDC SeaTac, of which Mr. Wood has very thorough documentation.

Even more appalling is the demonstrable slander and lies by warden Jacquez in his response letter to your office dated January 27th, 2022, where among many other distortions, he falsely claims that Mr. Wood overdosed on opiates on October 13th, 2022, despite the fact that he also had a negative U.A. test immediately following this incident. Mr. Wood suffered a stroke and had died on the floor due to his worsening and neglected injuries and trauma and was resuscitated, but only after being mishandled as a heroin overdose, and given multiple doses of Narcan. This cover up by the warden, and the warden's lack of communication with Mr. Wood, has prevented any relief via the normal process of administrative remedy, (BP-9s, BP-10s, etc). This is an egregious and slanderous example of the lack of transparency, accountability, and integrity among staff that is

plaguing the BOP, manifesting in gross abuse and mistreatment of its inmates.

I am certain that Director Peters would want to know about the unjust neglect that has occurred and continues to occur at FDC SeaTac. Many other injustices happening within the BOP have been brought to light, and this has spurred action for change. Horrendous systemic sexual abuse has been uncovered at FCI Dublin and FMC Carswell. Also, recently uncovered at FCI Sheridan, illegal and undue retaliation and violence against inmates had been carried out by a team of out-of-state COs because the inmates spoke out about medical neglect, among other things. There are numerous examples. I thank God that these grave abuses have been brought to light and that lawmakers are furious, demanding justice, accountability, and reform.

Congressman Kilmer, this is why I felt compelled to mention yourself and Mr. Wood to Director Peters when I met her, and why I am writing you now. She was very receptive to receiving direct communication from you regarding Mr. Wood. From what I have learned after having spoken with Mr. Wood about you, it is clear that you truly care about justice and civil liberties of the citizenry, including those incarcerated. I don't know if you were already intending on contacting Director Peters or not regarding Mr. Wood, but based on my encounter with her, I fully encourage you to not hesitate to contact her directly regarding Mr. Wood and the apalling issues at FDC SeaTac.

As he would be the first to say, it is not only Mr. Wood who has been medically neglected at FDC SeaTac. I have had my numerous sick call requests ignored for months. My requests are due to concerns with my pancreas, and that there may be issues developing. Another inmate, Christopher Frick (Registration No. 26587-086; Civil Case No. C22-801-JHC-MLP), informed staff when he was arrested that he has Crohn's Disease, and has received little to no medical attention. He also had entered FDC with a broken anchor tooth for his partial denture which has since decayed to where the nerve is fully exposed. These issues have gone unaddressed despite him being here since June 2021, and recently his trial date for his criminal case was continued because the district court found that he is physically incapable of standing trial due to the extreme pain caused by these issues. Mr. Frick and many others also deserve to have the mistreatment they have been subjected to acknowledged and reconciled.

Bringing Mr. Wood's case, and others, to light will help not only him and all of us at FDC SeaTac, but will provide inertia towards greater opportunity and action in changing the environment of the BOP. Please consider directly reaching out to Director Peters, and to all who can help keep the BOP accountable, concerning Mr. Wood, and the medical neglect, abuse, mistreatment, slander, and lies by the staff at FDC SeaTac, including the warden, so that justice may be done, and so to help ensure that the true sea-change we're all hoping for with the appointing of Director Peters is to be. As Director Peters herself had said at her investiture, as published in Fox News August 2nd, 2022; "I believe in transparency, and I know we cannot do this work alone. We must come to this work with our arms wide open."

Thank you so very much for reading.
Sincerely and respectfully,
Jeffrey Stephens
63840-509

TRULINCS 32370086 - WOOD, MICHAEL - Unit: VIM-A-L

----------------------------------------------------------------------------------------

FROM: 32370086
TO:
SUBJECT: EXHIBIT # 14
DATE: 08/09/2023 11:28:56 AM

EXHIBIT # 14

This is a response i received from the federal public defenders office after sending them copies om my and other inmates grievances asking for help reaching out to every possible level to receive a remedy for my grievances. In the response the public defenders office state that they are fully aware of my situation at FDC SeaTac and were contacting the ACLU.

**FEDERAL PUBLIC DEFENDER**
**Western District of Washington**

*Colin Fieman*                                                      *Corey Endo*
*Federal Public Defender*                                          *First Assistant Defender*

February 10, 2023

SPECIAL MAIL
ATTORNEY/CLIENT CORRESPONDENCE
OPEN ONLY IN PRESENCE OF INMATE

*JohnnyCal 1970*
*Gmail*

Michael Wood
Register No. 32370-086
Federal Detention Center/SeaTac
P.O. Box 13900
Seattle, WA 98198-1090

RE:     *United States v. Wood*

Dear Mr. Wood,

I received the requests for help with medical care at FDC SeaTac that you sent to my office. I am aware of ongoing problems there and have been communicating with the legal counsel at FDC about individual situations that have been brought to my attention. We have also been encouraging attorneys to file motions on behalf of their clients who are experiencing medical neglect to alert the court to their situations. In addition, my office is contacting the ACLU about additional options.

Although Federal Defender offices are statutorily prohibited from bringing class actions or similar civil litigation on behalf of people under the control of BOP, we are looking for other ways to try to address ongoing issues at FDC.

I wish I could give you more specific or encouraging news, but at least I can assure you that we are very concerned about client care at FDC and are doing what we can to try to help.

---------------------------------------------------------------------------------

FROM: 32370086
TO:
SUBJECT: EXHIBIT # 15
DATE: 08/09/2023 11:29:13 AM

EXHIBIT # 15

I even contacted the AAAHC to try and receive a remedy to my grievances and they responded that they were going to conduct an investigation.

#33                                                                $15


ACCREDITATION ASSOCIATION
*for* AMBULATORY HEALTH CARE, INC.

Michael Wood
#32370-086
FDC-SeaTac
PO Box 13900
Seattle, WA 98198
Org # 118062

January 13, 2023

Dear Mr. Wood,

This letter is to acknowledge receipt by the Accreditation Association for Ambulatory Health Care (AAAHC) of your complaint January 13, 2023. In this letter, you and your fellow inmates indicated that you had concerns regarding the healthcare provided to the inmate population at FDC-SeaTac, Seattle, WA.

In accordance with the AAAHC's policies, your complaint has been reviewed and triaged consistent with criteria established by the Centers for Medicare and Medicaid (CMS). Your complaint is important to us and will be investigated. Complaint investigation is considered confidential and protected by the Illinois Medical Studies Act and we will be unable to share the results of the investigation with you. We appreciate that you have shared your concerns and your interest in the health, safety and care provided by an AAAHC facility.

Thank you again for sharing your experience and helping us to monitor and improve patient care.

Sincerely,

AAAHC
Complaint Management

--------------------------------------------------------------------------------

FROM: 32370086
TO:
SUBJECT: EXHIBIT # 16
DATE: 08/09/2023 11:29:37 AM

EXHIBIT # 16

   Chronic conditions are considered a continuing violation for exhaustion purposes . I apologize that i believe i sent the only copy of this document with my original objection to dismiss. I believe its not needed because I'm sure his Honor is fully aware of constitutional rights

---------------------------------------------------------------------------------------------------

FROM: 32370086
TO:
SUBJECT: EXHIBIT # A-1
DATE: 08/09/2023 11:29:59 AM

EXHIBIT # A-1

   This is a declaration by almost 100 inmates at FDC SeaTac that contains complaints including the unavailability of the grievance process.

# A-1

---

FROM: 63840509
TO: Barnett, Carrie
SUBJECT: Incarcerated Adults of Unit DB of FDC SeaTac - 1
DATE: 12/14/2022 09:18:55 PM

We, the incarcerated adults of Unit DB of FDC SeaTac, are humbly asking for help and representation in filing a class action lawsuit against the institution, administrators, and medical staff of FDC SeaTac. Since the pandemic began, we have not had proper access to health services or sick call. This is a violation of our constitutional rights. For those of us who are pretrial detainees, this is a violation of our 5th and 14th Amendment due process rights. For those us who are convicted, this is a violation of our 8th Amendment right against cruel and unusual punishment.

Currently, the institution has no licensed physician or clinical director. The clinical director left in June, 2022, and the licensed physician has not be present at the institution for upwards of 2 months. Health services consists of nothing more than mid-level-providers with no licensed sponsorship. We are unable to properly be seen or treated. There is no dentist. The institution occasionally brings a dentist in to do only consultations but not to provide any actual dental care. For those of us with serious medical conditions that need outside care, and specialist visits, we are not receiving care and our conditions are going untreated. In multiple recent instances, even when prompted by court orders or requests from attorneys, the FDC has failed to provide x-ray images or lab works requested by outside care specialists so that when a visit is scheduled, the specialist is still unable to provide care. This being just one general example of the deliberate indifference of the FDC staff that puts our health at risk, and which is a violation of our rights as incarcerated adults of the BOP, and of our dignity as human beings. There are numerous other examples, and though far too many to list within this letter, all of which can be substantiated with evidence and documentation. Please consider the accounts within this letter, and, please, consider helping us so that our voices may be heard.

The Warden and other administrators are aware of the draconian standards of medical care being provided. They have been contacted by members of Congress, judges, lawyers, and family members demanding something to be done. The administration has failed, and continues to fail, to affect meaningful change, or even to acknowledge that there is a problem at all. Rather than affecting positive change, the actions of the institution frequently make matters worse. For example, the institution continues to not only show that they cannot provide protection from the COVID-19 virus, but also that their response to the COVID-19 pandemic has actually caused further spread of the virus. In one instance, FDC Staff moved incarcerated adults who were COVID negative into cells with cellmates who were COVID positive, seemingly deliberately exposing them to the virus. Similarly, COVID negative individuals were moved into cells that had minutes prior housed individuals who had tested positive, without any effort to sterilize the cell before the negative individuals were moved in, exposing them to an environment likely to be contaminated with the virus.

It has been the case where there had been a positive COVID test in the unit and the institution staff waited 1-2 weeks before doing a handful of random tests well after the virus had already been allowed to run its course. Between June 10 and June 15, 2022, units DB and DC were tested and shown to have a 100% positive infection rate. No medical personnel checked vitals or otherwise properly monitored anyone in DB, let alone individuals with underlying conditions. It was also clear at this time that the institution was not accurately reporting positive COVID tests. Each individual in our unit of more than 100 individuals tested positive, yet the online report stated that there were only around 100 positive tests in the entire facility. Yet, the entire population of unit DC, of roughly the same size, had also tested positive and were locked down, along with other units.

In the most recent example of deliberate indifference regarding the COVID pandemic, on November 25, 2022, the incarcerated adults of unit DB, even those with high-risk underlying conditions, were forced to take a breathalyzer test after one cell was found to have alcohol. The same breathalyzer cup was used for everyone to blow into, the cup was not sterilized in between each individual being tested, and this was done while there were active COVID-19 cases in the unit. An officer had told an individual living in the unit that if he refused the breathalyzer, he would have to go to the S.H.U. and be subject to a disciplinary hearing. This constitutes reckless disregard for the health and safety of the incarcerated adults living in the unit, and is a breach of common-sense COVID-19 protocols.

---

FROM: 63840509
TO: Barnett, Carrie
SUBJECT: Incarcerated Adults of Unit DB of FDC SeaTac - 2
DATE: 12/14/2022 09:20:55 PM

Those who were isolated for being sick with COVID-19 were not properly monitored, including even those with underlying conditions which pose greater risk of serious illness and death. Laser temperature tests were performed from 5 feet away, and check ups and evaluations were performed from behind a locked cell door. Constitutional requirements are such that we are to be seen privately, in person, and physically examined. Medical care comes in the form of diagnosis and treatment, which is not possible through a locked cell door. By policy, examinations are suppose to happen in a private examination area without other inmates present, with adequate space, and provision for both the examiner and inmate to be seated, among other requirements. Nonetheless, FDC staff carried out such practice, violating our rights to medical privacy, and falsifying medical records by claiming that these were "follow up" medical visits. Individuals who required hospitalization were functionally ignored, neglected, and left in their cells.

Those who became ill or otherwise had medical emergencies during the night were not seen until up to 10 to 12 hours later when medical staff arrived back to work. Medical emergencies require that there be an on-call physician to give directions to the on-duty staff in order to handle a given situation properly, including transferring any individuals experiencing medical emergencies to outside care. Currently, medical emergencies at the FDC are responded to by non-qualified medical personnel. This fact has shown to be extremely dangerous, possibly deadly, and constitutes further violation of our rights to medical care. To give one example, the institution has shown that they have a standard practice of administering 2nd doses of Narcan before determining the cause of the emergency. Under proper procedure, before administering Narcan, personnel are first suppose to identify signs of overdose. After administering Narcan, personnel are supposed to check vitals and administer CPR for 4 minutes before administering a succeeding dose of Narcan. The FDC staff have shown to have a standard of practice of immediately administering multiple consecutive doses of Narcan prior to even identifying the emergency as an overdose, and without checking vitals or performing CPR in between doses, putting individuals experiencing non-overdose emergencies at risk of the side-effects of improperly administered Narcan.

Health services has falsified medical records, and has failed to provide any actual treatment plans. The institution staff claims that we are receiving proper standards of care but they cannot provide the actual treatments that they claim to have provided, or the handout topics that they claim we were given. In one instance, the institution claimed to a member of congress that an incarcerated individual was receiving treatment for serious injuries including a severe spinal injury, head trauma, and kidney failure, but in actuality, there are no treatments on record for any of these injuries.

Blood pressure is not being taken and lab work is not being done even when outside care specialists order regular check-ups for a given incarcerated individual. Diabetics are not properly monitored and medications have frequently been inconsistent. Often, refills to prescription medication are unacceptably late. Due to this, individuals have been without their prescription medication for upwards of 2 months after exhausting their last refill. In one case, this left an individual without his blood pressure medication where he was at high risk of heart attack due to his blood pressure levels. Also, the FDC staff are not doing proper medication re-evaluations. For example, an individual has been on prednisone for 18 months to treat his Crohn's disease, despite the fact that the prescription recommends that the medication is taken only for 2 months before re-evaluation. There was no re-evaluation and the institution has not provided an alternative. The individual has been on prednisone for 18 consecutive months, and is at risk of serious illness or death due to the side effects of the continuous use of prednisone.

Unit counselors are not filing grievances; they have largely refused to accept them. Those that do get accepted do not receive responses, making it impossible for us to exhaust the remedies that are available to us. For those with medical conditions that warrant possible medical departures or who have requested departures due to harsh conditions at the FDC, the FDC is not responding to these requests, even if requested by the courts. The courts and probation offices most often do not receive responses after having requested a response from the institution in regards to the medical care being provided to its incarcerated adult population. District Judges have had to demand and formally order medical care for us, still to no avail. We as a unit have tried to contact the ACLU, FAMM, Congress, and federal public defender offices to file complaints and they were returned by the FDC officers, and we then had an officer telling us that by trying to file a complaint as a unit, some of us could receive a write up and go to the S.H.U. for group disturbance, violating, by intimidation and threats of punishment, our 1st Amendment right to access to courts.

Many of us have copies of unanswered sick call requests and grievances. Some of us have filed individual civil suits such as Wood v. Bureau of Prisons et al, Frick v. Dr. Dy et al, but being a pretrial detention center, everything is intentionally delayed knowing that we will likely be sentenced and shipped out to other institutions before anything can be done.

------------------------------------------------------------------------------------------------

FROM: 63840509
TO: Barnett, Carrie
SUBJECT: Incarcerated Adults of Unit DB of FDC SeaTac - 3
DATE: 12/14/2022 09:24:37 PM

Please help us in filing a class action lawsuit, for otherwise, we have very limited means, firstly, to keep accountable those who have been entrusted to provide basic care for our health and lives, but also, to affect meaningful change at FDC SeaTac and elsewhere in the BOP, not only for ourselves, but for other and future incarcerated adults; for there to be justice and acknowledgement in regards to the deliberate indifference of those entrusted with our custody in regards to our health and our rights, and in many cases, in relation to imminent and mortally serious medical issues. The abysmal standards at FDC SeaTac can not got on.

Beyond issues with the health services department, we have experienced similar violations and sub-standard practice from other departments of FDC SeaTac. Legal mail has been opened without our presence and photo copied in the mailroom so that we do not receive original copies. In regards to the food provided, there have been months long periods where we had not been provided proper nutrition. Not only did we often not receive the minimum allotted calories ensured by policy during those months, but also at times we were provided unedible meals. We had been informed via the electronic bulletin board in a post from the Warden that we are to expect reductions to the normal menu due to food shortages and distributor issues. All of our rights as pretrial detainees have been violated. For those of us that are handicapped, we have been denied showers for weeks at a time for numerous reasons. At our request, officers had notified maintenance numerous times to fix the lower tier showers, which includes the handicap accessible shower, but response took upwards of a week. Along with the shower curtain being lost in the laundry, this functionally left those of us who are handicapped without a shower for 2 weeks.

There is currently an individual incarcerated in Unit DB who suffers from severe sleep apnea and arrived at the unit with a Continuous Positive Airway Pressure(CPAP) machine, but has not been provided a cell with an electrical outlet in order to use his CPAP machine, putting this individual at risk of suffocation during sleep. There is also currently an individual in the unit who requires oxygen, and has a doctor's prescription which requires him to have 2L of oxygen at all times. It is standard practice at county, state, and other BOP institutions to provide oxygen in order to allow individuals who require constant oxygen to be able to move around. However, the FDC has not provided this individual with oxygen for his oxygen tank even one time since his initial arrival. The FDC has only provided an electric oxygen machine in his cell with a 10 ft. hose, functionally restricting him to his cell, and making him unable to exercise, use the phone, computer, or other amenities that are provided to incarcerated adults who are not currently subject to disciplinary actions against them. Since the FDC is not meeting this bare minimum standard of providing adequate medical care in this way, this individual is effectively being punished for no reason. He has been at the FDC for 3 months without having his oxygen tank refilled.

The above accounts are individual examples of below standard care, but to more fully illustrate the failure of the FDC, we would like to draw attention to the systemic issues and inadequacies at the institution.

The BOP implemented, and is suppose to run according to, the Primary Care Provider Teams(PCPT) health services program. PCPT requites the institution to assess its staffing patterns in relation to the needs of the incarcerated population. For the PCPT program to work there must be an adequate number of medical staff. For example, a day shift PCPT staffing pattern for 1000 incarcerated adults will have 1 clinical director, 1 health service administrator, 1 licensed physician, 3 mid-level-providers(MLP), 1 clinical nurse, 2 licensed practical nurses(LPN), 2 health information technicians, and 1 medical clerical staff person. The institution at present has no clinical director, no licensed physician (seemingly on indefinite leave), 1 MLP, and 2 LPNs. In the program statement, it states that insufficient staffing will have an adverse effect on providing health care to the incarcerated population, and that additional staffing will be required to provide health care services after hours and on weekends.

--------------------------------------------------------------------------------

FROM: 63840509
TO: Barnett, Carrie
SUBJECT: Incarcerated Adults of Unit DB of FDC SeaTac - 4
DATE: 12/14/2022 09:22:12 PM

In March, 2020, the BOP implemented the BOP COVID-19 Action Plan, which was to be put in place not only to fight COVID-19 outbreaks but to handle the increased number of sick calls and to deal with staffing challenges during the pandemic. This policy violates multiple constitutional rights to medical care and the right to refuse treatments. The BOP COVID-19 Action Plan requires that extra precautions are taken for those with known underlying health risk factors that become life threatening if COVID-19 is contracted. The BOP COVID-19 Action Plan also requires that health services return to the triage system.

Triage is defined as classification of patients according to priority of need of examination, where urgent cases are addressed same day and routine appointments are scheduled for appointment. Per the BOP's program statements, an appointment will be scheduled with the appropriate provider within a time frame appropriate for the inmate's condition and medical needs. The process is that an incarcerated adult signs up for sick call which is to be made available 5 days per week where the patient will be seen and scheduled according to the triage system. It also states that the institution is required to hire more personnel to answer and assess the influx of sick calls caused by the virus. FDC SeaTac has not done this. It has actually lost almost all of the health services personnel, whom have since stopped responding to sick calls, period.

There is functionally no sick call access that could allow for our needs to be assessed. This is a violation of prisoner rights guaranteed by the constitution to receive medical care. They are also violating our rights to privacy. Policy requires that we are to be seen and our assessments are to be done in a private examination room. Staff are supposed to provide incarcerated individuals the opportunity to discuss their medical complaints without other inmates being present. As all paper and electronic copouts are seemingly ignored, our only possible access to sick call is to approach non-qualified LPNs during pill line where there is no privacy.

According to policy, new arrivals are to be assessed and screened. Health services staff are supposed to conduct an initial assessment of each newly committed individual upon their arrival to determine any possible urgent medical, dental, or mental health care needs, and an initial screening physical examination to determine medical needs is to be done within 14 days on the appropriate physical examination form. This is not happening either. New detainees at the FDC are immediately put into quarantine where they are locked in an isolated cell with no access to health services besides pill line nurses--as, again, paper requests for sick call are not answered, and frequently are not even recorded--and we are isolated for 10 to upwards of 30 days before getting to a general population unit. However, at the same time, they will place those in quarantine and those in general population in the same holding cells and transport vans for court dates, making the whole quarantine and isolation process pointless and putting everyone at risk.

There are times when there are no qualified medical staff present to screen new detainees. There being no licensed physician, anyone who presents a medical condition that requires immediate assessment is not given physical examination or assessment. New detainess are not receiving physical examinations within 14 days. Medical intake forms are frequently falsely filled out because in order to properly fill out the intake forms, an examination would have to be done. Some of us have been here for a year or more and have still not received initial examinations and lab works that are required by policy, so unknown serious medical conditions are going undiagnosed and untreated.

Many components of the BOP COVID-19 Action Plan violate incarcerated adult's civil rights, such as the requirement that all new detainees are to be tested for the virus in the sally port upon arrival. At that time, we are not even in BOP custody, still cuffed and shackled in US Marshal custody, we are not given the opportunity to refuse the COVD-19 test, and we are often not even given an explanation of what is being done. There have been multiple instances, resulting in injuries to detainees such as black eyes and bloody noses, of forceful tests being done against the will of the incarcerated individual, violating the informed consent doctrine.

-------------------------------------------------------------------------------

FROM: 63840509
TO: Barnett, Carrie
SUBJECT: Incarcerated Adults of Unit DB of FDC SeaTac - 5
DATE: 12/14/2022 09:22:39 PM

Beyond that, the Action Plan permits placing new detainees into quarantine without being screen or examined by a licensed physician, as described above, which is a failure to implement procedure that would ensure our constitutional rights to medical care. There was no provision made to properly assess urgent medical, dental, or mental health care needs within a constitutionally acceptable timeframe.

The understaffing alone is deliberate indifference and a constitutional violation. The FDC administration knew that they would need to hire more staff for the plan to work. They chose not to secure additional staff and thus they deliberately carried out a plan that they knew was constitutionally unsound, violating the rights of the incarcerated adults living at the institution. Due process rights guarantee that we are to be free from any punishment outside of penological or security purposes. This is an undeniable right. The accounts within this letter constitute punishment for they are accounts of the denial of access to medical care due to deliberate indifference.

When an institution cannot provide medical care for its population, we as incarcerated adults have a right to injunctive relief such as transfers, compassionate release, pretrial release, and home confinement. At this point, under the 5th, 8th, and 14th Amendments, depending on a given individual's detention status, everyone who was incarcerated between March 2020 and the present date have been subjected to due process violations and/or cruel and unusual punishment.

This letter includes only a fraction of the complaints from the unit DB population. There are multiple individual claims filed and more are being filed for retaliation, denied access to courts, and multiple medical care violations. Please help us. We have no medical access. This is a signed petition begging for help from the outside communities. The pandemic may seem to be over, but in here, we're still fighting for our lives, our rights, and our dignity as human beings.

The names and register numbers of the 3 incarcerated adults acting as points of contact for this class action lawsuit are below. You can contact each point of contact at the following address:
P.O. Box 13901
Seattle, WA 98198

Michael A Wood
32370-086
I also have an individual suit, Case No. 2:22-cv-636-DGE-DWC. I have not received medical care for injuries sustained during arrest which led to a stroke that was mishandled and covered up as an overdose leaving me disabled and with stage 3 HTN and stage 3 kidney failure that have not been treated.

Christerpher Frick
26587-086
I also have an individual lawsuit resulting from lack of medical care, Case No. 2:22-cv-00801-JHC-MLP. I have high blood pressure of 186/160 and Crohn's disease. I had to get a court order to get a painful tooth extracted after 18 months of pain.

Jeffrey Stephens
63840-509
I have been neglected sick call for months regarding concerns with the condition of my pancreas, and I have been slow-walked in my attempts to file a BP-8; ultimately unsuccessful with no response after 3 months(as of 12/14/22) of prodding my counselors. I want to be assessed in order to see if anything should be done to avoid future harm.

#35

Michael A. Wood 31370-086  I have filed an individual lawsuit for not receiving care for injuries sustained during arrest that progressed to a stroke that left me disabled that was covered up as an overdose & for a kidney injury that is new in stage 3 failure causing stage 3 Hypertension

Chris Frick 26587-086  I also have an individual lawsuit resulting from lack of Medical care. I have high blood pressure of 186/160 and Crohn's disease. I had to get a court order to get a painful tooth extracted after 18 months of pain.

Troy Weldon 25675510 — I have high blood pressure and extensive dental work that needs to be done

Jack Sexton 23850086 - when I was transferred here from the Medical center in springfield I was getting tylenol 3 three times a day for patgents disease Now I get them 2 times a day the time span beetween doses causes me to be in pain. I am in contant pain with less medication.

Jason Stanley 67247-509  have been refused medical treatment for Hep C ~~~~

Joel Waters  41264-509
Julian Bravo  53072-509  have been refused medical treatment
David Pitts  93665-509
Joshua Buck  98235-509  Psorisis and Joint inflamation
Landon Kush
Travis Stickman 48496086

Steven Strauss 95906-509 have been refused proper medical care

Humberto Garcia 20078-509

Rafael Ramirez 53063-509 eye care surgery

Jose Ibarra 90034-509

Anthony Morales # 45273-509

Jacob Little 50286-086

Garnica mendoza Jesus 7662650 have been refused proper medical have not recived mrI and medical care for my feet

Jose Garnica 1222650.

David Boettner 19104-023 Abcessed tooth and when I spoke with the nurse about it I was told by Mr. Smith that a dentist would be coming in. At this time they have no dental treatment. My nerve is exposed and it is abcessed.

+Shawn Cody 21443-509 — Unaddressed tumor on Kidney, also been having constant vertigo and no Rx medication or ability to refill.

x Kenneth R Gazaway ~~2 (crossed out)~~ # 85745-509

James Connour # 36567-509

Carl Euseppi 30101009

James Wesley Bowden 91850-509
Need to see someone about a breathing problem med or Phyc

X Tawn Teo Saeteum 50085-086
I needed to see someone about my health and talk to a Phyc. & they haven't respond to any of my request. I also need an inhaler cause I have a hard time breathing and the c.o. turn me away & the nurse said they look into it, but never did.

Adam W. Harper 19823-023
I was refused drug treatment medication ~~bec~~ that I was prescribed and forced to either recieve a ~~shot~~ nothing

Jade Trev 50087-086

Kyle SiJohn   20128023

Thomas D Stewart  45054 086

CURTIS SNIPES Curtis [illegible] 26026-086 OUTSIDE HOSPITAL ASAP

Brian M. Warnock [signature] 19540-510 I have a
bullet in my back and I asked for help when I got
here. I have not seen a doctor or nurse at all.

Jarrod Felton-Grooms   50083-086 (medical)

Justino Cruz   71787-509   (medical)

Daniel Vazquez:   207-72-50

Scotti Ortiz   15580-510   I have had Been
infected with sta MRSA 3 time and I still Have
Not See a proper doctor for it

Rajinder Pal Singh - 66461-065

Gerson Flores [scribble] 50011-086   I have a Hernia in my groin the
size of grapefruit they wont see look at IT. IT cause pain & makes
it Difficult to use rescom & [illegible] Guillermo  Vicara 27685510
Have Not been seen for 9 months since complain about medical emergency Due to
Bullet in my Back & back pain + Malik Garrett 55356 509

MARK BROOKS #48954-086-

Craig Jordan #38598-509 Ive been in the FDC Unit DB #28 a litter
little over one year. Ive asked medical for help far as I need my thyroid
pills on time not 4 days late, I am diabedic 2 gotten blood checked once
nd my shoes are wornout feet swallon, I wear size 16 they only carry
size 15 in crocks. My BMI over 30 and I have sleep app.

Kendle Hawkins #50521 509 I had a medical emergency due
to exposed nerve in my tooth. I was never seen and it
caused by Jaw to become locked which resulted in me
being barely able to eat.

50055-086 Shorack, Isaac: I wrote a kite for an ear ache
where I lost my hearing... I got no medical response.

Kyle Redpath # 35135-509

Rafaela Canez # 74044-309  no action on dentist for 1 year I am Diabetic

Julian Bravo-Vargas # 53072-509  have been refused medical treatment regarding concussion and head injury

Ernesto Casillas # 20766-510

Daniel Torres # 59042-408

Luis Magana # 49962-086  Pain on my shoulder for over 1 year

López corral Armando # 761625-09  I HAVE BEEN THRU 5 QUARINTNES and "NO" COVID TREATMENT WAS GIVEN TO ME.

Parra Pedro # 75738509 — I have Been Thru 5 Guarintnes and "No" Covid treatment was Given to me.

NAVARRETE JORGE # 84777509 — "SEVERE" SCIATICA NERVE TO A POINT I COULDNT EVEN GETUP FROM MY BED AND I REQUEST IN WRITING AND COPOUT AND WAS NEVER GIVEN ANY PAIN MEDICATION "I BUPROFEN"

X OSCAR RODRIGUEZ # 44446-086

Valdez Jorge 66737-308

Alberto Franco 16240-208

Robert Johnny 50061-086

Alejandro Urquidez 176515 10

Alejandro Macias 10031-510

Bayron Garcia 01073-506

Jose Barbosa 49980-086

José Espinoza 50229-086

Shannon Hatfield 27180-510

James L Mayers 02448-510  DB-30

Thomas Garcia 01276-510

Miguel Moran 28426510

Elvin Hunter Bryon Williams 50012-086  Excessive Scarring on the chest, Lack of Proper Healing (no medical care provider). Issues with vision since incarceration

CHRISTOPHER CRAWFORD 04141-510 — I HAVE BEEN ASKING TO SEE PSYCHOLOGY FOR 6 MONTHS AS I HAVE EXTENSIVELY DOCUMENTED MENTAL CONDITIONS. THEY ONLY SAW ME ONCE AND ONLY AFTER I BEGAN CONTEMPLATING SUICIDE. I HAVE ALSO BEEN ASKING TO SEE OPTOMETRY WITH NO RESULTS AND HAVE HAD ONE EYE INFECTION FROM HAVING TO WEAR DIRTY CONTACTS. MEDICAL WAS CONTACTED AND I WAS IGNORED. CURRENTLY I HAVE A SERIOUS WRIST ISSUE WITH SEVERE PAIN (FEELS LIKE A FRACTURE) AND MULTIPLE C.O. COMPLAINTS AND MEDICAL COP-OUTS HAVE BEEN IGNORED.

X Kendall Alston 952-59-509

Santos Gutierrez 94807 509.

LESTER COLLADO 47742086  I have eye conditions that I keep Being told I'll See an optometrist Since 2001

Randy Brown 38584-509 I got here at FDC on September 15th and I have submitted several request for medical to see me because I need a soft shoe slip because I have a medal rod in my left femur with 4 inch screws in my hip and my knee, and I still haven't been seen for my pain issue's by medical.

Cedric Brooks #84647-509
wasn't being seen for the sharp pain i have in my arm.

Branden Barnett 35913-086 I arrived here at Sea-Tac FDC Sept 29, 2022 I've requested medical to be seen for my hernia, HIV & STD Testing and a simple medical check up for diabetes and high blood pressure today is Nov 20th, 2022 almost 2 months and I haven't seen no one.

Rhett Irons 49425-086
I have sent multiple paper cop-outs and electronic concerning my shoulder which I need an x-ray at The Nevada C.C.O. the doctor said he believes I have an impingement in my rotator cuff which I have explained to medical with no response he also indicated my blood pressure was irregularly high which I also explained to medical that I would like them to check my Blood Pressure they assured me they would and still haven't followed through with that either, My teeth is in excrutiating pain which I have also addressed since I was admitted into the facility Sep. 8th 2022. I sent multiple cop-outs with no response & when I finally saw the dentist she informed me she does not have an assistant at this time and I would just need to deal with the pain for now all she could tell me is my filling has came out of my teeth everytime I fill out a cop-out I have gotten no response from any of the medical staff leaving me in pain and no indication at any route to take including not responding for medication refills and without the medical care I need and should be provided my shoulder as well as my teeth has become excessively worse when if addressed could have been resolved and healed by now It's discouraging even trying to get medical care because at this point seems like a lost cause which lowers the Quality of Life in this Institution it makes this situation extremely depressing.

Travis E Rouse 13214-026, I have put in many copouts to medical and PSYchology

Jonathan D Mayhall #9249l-509, I have filed upwards of 20+ medical cop-outs both paper and electronic with zero responses. I've also sent cop-outs to psycology with zero responses as well.

Greg Robertson #42364-086 Steven Drury 41457509

Legg, Jason A. 88704-020 Medical ignored all my kites concerning my tumor, my colon cancer, sleep apnea, and mental health needs for a year.

Entz, Zachary Rey #48215-006, Kidney stones, stent removal, over 20 "encounters," and it took 3 months and 2 cart orders before BOP; 7 corners (either scheduling service), and Phenoix to get me out to a consult, Just to be told I would have to come back now a C/T, then surgery.

Jeffrey Stephens 63840-509 For months, I have been requesting sick call, requesting with both Paler and electronic cop-outs, regarding what I believe are issues with Pancreas. I believe that I might be Prediabetic, so I would like to be assessed in order to avoid any Potential future harm. I experience bouts of pain in my left chest; sugar or caffein will inflame the area. I have never gotten a response, and beyond that I have been slow walked by the counselors to file a BP-8. I have been trying to file a BP-8 for two months and I have yet to get an actual response to my grievance.

Travis E Rouse 13214-026. I have put in many copouts to Medical and Psychology

Jonathan D Mayhall #9249l-509. I have filed upwards of 20+ medical cop-outs both paper and electronic with zero responses. I've also sent cop-outs to psychology with zero responses as well.

Greg Robertson #42364-086 Steven Drury 41457509

Legg, Jason A. 88704-020 Medical ignored all my kites concerning my tumor, my colon cancer, sleep apnea, and mental health needs for a year.

Entz, Zachary Reg#48215-086, Kidney Stones, stent removal, over 20 "encounters," and it took 3 months and 2 cart orders before BOP, 7corners (~~the~~ ~~ethier~~ scheduling service), and Phenoix to get me out to a consult, Just to be told I would have to come back have a C/T, then surgery.

Jeffrey Stephens 63840-509 For months, I have been requesting sick call, requesting with both Paper and electronic cop-outs, regarding what I believe are issues with Pancreas. I believe that I might be Prediabetic, so I would like to be assessed ~~in~~ ~~order~~ ~~to~~ in order to avoid any Potential future harm. I experience bouts of pain in my left chest; sugar or caffeine will inflame the area. I have never gotten a response, and beyond that I have been slowed walked by the counselors to file a BP-8. I have been trying to file a BP-8 for two months and I have yet to get an actual response to my grievance.

Michael A. Wood 31370-086 I have filed an individual lawsuit for not receiving care for injuries sustained during arrest that progressed to a stroke that left me disabled that was covered up as an overdose & for a kidney injury that is now in stage 3 failure causing stage 3 Hypertension.

Chris Frick 26587-086 I also have an individual lawsuit resulting from lack of medical care I have high blood pressure of 186/160 and Crohn's disease. I had to get a Court order to get a painfull tooth extracted after 18 months of pain.

Troy Weldon 25675-510 – I have high blood pressure and exstensive dental work that needs to be done

Jack Sexton 23850-086 when I was transfered here from the Medical center in Springfield I was getting tylenol 3 three times a day for patgents disease Now I get them 2 times a day the time span beetween doses causes me to be in pain. I am in contant pain with less Medication.

Jason Stanley 67247-509 have been refused medical treatment for Hep C. ⬛

Joel Waters 41264-509
Julian Bravo 53072-509 have been refused medical treatment
David Pitts 93665-509
Joshua Buck 98235-509 Psorisis and Joint inflamation
Landon Kush.
Travis Silkwan 48496086

Steven Strauss 95906-509 have been refused proper medical
care
Humberto Garcia 20078-509
Rafael Ramirez 53063-509 eye care surgery
José Ibarra 20034-509
Anthony Morales #45273-509
Jacob Little 50286-086
Garnica megoza Jesus 7626509 have been refused proper
medical have not recived mrI and medical care for my feet
Jose Garnica 12226-510
David Boettner 19104-023 Abcessed tooth and when I spoke
with the nurse about it I was told
by Md Smith that a dentist would
be coming in. At this time they have
no dental treatment. My nerve is
exposed and it is abcessed.
+Shawn Cody 21443-509 — Unaddressed tumor on Kidney; also
been having constant vertigo and
no. Rx medication or ability to refill.
x Kenneth R ~~Gazzwp~~ #85745-509
James Conour #36567-509
Carl Euseppi 30101009

James Wesley Bowden
91850-509
Need to see someone about
a breathing problem
med or Phyc
X Tawn Tzo Saeteurn
50085-086
I needed to see someone about my health and talk to a Phyc. & they
haven't respond to any of my request. I also need an inhaler cause I have
a hard time breathing and the C.O. turn me away & the nurse said they
look into it, but never did.
Adan W. Harper 19823-023
I was refused drug treatment medication ~~see~~ that I was
prescribed and forced to either recieve a shot or nothing
Jade Irey 50087-086

Kyle SiJohn 20128023

Thomas D Stewart 45054 086

CURTIS SNIPES Curtis ___ 26026-086 OUTSIDE HOSPITAL ASAP

Brian M. Warnock ___ 19540-510 I have a bullet in my back and I asked for help when I get here. I have not seen a doctor or nurse at all.

Jarrod Felton-Grooms 50083-086 (medical)

Justino Oruz 71787-509 (medical)

Daniel Vazquez 207-72-50

Scotti Ortiz 15580 610 I have had Been infected with sta MRSA 3 time and I still Have not See a proper doctor for it.

Rajinder Pal Singh - 66461-065

Gerson Flores 50011-086 I have a Hernia in my groin the size of gapfruit they wont see look at it. It cause pain & makes it Difficult to use restroom & exercise Guillermo viexra 27685510 Have not been seen for 9 months since complain about medical emergency Due to Bullet in my Back & back pain + Malik Garrett 55356 509

MARIE BROOKS #48954-086-

Craig Jordan #38598-509 I've been in the FDC Unit DB #28 a little over one year. I've asked medical for help far as I need my thyroid pills on time not 4 days late, I am diabedic 2 gotten blood checked once. and my shoes are wornout feet swollen, I wear size 16 they only carry size 15 in crocks. My BMI over 30 and I have sleep app.

Kendle Hawkins #50521 509 I had a medical emergency due to exposed nerve in my tooth. I was never seen and it caused by Jaw to become locked which resulted in me being barely able to eat.

50055-086 Shorack, Isaac: I wrote a kite for an ear ache where I lost my hearing... I get no medical response.

Kyle Redpath #35135-509

Rafaela Canez #74044-309 no action on dentist for 1 year I am Diabetic

Julian Bravo-Vargas #53072-509 have been refused medical treatment regarding concussion and head injury

Ernesto Casillas #20766-510

Daniel Torres #59042-408

Luis Magana #49962-086 Pain on my shoulder for over 1 year

López Corral Armando #761625-09 I HAVE BEEN THRU 5 QUARINTNES and "NO" COVID TREATMENT WAS GIVEN TO ME.

Parra Pedro #75738509 — I have Been Thru 5 Quarintnes and "No" covid treatment was Given to me.

NAVARRETE JORGE #84777509 — "SEVERE" SCIATICA NERVE TO A POINT I COULDNT EVEN GET UP FROM MY BED AND I REQUEST IN WRITTING AND COPOUT AND WAS NEVER GIVEN ANY PAIN MEDICATION "IBUPROFEN"

x OSCAR RODRIGUEZ #44446-086

Valdez Jorge 66733-308

Alberto Franco 16246-208

Robert Johnny 50061-086

Alejandro Urquidez 17651510

Alejandro Macias 10031-510

Bayron Garcia 01073-506

Jose Barbosa 49980-086

José Espinoza 50229-086

Shannon Hartfield 27180-510

James L Mayers 02448-510 DB-30

Thomas Garcia 01276-510

Miguel Thomas 28426510

Elvin Hunter Bryon Williams 50012-086 Excessive Scarring on the chest, Lack of Proper Healing (no medical Care Provided). Issues with vision since incarceration

CHRISTOPHER CRAWFORD 04141-510 — I HAVE BEEN ASKING TO SEE PSYCHOLOGY FOR 6 MONTHS AS I HAVE EXTENSIVELY DOCUMENTED MENTAL CONDITIONS. THEY ONLY SAW ME ONCE AND ONLY AFTER I BEGAN CONTEMPLATING SUICIDE. I HAVE ALSO BEEN ASKING TO SEE OPTOMETRY WITH NO RESULTS AND HAVE HAD ONE EYE INFECTION FROM HAVING TO WEAR DIRTY CONTACTS. MEDICAL WAS CONTACTED AND I WAS IGNORED. CURRENTLY I HAVE A SERIOUS WRIST ISSUE WITH SEVERE PAIN (FEELS LIKE A FRACTURE) AND MULTIPLE C.O. COMPLAINTS AND MEDICAL COP-OUTS HAVE BEEN IGNORED.

x Kendall Alston 952-59-509

Santos Gutierrez 94807 509

LESTER COLLADO 477420086 I have eye conditions that I keep Being told I'll See an optometrist since 2001

Randy Brown 38584-509 I got here at FDC on September 15th and I have submitted several request for medical to see me because I need a soft shoe slip because I have a medal rod in my left femur with 4 inch screws in my hip and my knee, and I still havent been seen for my pain issue's by medical.

Cedric Brooks #84647-509
wasnt being seen for the sharp pain i have
in my arm.

Branden Barnett 35913-086 I arrived here at Sea-Tac FDC Sept. 29, 2022 I've requested medical to be seen for my hernia, HIV & STD Testing and a simple medical check up for diabetes and high blood pressure today is Nov 20th, 2022 almost 2 months and I haven't seen no one.

Rhett Irons 49425-086
I have sent multiple paper cop-outs and electronic concerning my shoulder which I need an x-ray at the Nevada C.C.O. the doctor said he believes I have an Impingement in my rotator cuff which I have explained to medical with no response he also indicated my blood pressure was irregularly high which I also explained to medical that I would like them to check my Blood Pressure they assured me they would and still haven't followed through with that either. My teeth is in excrutiating pain which I have also addressed since I was admitted into the facility Sep. 8th 2022. I sent multiple cop-outs with no response & when I finally saw the dentist she informed me she does not have an assistant at this time and I would just need to deal with the pain for now all she could tell me is my filling has came out of my teeth everytime I fill out a cop-out I have gotten no response from any of the medical staff leaving me in pain and no indication of any route to take including not responding for medication refills and without the medical care I need and should be provided my shoulder as well as my teeth has become excessively worse when if addressed could have been resolved and healed by now It's discouraging even trying to get medical care because at this point seems like a lost cause which lowers the Quality of Life in this Institution it makes this situation extremely depressing.

Travis E Rouse 13214-026. I have put
in Many copouts To medical and psychology

Jonathan D Mayhall #9491-509 I have filed
upwards of 20+ medical cop-outs both paper
and electronic with zero responses. I've also
sent cop-outs to psycology with zero responses
as well.

Greg Robertson #42364-086 Steven Drury 41457509

Legg, Jason A. 88704-020  Medical ignored all my kites concerning my tumor,
my colon cancer, sleep apnea, and mental health needs for a year.

Entz, Zachary Reg#48215-086, Kidney Stones, stent removal, over
20 "encounters," and it took 3 months and 2 cart orders before BOP,
7 corners (the ethier scheduling service) and Anenoix to get me out
to a consult, Just to be told I would have to come back
nove a C/T, then surgery.

Jeffrey Stephens 63840-509  For months, I have
been requesting sick call, requesting with both paper
and electronic cop-outs, regarding what I believe
are issues with Pancreas. I believe that I might
be Prediabetic, so I would like to be assessed in order to
void any potential future harm. I experience bouts of pain
in my left chest; sugar or caffeine will inflame the area.
I have never gotten a response, and beyond that I have been slowed
walked by the counselors to file a BP-8. I have been trying
to file a BP-8 for two months and I have yet to get an actual
response to my grievance.

TRULINCS 63840509 - STEPHENS, JEFFREY - Unit: SET-D-B

---------------------------------------------------------------------------------

FROM: 63840509
TO: Barnett, Carrie
SUBJECT: DECLARATION
DATE: 12/15/2022 08:16:59 PM

I, *Curtis Sniper*

DECLARE UNDER PENALTY OF PERJURY THAT I HAVE SIGNED MY NAME HERE AND/OR IN THE ATTACHED DOCUMENTS, AND THAT IN THE ATTACHED DOCUMENTS I WROTE MY REGISTER NUMBER AND/OR MY COMPLAINT AGAINST THE BOP IN AN ATTEMPT TO FILE A CIVIL CLAIM AGAINST THE BOP FOR CRUEL AND UNUSUAL PUNISHMENT AND DUE PROCESS VIOLATIONS.

X _____ SIGNED
X _____12-16-22_____ DATED

KING COUNTY, SEATTLE, WA 98198

---

FROM: 63840509
TO: Barnett, Carrie
SUBJECT: DECLARATION
DATE: 12/15/2022 08:16:59 PM

I, Loreasa Misipati

    DECLARE UNDER PENALTY OF PERJURY THAT I HAVE SIGNED MY NAME HERE AND/OR IN THE ATTACHED DOCUMENTS, AND THAT IN THE ATTACHED DOCUMENTS I WROTE MY REGISTER NUMBER AND/OR MY COMPLAINT AGAINST THE BOP IN AN ATTEMPT TO FILE A CIVIL CLAIM AGAINST THE BOP FOR CRUEL AND UNUSUAL PUNISHMENT AND DUE PROCESS VIOLATIONS.

X _____ SIGNED
X _____12/19/22_____ DATED

KING COUNTY, SEATTLE, WA 98198

------------------------------------------------------------------------------------------------

FROM: 63840509
TO: Barnett, Carrie
SUBJECT: DECLARATION
DATE: 12/15/2022 08:16:59 PM

I, _LESTER COLLADO_

      DECLARE UNDER PENALTY OF PERJURY THAT I HAVE SIGNED MY NAME HERE AND/OR IN THE ATTACHED DOCUMENTS, AND THAT IN THE ATTACHED DOCUMENTS I WROTE MY REGISTER NUMBER AND/OR MY COMPLAINT AGAINST THE BOP IN AN ATTEMPT TO FILE A CIVIL CLAIM AGAINST THE BOP FOR CRUEL AND UNUSUAL PUNISHMENT AND DUE PROCESS VIOLATIONS.

X _____ SIGNED
X _12-16-22_____ DATED

KING COUNTY, SEATTLE, WA 98198

---------------------------------------------------------------------------------

FROM: 63840509
TO: Barnett, Carrie
SUBJECT: DECLARATION
DATE: 12/15/2022 08:16:59 PM

I, *Robby LRobinson*

       DECLARE UNDER PENALTY OF PERJURY THAT I HAVE SIGNED MY NAME HERE AND/OR IN THE ATTACHED DOCUMENTS, AND THAT IN THE ATTACHED DOCUMENTS I WROTE MY REGISTER NUMBER AND/OR MY COMPLAINT AGAINST THE BOP IN AN ATTEMPT TO FILE A CIVIL CLAIM AGAINST THE BOP FOR CRUEL AND UNUSUAL PUNISHMENT AND DUE PROCESS VIOLATIONS.

*Robby Lee Robinson*

X _____ SIGNED
X  12-18-2022  DATED

KING COUNTY, SEATTLE, WA 98198

---

FROM: 63840509
TO: Barnett, Carrie
SUBJECT: DECLARATION
DATE: 12/15/2022 08:16:59 PM

I, _Joshua Buck_

     DECLARE UNDER PENALTY OF PERJURY THAT I HAVE SIGNED MY NAME HERE AND/OR IN THE ATTACHED DOCUMENTS, AND THAT IN THE ATTACHED DOCUMENTS I WROTE MY REGISTER NUMBER AND/OR MY COMPLAINT AGAINST THE BOP IN AN ATTEMPT TO FILE A CIVIL CLAIM AGAINST THE BOP FOR CRUEL AND UNUSUAL PUNISHMENT AND DUE PROCESS VIOLATIONS.

X _____ SIGNED
X _____ DATED

KING COUNTY, SEATTLE, WA 98198

---------------------------------------------------------------------------------

FROM: 63840509
TO: Barnett, Carrie
SUBJECT: DECLARATION
DATE: 12/15/2022 08:16:59 PM

I, CHRISTOPHER CRAWFORD

      DECLARE UNDER PENALTY OF PERJURY THAT I HAVE SIGNED MY NAME HERE AND/OR IN THE ATTACHED DOCUMENTS, AND THAT IN THE ATTACHED DOCUMENTS I WROTE MY REGISTER NUMBER AND/OR MY COMPLAINT AGAINST THE BOP IN AN ATTEMPT TO FILE A CIVIL CLAIM AGAINST THE BOP FOR CRUEL AND UNUSUAL PUNISHMENT AND DUE PROCESS VIOLATIONS.

C. SCOTT CRAWFORD

X C.S Ch_____ SIGNED
X DEC. 18, 2022\_\_\_\_\_ DATED

KING COUNTY, SEATTLE, WA 98198

----------------------------------------------------------------------------------------------------

FROM: 63840509
TO: Barnett, Carrie
SUBJECT: DECLARATION
DATE: 12/15/2022 08:16:59 PM

I, _Jonathan Mayhall_

      DECLARE UNDER PENALTY OF PERJURY THAT I HAVE SIGNED MY NAME HERE AND/OR IN THE ATTACHED DOCUMENTS, AND THAT IN THE ATTACHED DOCUMENTS I WROTE MY REGISTER NUMBER AND/OR MY COMPLAINT AGAINST THE BOP IN AN ATTEMPT TO FILE A CIVIL CLAIM AGAINST THE BOP FOR CRUEL AND UNUSUAL PUNISHMENT AND DUE PROCESS VIOLATIONS.

X _____ SIGNED
X __12/18/2022__ DATED

KING COUNTY, SEATTLE, WA 98198

------------------------------------------------------------------------------------------

FROM: 63840509
TO: Barnett, Carrie
SUBJECT: DECLARATION
DATE: 12/15/2022 08:16:59 PM

I, _Scotti Ortiz_

       DECLARE UNDER PENALTY OF PERJURY THAT I HAVE SIGNED MY NAME HERE AND/OR IN THE ATTACHED DOCUMENTS, AND THAT IN THE ATTACHED DOCUMENTS I WROTE MY REGISTER NUMBER AND/OR MY COMPLAINT AGAINST THE BOP IN AN ATTEMPT TO FILE A CIVIL CLAIM AGAINST THE BOP FOR CRUEL AND UNUSUAL PUNISHMENT AND DUE PROCESS VIOLATIONS.

X _____ SIGNED
X _12-18-22_____ DATED

KING COUNTY, SEATTLE, WA 98198

----------------------------------------------------------------------------------------

FROM: 63840509
TO: Barnett, Carrie
SUBJECT: DECLARATION
DATE: 12/15/2022 08:16:59 PM

I, _Brian Warnock_

      DECLARE UNDER PENALTY OF PERJURY THAT I HAVE SIGNED MY NAME HERE AND/OR IN THE ATTACHED DOCUMENTS, AND THAT IN THE ATTACHED DOCUMENTS I WROTE MY REGISTER NUMBER AND/OR MY COMPLAINT AGAINST THE BOP IN AN ATTEMPT TO FILE A CIVIL CLAIM AGAINST THE BOP FOR CRUEL AND UNUSUAL PUNISHMENT AND DUE PROCESS VIOLATIONS.

X _____ SIGNED
X _____12-18-22_____ DATED

KING COUNTY, SEATTLE, WA 98198

-------------------------------------------------------------------------------

FROM: 63840509
TO: Barnett, Carrie
SUBJECT: DECLARATION
DATE: 12/15/2022 08:16:59 PM

I, *Jorge Navarete*

     DECLARE UNDER PENALTY OF PERJURY THAT I HAVE SIGNED MY NAME HERE AND/OR IN THE ATTACHED DOCUMENTS, AND THAT IN THE ATTACHED DOCUMENTS I WROTE MY REGISTER NUMBER AND/OR MY COMPLAINT AGAINST THE BOP IN AN ATTEMPT TO FILE A CIVIL CLAIM AGAINST THE BOP FOR CRUEL AND UNUSUAL PUNISHMENT AND DUE PROCESS VIOLATIONS.

X _____ SIGNED
X _12-18-2022_ DATED

KING COUNTY, SEATTLE, WA 98198

--------------------------------------------------------------------------------

FROM: 63840509
TO: Barnett, Carrie
SUBJECT: DECLARATION
DATE: 12/15/2022 08:16:59 PM

I, *Pedro A. Parra*

DECLARE UNDER PENALTY OF PERJURY THAT I HAVE SIGNED MY NAME HERE AND/OR IN THE ATTACHED DOCUMENTS, AND THAT IN THE ATTACHED DOCUMENTS I WROTE MY REGISTER NUMBER AND/OR MY COMPLAINT AGAINST THE BOP IN AN ATTEMPT TO FILE A CIVIL CLAIM AGAINST THE BOP FOR CRUEL AND UNUSUAL PUNISHMENT AND DUE PROCESS VIOLATIONS.

X _____ SIGNED
X ___12/18/22___ DATED

KING COUNTY, SEATTLE, WA 98198

-------------------------------------------------------------------------------------

FROM: 63840509
TO: Barnett, Carrie
SUBJECT: DECLARATION
DATE: 12/15/2022 08:16:59 PM

I, _López Corral Armando_

      DECLARE UNDER PENALTY OF PERJURY THAT I HAVE SIGNED MY NAME HERE AND/OR IN THE ATTACHED DOCUMENTS, AND THAT IN THE ATTACHED DOCUMENTS I WROTE MY REGISTER NUMBER AND/OR MY COMPLAINT AGAINST THE BOP IN AN ATTEMPT TO FILE A CIVIL CLAIM AGAINST THE BOP FOR CRUEL AND UNUSUAL PUNISHMENT AND DUE PROCESS VIOLATIONS.

X _____ SIGNED
X __12/18/22__ DATED

KING COUNTY, SEATTLE, WA 98198

TRULINCS 63840509 - STEPHENS, JEFFREY - Unit: SET-D-B

------------------------------------------------------------------------------------

FROM: 63840509
TO: Barnett, Carrie
SUBJECT: DECLARATION
DATE: 12/15/2022 08:16:59 PM

I, _Tawn Saeteurn_

      DECLARE UNDER PENALTY OF PERJURY THAT I HAVE SIGNED MY NAME HERE AND/OR IN THE ATTACHED DOCUMENTS, AND THAT IN THE ATTACHED DOCUMENTS I WROTE MY REGISTER NUMBER AND/OR MY COMPLAINT AGAINST THE BOP IN AN ATTEMPT TO FILE A CIVIL CLAIM AGAINST THE BOP FOR CRUEL AND UNUSUAL PUNISHMENT AND DUE PROCESS VIOLATIONS.

X _____ SIGNED
X _Dec. 18, 2023_ DATED

KING COUNTY, SEATTLE, WA 98198

-----------------------------------------------------------------------------------------

FROM: 63840509
TO: Barnett, Carrie
SUBJECT: DECLARATION
DATE: 12/15/2022 08:16:59 PM

I, _Jason A. Legg_

      DECLARE UNDER PENALTY OF PERJURY THAT I HAVE SIGNED MY NAME HERE AND/OR IN THE ATTACHED DOCUMENTS, AND THAT IN THE ATTACHED DOCUMENTS I WROTE MY REGISTER NUMBER AND/OR MY COMPLAINT AGAINST THE BOP IN AN ATTEMPT TO FILE A CIVIL CLAIM AGAINST THE BOP FOR CRUEL AND UNUSUAL PUNISHMENT AND DUE PROCESS VIOLATIONS.

X _____ SIGNED
X _18 DEC 2022_____ DATED

KING COUNTY, SEATTLE, WA 98198

------------------------------------------------------------------------------------

FROM: 63840509
TO: Barnett, Carrie
SUBJECT: DECLARATION
DATE: 12/15/2022 08:16:59 PM

I, _Jeremy Graham_

       DECLARE UNDER PENALTY OF PERJURY THAT I HAVE SIGNED MY NAME HERE AND/OR IN THE ATTACHED DOCUMENTS, AND THAT IN THE ATTACHED DOCUMENTS I WROTE MY REGISTER NUMBER AND/OR MY COMPLAINT AGAINST THE BOP IN AN ATTEMPT TO FILE A CIVIL CLAIM AGAINST THE BOP FOR CRUEL AND UNUSUAL PUNISHMENT AND DUE PROCESS VIOLATIONS.

X _____ SIGNED
X _1-23-2023_____ DATED

KING COUNTY, SEATTLE, WA 98198

--------------------------------------------------------------------------------

FROM: 63840509
TO: Barnett, Carrie
SUBJECT: DECLARATION
DATE: 12/15/2022 08:16:59 PM

I, Christopher Lee Roby

       DECLARE UNDER PENALTY OF PERJURY THAT I HAVE SIGNED MY NAME HERE AND/OR IN THE ATTACHED DOCUMENTS, AND THAT IN THE ATTACHED DOCUMENTS I WROTE MY REGISTER NUMBER AND/OR MY COMPLAINT AGAINST THE BOP IN AN ATTEMPT TO FILE A CIVIL CLAIM AGAINST THE BOP FOR CRUEL AND UNUSUAL PUNISHMENT AND DUE PROCESS VIOLATIONS.

x C Le Roby   SIGNED   Reg# 05685506
X 1/23/23   DATED

KING COUNTY, SEATTLE, WA 98198

FROM: 63840509
TO: Barnett, Carrie
SUBJECT: DECLARATION
DATE: 12/15/2022 08:16:59 PM

I, Rafael Ramirez

DECLARE UNDER PENALTY OF PERJURY THAT I HAVE SIGNED MY NAME HERE AND/OR IN THE ATTACHED DOCUMENTS, AND THAT IN THE ATTACHED DOCUMENTS I WROTE MY REGISTER NUMBER AND/OR MY COMPLAINT AGAINST THE BOP IN AN ATTEMPT TO FILE A CIVIL CLAIM AGAINST THE BOP FOR CRUEL AND UNUSUAL PUNISHMENT AND DUE PROCESS VIOLATIONS.

X _Rafael Ramirez_ SIGNED
X _12-18-22_ DATED

KING COUNTY, SEATTLE, WA 98198

---------------------------------------------------------------------------------------------------

FROM: 63840509
TO: Barnett, Carrie
SUBJECT: DECLARATION
DATE: 12/15/2022 08:16:59 PM

I, _Shawn Cody_

       DECLARE UNDER PENALTY OF PERJURY THAT I HAVE SIGNED MY NAME HERE AND/OR IN THE ATTACHED DOCUMENTS, AND THAT IN THE ATTACHED DOCUMENTS I WROTE MY REGISTER NUMBER AND/OR MY COMPLAINT AGAINST THE BOP IN AN ATTEMPT TO FILE A CIVIL CLAIM AGAINST THE BOP FOR CRUEL AND UNUSUAL PUNISHMENT AND DUE PROCESS VIOLATIONS.

X _Shawn Cody_ SIGNED
X _12/18/22_ DATED

KING COUNTY, SEATTLE, WA 98198

TRULINCS 63840509 - STEPHENS, JEFFREY - Unit: SET-D-B

--------------------------------------------------------------------------------

FROM: 63840509
TO: Barnett, Carrie
SUBJECT: DECLARATION
DATE: 12/15/2022 08:16:59 PM

I, Elvin Hunter Bjorn Williams

      DECLARE UNDER PENALTY OF PERJURY THAT I HAVE SIGNED MY NAME HERE AND/OR IN THE ATTACHED DOCUMENTS, AND THAT IN THE ATTACHED DOCUMENTS I WROTE MY REGISTER NUMBER AND/OR MY COMPLAINT AGAINST THE BOP IN AN ATTEMPT TO FILE A CIVIL CLAIM AGAINST THE BOP FOR CRUEL AND UNUSUAL PUNISHMENT AND DUE PROCESS VIOLATIONS.

X _____ SIGNED
X _____12/18/22_____ DATED

KING COUNTY, SEATTLE, WA 98198

----------------------------------------------------------------------------------------

FROM: 63840509
TO: Barnett, Carrie
SUBJECT: DECLARATION
DATE: 12/15/2022 08:16:59 PM

I, *Gerson Flores*

      DECLARE UNDER PENALTY OF PERJURY THAT I HAVE SIGNED MY NAME HERE AND/OR IN THE ATTACHED DOCUMENTS, AND THAT IN THE ATTACHED DOCUMENTS I WROTE MY REGISTER NUMBER AND/OR MY COMPLAINT AGAINST THE BOP IN AN ATTEMPT TO FILE A CIVIL CLAIM AGAINST THE BOP FOR CRUEL AND UNUSUAL PUNISHMENT AND DUE PROCESS VIOLATIONS.

*Gerson Flores*

X *Gerson Flores* SIGNED

X *18-12-22* DATED

KING COUNTY, SEATTLE, WA 98198

-----------------------------------------------------------------------------------------------------

FROM: 63840509
TO: Barnett, Carrie
SUBJECT: DECLARATION
DATE: 12/15/2022 08:16:59 PM

I, _STEVEN ERIC Strauss_

      DECLARE UNDER PENALTY OF PERJURY THAT I HAVE SIGNED MY NAME HERE AND/OR IN THE ATTACHED DOCUMENTS, AND THAT IN THE ATTACHED DOCUMENTS I WROTE MY REGISTER NUMBER AND/OR MY COMPLAINT AGAINST THE BOP IN AN ATTEMPT TO FILE A CIVIL CLAIM AGAINST THE BOP FOR CRUEL AND UNUSUAL PUNISHMENT AND DUE PROCESS VIOLATIONS.

_95906-509_

X _____ SIGNED

X _12-15-2022_ DATED

KING COUNTY, SEATTLE, WA 98198

--------------------------------------------------------------------------------

I, _Troy Weldon_

        DECLARE UNDER PENALTY OF PERJURY THAT I HAVE SIGNED MY NAME HERE AND/OR IN THE ATTACHED DOCUMENTS, AND THAT IN THE ATTACHED DOCUMENTS I WROTE MY REGISTER NUMBER AND/OR MY COMPLAINT AGAINST THE BOP IN AN ATTEMPT TO FILE A CIVIL CLAIM AGAINST THE BOP FOR CRUEL AND UNUSUAL PUNISHMENT AND DUE PROCESS VIOLATIONS.

_25675510_

X _Troy Weldon_ SIGNED

X _12-15-22_ DATED

KING COUNTY, SEATTLE, WA 98198

------------------------------------------------------------------------------------------

FROM: 63840509
TO: Barnett, Carrie
SUBJECT: DECLARATION
DATE: 12/15/2022 08:16:59 PM

I, _Tony Junior Jackson_ # 76379065

DECLARE UNDER PENALTY OF PERJURY THAT I HAVE SIGNED MY NAME HERE AND/OR IN THE ATTACHED DOCUMENTS, AND THAT IN THE ATTACHED DOCUMENTS I WROTE MY REGISTER NUMBER AND/OR MY COMPLAINT AGAINST THE BOP IN AN ATTEMPT TO FILE A CIVIL CLAIM AGAINST THE BOP FOR CRUEL AND UNUSUAL PUNISHMENT AND DUE PROCESS VIOLATIONS.

X _____ SIGNED
X __12/18/22__ DATED

KING COUNTY, SEATTLE, WA 98198

---

FROM: 63840509
TO: Barnett, Carrie
SUBJECT: DECLARATION
DATE: 12/15/2022 08:16:59 PM

I, _Rhett Irons_

       DECLARE UNDER PENALTY OF PERJURY THAT I HAVE SIGNED MY NAME HERE AND/OR IN THE ATTACHED DOCUMENTS, AND THAT IN THE ATTACHED DOCUMENTS I WROTE MY REGISTER NUMBER AND/OR MY COMPLAINT AGAINST THE BOP IN AN ATTEMPT TO FILE A CIVIL CLAIM AGAINST THE BOP FOR CRUEL AND UNUSUAL PUNISHMENT AND DUE PROCESS VIOLATIONS.

X _Rhett Irons_ SIGNED
X _December 3rd 2022_ DATED
KING COUNTY, SEATTLE, WA 98198

----------------------------------------------------------------------------------------

FROM: 63840509
TO: Barnett, Carrie
SUBJECT: DECLARATION
DATE: 12/15/2022 08:16:59 PM

I, *Joel Waters*

     DECLARE UNDER PENALTY OF PERJURY THAT I HAVE SIGNED MY NAME HERE AND/OR IN THE ATTACHED DOCUMENTS, AND THAT IN THE ATTACHED DOCUMENTS I WROTE MY REGISTER NUMBER AND/OR MY COMPLAINT AGAINST THE BOP IN AN ATTEMPT TO FILE A CIVIL CLAIM AGAINST THE BOP FOR CRUEL AND UNUSUAL PUNISHMENT AND DUE PROCESS VIOLATIONS.

X _____ SIGNED
X _____ DATED  12-16-22

KING COUNTY, SEATTLE, WA 98198

---------------------------------------------------------------------------------

FROM: 63840509
TO: Barnett, Carrie
SUBJECT: DECLARATION
DATE: 12/15/2022 08:16:59 PM

I, _Maziar Rezakhani_

      DECLARE UNDER PENALTY OF PERJURY THAT I HAVE SIGNED MY NAME HERE AND/OR IN THE ATTACHED DOCUMENTS, AND THAT IN THE ATTACHED DOCUMENTS I WROTE MY REGISTER NUMBER AND/OR MY COMPLAINT AGAINST THE BOP IN AN ATTEMPT TO FILE A CIVIL CLAIM AGAINST THE BOP FOR CRUEL AND UNUSUAL PUNISHMENT AND DUE PROCESS VIOLATIONS.

X _____ SIGNED
X __12/15/22_____ DATED

KING COUNTY, SEATTLE, WA 98198

--------------------------------------------------------------------------------

FROM: 63840509
TO: Barnett, Carrie
SUBJECT: DECLARATION
DATE: 12/15/2022 08:16:59 PM

I, ~~MG~~ *Luis Magana*

      DECLARE UNDER PENALTY OF PERJURY THAT I HAVE SIGNED MY NAME HERE AND/OR IN THE ATTACHED DOCUMENTS, AND THAT IN THE ATTACHED DOCUMENTS I WROTE MY REGISTER NUMBER AND/OR MY COMPLAINT AGAINST THE BOP IN AN ATTEMPT TO FILE A CIVIL CLAIM AGAINST THE BOP FOR CRUEL AND UNUSUAL PUNISHMENT AND DUE PROCESS VIOLATIONS.

X_____ SIGNED
X____12/18/22_____ DATED

KING COUNTY, SEATTLE, WA 98198

-----------------------------------------------------------------------------------------------

FROM: 63840509
TO: Barnett, Carrie
SUBJECT: DECLARATION
DATE: 12/15/2022 08:16:59 PM

I, _Rafael A Canez_

      DECLARE UNDER PENALTY OF PERJURY THAT I HAVE SIGNED MY NAME HERE AND/OR IN THE ATTACHED DOCUMENTS, AND THAT IN THE ATTACHED DOCUMENTS I WROTE MY REGISTER NUMBER AND/OR MY COMPLAINT AGAINST THE BOP IN AN ATTEMPT TO FILE A CIVIL CLAIM AGAINST THE BOP FOR CRUEL AND UNUSUAL PUNISHMENT AND DUE PROCESS VIOLATIONS.

X _Rafael A Canez_ SIGNED
X _12/18/22_ DATED

KING COUNTY, SEATTLE, WA 98198

----------------------------------------------------------------------------

FROM: 63840509
TO: Barnett, Carrie
SUBJECT: DECLARATION
DATE: 12/15/2022 08:16:59 PM

I, _Isaac Shomock_

      DECLARE UNDER PENALTY OF PERJURY THAT I HAVE SIGNED MY NAME HERE AND/OR IN THE ATTACHED DOCUMENTS, AND THAT IN THE ATTACHED DOCUMENTS I WROTE MY REGISTER NUMBER AND/OR MY COMPLAINT AGAINST THE BOP IN AN ATTEMPT TO FILE A CIVIL CLAIM AGAINST THE BOP FOR CRUEL AND UNUSUAL PUNISHMENT AND DUE PROCESS VIOLATIONS.

X _____ SIGNED
X ___12/18/22_____ DATED

KING COUNTY, SEATTLE, WA 98198

FROM: 63840509
TO: Barnett, Carrie
SUBJECT: DECLARATION
DATE: 12/15/2022 08:16:59 PM

I, *Mario Brooks*

     DECLARE UNDER PENALTY OF PERJURY THAT I HAVE SIGNED MY NAME HERE AND/OR IN THE ATTACHED DOCUMENTS, AND THAT IN THE ATTACHED DOCUMENTS I WROTE MY REGISTER NUMBER AND/OR MY COMPLAINT AGAINST THE BOP IN AN ATTEMPT TO FILE A CIVIL CLAIM AGAINST THE BOP FOR CRUEL AND UNUSUAL PUNISHMENT AND DUE PROCESS VIOLATIONS.

X _____ SIGNED
X _12.18.22_____ DATED

KING COUNTY, SEATTLE, WA 98198

FROM: 63840509
TO: Barnett, Carrie
SUBJECT: DECLARATION
DATE: 12/15/2022 08:16:59 PM

I, _Cedric Brooks_

      DECLARE UNDER PENALTY OF PERJURY THAT I HAVE SIGNED MY NAME HERE AND/OR IN THE ATTACHED DOCUMENTS, AND THAT IN THE ATTACHED DOCUMENTS I WROTE MY REGISTER NUMBER AND/OR MY COMPLAINT AGAINST THE BOP IN AN ATTEMPT TO FILE A CIVIL CLAIM AGAINST THE BOP FOR CRUEL AND UNUSUAL PUNISHMENT AND DUE PROCESS VIOLATIONS.

X _Cedric Brooks_ SIGNED
X _12-18-22_ DATED

KING COUNTY, SEATTLE, WA 98198

---------------------------------------------------------------------------------

FROM: 63840509
TO: Barnett, Carrie
SUBJECT: DECLARATION
DATE: 12/15/2022 08:16:59 PM

I, Jesus m GARNICA

      DECLARE UNDER PENALTY OF PERJURY THAT I HAVE SIGNED MY NAME HERE AND/OR IN THE ATTACHED DOCUMENTS, AND THAT IN THE ATTACHED DOCUMENTS I WROTE MY REGISTER NUMBER AND/OR MY COMPLAINT AGAINST THE BOP IN AN ATTEMPT TO FILE A CIVIL CLAIM AGAINST THE BOP FOR CRUEL AND UNUSUAL PUNISHMENT AND DUE PROCESS VIOLATIONS.

X _Jesus m Garnica_ SIGNED
X _12-18-22_ DATED

KING COUNTY, SEATTLE, WA 98198

--------------------------------------------------------------------------------

FROM: 63840509
TO: Barnett, Carrie
SUBJECT: DECLARATION
DATE: 12/15/2022 08:16:59 PM

I, _Craig Jordan_ _Craig Jordan_

       DECLARE UNDER PENALTY OF PERJURY THAT I HAVE SIGNED MY NAME HERE AND/OR IN THE ATTACHED DOCUMENTS, AND THAT IN THE ATTACHED DOCUMENTS I WROTE MY REGISTER NUMBER AND/OR MY COMPLAINT AGAINST THE BOP IN AN ATTEMPT TO FILE A CIVIL CLAIM AGAINST THE BOP FOR CRUEL AND UNUSUAL PUNISHMENT AND DUE PROCESS VIOLATIONS.

X _Craig Jordan_ SIGNED _Craig Jordan_
X _12/18/22_ DATED

KING COUNTY, SEATTLE, WA 98198

TRULINCS 63840509 - STEPHENS, JEFFREY - Unit: SET-D-B

-------------------------------------------------------------------------------

FROM: 63840509
TO: Barnett, Carrie
SUBJECT: DECLARATION
DATE: 12/15/2022 08:16:59 PM

I, _Kendle Hawkins_

      DECLARE UNDER PENALTY OF PERJURY THAT I HAVE SIGNED MY NAME HERE AND/OR IN THE ATTACHED DOCUMENTS, AND THAT IN THE ATTACHED DOCUMENTS I WROTE MY REGISTER NUMBER AND/OR MY COMPLAINT AGAINST THE BOP IN AN ATTEMPT TO FILE A CIVIL CLAIM AGAINST THE BOP FOR CRUEL AND UNUSUAL PUNISHMENT AND DUE PROCESS VIOLATIONS.

X _____ SIGNED
X _12/18/22_____ DATED

KING COUNTY, SEATTLE, WA 98198

---------------------------------------------------------------------------------------------

FROM: 32370086
TO:
SUBJECT: EXHIBIT # A-2
DATE: 08/09/2023 11:30:26 AM

EXHIBIT # A-2

Is a copy of the court report from the exhaustion ruling in Mr.. Fricks case where the court ruled that no remedy was available to us inmates. This is relevant since Mrs.. Rogowski submitted references to Mr.. Fricks case in her declaration in Exhibit # 1and also the fact that me and Mr.. Frick were incarcerated on the same day and designated to the same unit where we lived side by side in the unit and attempted to grieve our failures of care at the same time

CHRISTOPHER FRICK, Plaintiff, v. DR. DY, et al., Defendants.
UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON
2023 U.S. Dist. LEXIS 97612
Case No. C22-801-JHC-MLP
May 8, 2023, Decided
May 8, 2023, Filed

**Editorial Information: Subsequent History**

Adopted by, Motion granted by, Motion denied by **Frick v**. Dy, 2023 U.S. Dist. LEXIS 96601 (W.D. Wash., June 2, 2023)

**Editorial Information: Prior History**

**Frick v**. United States, 2022 U.S. Dist. LEXIS 143782, 2022 WL 4227970 (W.D. Wash., July 1, 2022)

**Counsel**                                    {2023 U.S. Dist. LEXIS 1}Christopher Frick, also known as Christerfer A Frick, Plaintiff, Pro se, SEATTLE, WA.
**Judges:** MICHELLE L. PETERSON, United States Magistrate Judge.

**Opinion**

**Opinion by:**              MICHELLE L. PETERSON

**Opinion**

REPORT AND RECOMMENDATION

**I. INTRODUCTION**

This is a prisoner civil rights action proceeding under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971). Plaintiff Christopher Frick ("Plaintiff"), proceeding *pro se* and *in forma pauperis* ("IFP"), is an individual who was confined at the Federal Detention Center ("FDC") in SeaTac, Washington, at the time he filed this action.1 Plaintiff has filed an amended complaint alleging various deprivations of his constitutional rights related to the handling of his Crohn's disease, dental health, and the COVID-19 pandemic during his incarceration at FDC SeaTac. (*See* Third Am. Compl. (dkt. # 52) at 2-10.)

This matter comes before the Court on: (1) Defendants' Motion to Dismiss ("Defendants' Motion"); (2) Plaintiff's "Motion to Strike Defendants' Motion and Request for Sanctions" ("Plaintiff's Motion"); and (3) Defendants Kevin Posalski and T. Thomas's Motion to Join Co-Defendants' Motion to Dismiss ("Defendants' Motion for Joinder"). (Defs.' Mot. (dkt. # 59); Pl.'s Mot. (dkt. # 63); Defs.' Joinder Mot. (dkt. # 68).)

Defendants{2023 U.S. Dist. LEXIS 2} generally contend that Plaintiff's amended complaint should be dismissed for failure to exhaust his administrative remedies prior to bringing this action.2 (Defs.'

DISHOT                                          1

© 2023 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

Mot. at 1-2.) Plaintiff filed a response opposing Defendants' Motion, and Defendants filed a reply. (Pl.'s Resp. (dkt. # 62); Defs.' Reply (dkt. # 64).) Based on Plaintiff's request, this Court additionally authorized a supplemental response and reply to allow Plaintiff time to receive records from FDC SeaTac. (Order (dkt. # 72); Pl.'s Supp. Resp. (dkt. # 73); Defs.' Supp. Reply (dkt. # 75).)

Having considered the parties' motions, the governing law, and the balance of the record, the Court recommends that: (1) Defendants' Motion for Joinder (dkt. # 68) be GRANTED; (2) Plaintiff's Motion (dkt # 63) be DENIED; and (3) Defendants' Motion to Dismiss (dkt. # 59) be DENIED, as further explained below.

## II. BACKGROUND

### A. Plaintiff's Claims

On January 3, 2023, this Court directed Plaintiff's third amended complaint be served on Defendants. (Dkt. # 54.) Plaintiff asserts claims in his third amended complaint against ten FDC SeaTac employees: (1) Chief Dentist James Parker; (2) Dr. Maria Dy; (3) Unit DC Counselor Jeffrey Smith; (4){**2023 U.S. Dist. LEXIS 3**} Unit DB Counselor Jason Behling; (5) Unit Team Supervisor Christopher Fernandez; (6) Warden Israel Jacquez; (7) Clinical Director Scotty Bussell; (8) Health Service Administrator ("HSA") Giles Durano; (9) Acting Assistant HSA Kevin Posalski; and (10) HSA "T. Thomas." (Third Am. Compl. at 1-2; *see also* Defs.' Mot. at 2-3.)

In his first count, Plaintiff alleges Dr. Dy and Chief Dentist Parker violated his Fifth Amendment rights, resulting in deliberate indifference to his medical needs, when they failed to properly treat his Crohn's disease by prescribing him prednisone for flare ups between June 2021 and August 2022, and failing to monitor adverse effects of the medication, and when they failed to schedule any follow up appointments or lab work. (Third Am. Compl. at 2-3.) Based on this treatment, Plaintiff alleges he has suffered from uncontrolled flares of his Crohn's disease, abdominal pain, internal bleeding, and other related ailments. (*Id.* at 3.)

Plaintiff alleges in his second count that Chief Dentist Parker violated his Fifth Amendment rights, resulting in deliberate indifference to his serious dental health needs. (Third Am. Compl. at 3-4.) Plaintiff claims that in June 2021, he reported experiencing pain{**2023 U.S. Dist. LEXIS 4**} in an anchor tooth used to support his partial denture. (*Id.* at 3.) Upon examination at that time, Chief Dentist Parker allegedly advised Plaintiff that his anchor tooth was cracked and exposing a tooth nerve, which was causing him pain. (*Id.*) Plaintiff alleges that following that examination he was refused further examination and treatment, and as a result, he continues to suffer from serious dental pain, his anchor tooth will no longer support his partial denture, and his inability to chew has caused adverse effects on his diet and Crohn's disease. (*Id.* at 3-4.)

Plaintiff's third count alleges that Unit DC Counselor Smith, Unit DB Counselor Behling, and Unit Team Supervisor Fernandez violated his Fifth Amendment due process rights, resulting in deliberate indifference to his safety. (Third Am. Compl. at 4.) Plaintiff alleges that Defendants Smith, Behling, and Fernandez facilitated a series of inmate moves on January 10, 2022, while FDC SeaTac was in a COVID-19 lockdown, that exposed him to COVID-19. (*Id.*) Plaintiff alleges that during these inmate moves, though he had tested negative for COVID-19, he was transferred into a cell that had housed inmates who had tested positive for COVID-19. (*Id.*{**2023 U.S. Dist. LEXIS 5**} at 4.) As a result, Plaintiff alleges he contracted COVID-19. (*Id.*) Despite having tested positive for COVID-19, Plaintiff alleges that he was then told to continue working as a unit orderly, allowing for further spread of the virus. (*Id.*) Based on his exposure and contraction of COVID-19, Plaintiff claims that he now suffers from, *inter alia*, symptoms of long-term COVID-19, more frequent Crohn's disease flares, and a worsening of his compromised immune system causing him severe cramping, bleeding, and

DISHOT 2

© 2023 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

vomiting. (*Id.* at 4-5.)

Plaintiff alleges in his fourth count a claim under *Monell v. Dep't. of Soc. Servs. of City of New York*, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). (Third Am. Compl. at 5.) Specifically, Plaintiff alleges that Warden Jacquez as the policy maker for FDC SeaTac, Clinical Director Bussell as the manager of inmate healthcare, and the Federal Bureau of Prisons ("BOP") as the implementing party responsible for the COVID-19 action plan, each violated his Fifth Amendment constitutional rights of informed consent and access to medical health services.3 (*Id.*) Plaintiff alleges that the BOP implemented the COVID-19 action plan in March 2020, which resulted in Plaintiff being forcibly tested for COVID-19 and being placed in quarantine for nearly a month without access to medical or the sick call system. (*Id.*) Plaintiff alleges that Warden Jacquez authorized a policy of allowing for forcible testing instead of allowing Plaintiff the option to choose segregation over forced testing. (*Id.*) Plaintiff further alleges that Clinical Director Bussell failed to have Plaintiff properly screened by medical personnel upon his arrival or to direct the medical staff to respond to Plaintiff's multiple complaints requesting treatment{**2023 U.S. Dist. LEXIS 6**} for his conditions. (*Id.*) As a result of these policies, Plaintiff alleges that he has suffered "bodily assault," a black eye, lack of medical treatment, and emotional pain and suffering from not having received proper medical care. (*Id.* at 5-6.)

In his fifth count, Plaintiff alleges that Clinical Director Bussell and HSA Durano violated his Fifth Amendment rights to due process, resulting in deliberate indifference to his medical needs. (Third Am. Compl. at 6.) Plaintiff alleges that Clinical Director Bussell and HSA Durano both failed to review or act on his multiple requests for medical care regarding his Crohn's disease and dental issues, specifically claiming to have sent "over 100 medical sick call requests" over the last 14 months without receiving a reply or an appointment. (*Id.*) Plaintiff further claims that HSA Durano failed to follow up about the long-term effects of continued prednisone use on his Crohn's disease, failed to give access to assistance from outside health care providers, and failed to schedule a dental appointment to extract or fix his cracked anchor tooth. (*Id.*) Plaintiff asserts that he suffered from severe Crohn's disease flare ups, blood loss, cramping, medication{**2023 U.S. Dist. LEXIS 7**} side effects, emotional distress, and tooth pain as a result of the lack of medical care. (*Id.*)

In his sixth count, Plaintiff alleges that Acting Assistant HSA Posalski and HSA T. Thomas violated his Fifth and Eighth Amendment rights to adequate medical care, resulting in deliberate indifference to his medical needs.4 (Third Am. Compl. at 7.) Plaintiff claims that both HSA Posalski and T. Thomas failed to treat his Crohn's disease and failed to monitor his lab results and high blood pressure, which they were court ordered to treat by Judge Jones in his criminal case. (*Id.* (citing *United States v. Frick*, CR21-110-RAJ-1 (W.D. Wash.), dkt. ## 121, 126).)

Plaintiff alleges that both HSA Posalski and T. Thomas also failed to provide him release medications despite being aware that he was being released to receive care for his medical ailments. (Third Am. Compl. at 7.) Plaintiff claims that he had to go to the emergency room shortly after being released due to "acute steroid withdrawal" because he was not provided release medications. (*Id.*) Plaintiff further notes that, in November 2022, HSA Posalski provided him ibuprofen, which is contraindicated for his medical conditions, in place of previously prescribed{**2023 U.S. Dist. LEXIS 8**} painkillers and left him with no pain medication after an oral surgery. (*Id.* at 7-8.) Plaintiff claims that as a result of the lack of medical care, he has now developed other medical conditions, including high blood pressure, steroid addiction, and heart issues, and that he has suffered from prolonged mouth pain. (*Id.* at 8.) Finally, Plaintiff alleges in his seventh count that Warden Jacquez violated his Fifth Amendment rights, resulting in deliberate indifference to his safety, by implementing and overseeing FDC SeaTac's Primary Care Provider Team health service program. (Third Am. Compl. at 8-10.) In sum, Plaintiff claims that Warden Jacquez is responsible for short staffing at FDC

DISHOT                                    3

© 2023 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

SeaTac since January 2020, which has resulted in an insufficient electronic sick call system that allowed for his medical conditions to go untreated. (*Id.* at 8-9.) As such, Plaintiff claims *inter alia* that his treatment while at FDC SeaTac consisted solely of documenting his worsening condition, continuing ineffective steroid treatment that caused him to become dependent on such treatment, and failing to address life-threatening blood pressure readings that resulted in heart complications. (*Id.* at 9-10.)

Plaintiff seeks{2023 U.S. Dist. LEXIS 9} $10 million in compensatory damages and $30 million in punitive damages, and he requests that the charges in his criminal case be dismissed due to his conditions of confinement. (Third Am. Compl. at 10.)

**B. BOP Administrative Remedy Program**

Per Defendants, FDC SeaTac utilizes the BOP Administrative Remedy Program for inmates to submit complaints concerning their confinement. (Brieschke Decl. (dkt. # 60) at ¶¶ 3, 5 (citing 28 C.F.R. §§ 542.10-542.19).) All inmates upon arrival at any BOP institution, via initial placement or transfer, are required to attend "Admissions and Orientation," which covers what the program is, what it is used for, and how to access it. (*Id.* at ¶ 8.)

The inmate must first seek informal resolution of their issue through their institution's staff using an informal resolution form referred to as a BP-8. (Brieschke Decl. at ¶ 4 (citing 28 C.F.R. § 542.13).) After seeking an informal response on a BP-8, the inmate may then submit a formal complaint to the institution's warden by filing a BP-9 if the informal response to the BP-8 is unsatisfactory. (*Id.* (citing 28 C.F.R. § 542.14).) If the institution's warden denies the BP-9, the inmate may then appeal the denial to the Regional Director of the region in which they are confined{2023 U.S. Dist. LEXIS 10} by filing a BP-10. (*Id.* (citing 28 C.F.R. § 542.15(a)).)

If the Regional Director denies the BP-10, the inmate may then appeal to BOP's General Counsel in Washington, D.C by filing a BP-11 within 30 days of the Regional Director's response. (Brieschke Decl. at ¶ 4; *see also id.* at ¶ 9(I) (citing 28 C.F. R. § 542.15(a)).) Exhaustion of administrative remedies does not occur until the inmate has requested and been denied relief at each level. (*Id.*)

**C. Plaintiff's Administrative Remedy History**

Plaintiff was in custody at FDC SeaTac from May 20, 2021, until December 15, 2022. (Second Brieschke Decl. (dkt. # 65) at ¶ 3.) Relevant to the period of Plaintiff's allegations, on May 23, 2022, Plaintiff filed a BP-9 that requested: (1) medical care for his Crohn's disease; (2) an explanation for why he was being given medication for his Crohn's disease that was contraindicated for his condition; (3) a special diet due to difficulties he was having eating because of his dental issues; and (4) an explanation for why he was let go from his inmate job. (*See* Brieschke Decl. at ¶ 9(E); Pl.'s Resp. at 10, 14, 24.) The remedy was rejected the same day because Plaintiff did not submit the required number of copies, because it contained too many issues,{2023 U.S. Dist. LEXIS 11} and because it did not relate to issues contained in his previously filed BP-8.5 (*Id.*) Plaintiff was advised to correct his remedy and to re-submit within five days. (*Id.*)

On July 11, 2022, Plaintiff re-filed the same remedy. (Brieschke Decl. at ¶ 9(F).) However, this remedy was also rejected on the same day because it contained too many issues. (*Id.*) Plaintiff was advised to correct and re-submit within five days, but per Defendants' records, Plaintiff did not re-submit this remedy. (*Id.*)

On August 3, 2022, Plaintiff filed a new BP-9 again requesting both medical and dental attention for his ailments. (Brieschke Decl. at ¶ 9(G); Pl.'s Resp. at 13.) This remedy was closed on September 1, 2022. (Brieschke Decl. at ¶ 9(G).)

DISHOT                                             4

© 2023 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

On October 17, 2022, Plaintiff appealed the September 1, 2022 decision, but this remedy was rejected the same day by the BOP Regional Director because Plaintiff did not appeal on the proper form. (*Id.* at ¶ 9(I); Pl.'s Resp. at 23.) Based on Defendants' records, an appeal of this remedy would have been due to BOP's General Counsel by November 17, 2022, but Plaintiff did not appeal. (Brieschke Decl. at ¶ 9(I).)

On August 15, 2022, Plaintiff filed a remedy complaining{**2023 U.S. Dist. LEXIS 12**} about FDC staff, "being placed in cell 29", and COVID-19 issues at FDC Sea-Tac. (Brieschke Decl. at ¶ 9(H).) Per Defendants' records, this remedy was closed the same day, and Plaintiff did not appeal. (*Id.*) Therefore, based on Defendants' records, Defendants represent that Plaintiff did not exhaust the BOP Administrative Remedy Program with regard to any of the issues he raises in his third amended complaint. (*Id.* at ¶ 10.)

However, Plaintiff asserts that several of his filed administrative remedies were either not considered, not responded to, or not tracked by Defendants' database. (Pl.'s Resp. at 1.) Plaintiff has submitted in support of this assertion a record of an administrative remedy appeal he alleges he filed on October 3, 2022, with regard to his medical and dental issues, but indicates he never received a response to. (*Id.* at 11-12.) Plaintiff has also submitted correspondence concerning multiple inquires he made to FDC SeaTac staff about the status of his administrative remedies. (*Id.* at 14-17, 19.) Based on this correspondence, it appears that Plaintiff's BP-9 that he filed with regard to his request for medical care for his Crohn's disease and a special diet was lost by{**2023 U.S. Dist. LEXIS 13**} FDC staff, though Plaintiff was advised based on his inquiry that it had been rejected. (*Id.* at 15-16.)

Plaintiff additionally provides evidence of inquiries he sent to FDC staff on May 22-23, 2022, and on June 8, 2022, that indicate he had filed multiple administrative remedy requests over the past six months, but had received only one response about having too many issues listed in his remedy. (Pl.'s Resp. at 17, 19-21.) Across these inquiries, Plaintiff sought explanation for why his administrative remedies were disappearing or otherwise being denied. (*Id.*) Based on this evidence, Plaintiff avers several of his remedies either received no response or were designated "as lost and never returned." (*See id.* at 19.)

### D. Plaintiff's Additional Evidence

Plaintiff has also submitted to the record a declaration from Paula Olson, his appointed defense counsel in his criminal case, who has represented Plaintiff since June 2021. (Olson Decl. (dkt. # 74).)

Per Ms. Olson, she learned early in her representation of Plaintiff that he had significant medical issues that were being unattended to while confined at FDC SeaTac. (Olson Decl. at 1.) Based on his lack of received medical attention for his{**2023 U.S. Dist. LEXIS 14**} Crohn's disease and cracked tooth, Ms. Olson filed several motions seeking review of Plaintiff's detention status, which as noted above, ultimately resulted in Plaintiff's temporary release by Judge Jones to obtain treatment. (*Id.*; *see also United States v. Frick*, CR21-110-RAJ-1 (W.D. Wash.), dkt. ## 126-27.) Ms. Olson further states that Plaintiff informed her on many occasions of "emails and electric copouts" he sent to medical staff at FDC SeaTac, as well as his efforts to appeal any unfavorable response to the warden. (Olson Decl. at 1-2.) Ms. Olson asserts that she is "aware and [has] seen multiple grievances that [Plaintiff] filed that were not responded to." (*Id.* at 2.)

Finally, in an attached exhibit to Ms. Olson's declaration, Plaintiff has submitted several signed declarations and statements from at least 20 FDC SeaTac inmates regarding their inability to exhaust their administrative remedies with regard to requests to seek medical attention while confined at FDC SeaTac. (*See* Olson Decl., Ex. 1 (dkt. # 74-1) at 1-29.) In general, the inmate statements represent that FDC SeaTac Unit Counselors routinely fail to file inmate remedies, only

DISHOT                                            5

© 2023 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

accepting inmate remedies after a significant{2023 U.S. Dist. LEXIS 15} delay or otherwise refusing to accept inmate remedies at all.6 (*See id.* at 23-27.) The inmates' statements further claim that any remedies that are accepted regularly do not receive responses, and as a result, the FDC SeaTac inmates are unable to exhaust their administrative remedies. (*See id.*) The inmates' statements also represent that none of them were given an orientation, handbook, and/or guide by FDC SeaTac staff as to how to file a remedy under the BOP's Administrative Remedy Program, and that they do not receive assistance from FDC SeaTac staff on how to properly fill out the required forms. (*See id.*)

## III. DISCUSSION

### A. Defendants' Motion for Joinder

First, Defendants' Motion for Joinder seeks to join Defendants' Thomas and Posalski to Defendants' Motion. (Defs.' Joinder Mot.) At the time Defendants' Motion was initially filed, Defendants Thomas and Posalski had not yet obtained representation from the Department of Justice. (*See* Defs.' Mot. at 1, n.1.) However, both subsequently obtained representation prior to Defendants' Motion becoming ripe for the Court's consideration. (*See* dkt. # 67.)

As detailed above, Plaintiff's third amended complaint raises claims against both Defendants{2023 U.S. Dist. LEXIS 16} Thomas and Posalski for alleged violations of his Fifth and Eighth Amendment rights to adequate medical care based on their alleged failure to treat his Crohn's disease and dental health. (*See* Third Am. Compl. at 7-8.) These claims are of the same constitutional import and dimension as those brought against the other FDC SeaTac Defendants. (*See id.* at 3-6.) In addition, Defendants Thomas and Posalski similarly claim that Plaintiff has failed to exhaust his administrative remedies with respect to the claims asserted against them. (Defs.' Joinder Mot. at 2-3.)

Defendants Thomas and Posalki's arguments are both factually and legally appropriate for consideration in conjunction with Defendants' Motion. Plaintiff has also not submitted any opposition to Defendants Thomas and Posalski joining in Defendants' Motion. Therefore, Defendants' Motion for Joinder should be granted.

### B. Plaintiff's Motion to Strike and Request for Sanctions

Next, Plaintiff's Motion requests that the Court strike Defendants' Motion and issue sanctions against Defendants for failing to mail him copies of Defendants' Motion. (Pl.'s Mot. at 1.) Plaintiff avers that Defendants mispresented to the Court that their motion was sent by certified{2023 U.S. Dist. LEXIS 17} mail as he did not receive it. (*Id.*) Plaintiff represents that he only learned of Defendants' Motion after talking with his defense counsel in his criminal case, who discovered the motion had been filed and informed Plaintiff. (*Id.*) Plaintiff notes this is the second time Defendants have misrepresented a certified mail filing, pointing to an earlier filing in this case that Defendants represented as mailed to Plaintiff on November 3, 2022, but that was in fact mailed on November 9, 2023. (*Id.* at 1-2, 7-8 (citing dkt. ## 37, 41).)

Defendants respond that their motion to dismiss was filed on February 13, 2023. (*See* Defs.' Mot.) Defendants' attached certificate of service notes that Defendants served Plaintiff by first class mail on February 13, 2023, at his registered address on PACER. (*Id.* at 12.) Defendants further respond that even if Plaintiff did not receive the motion in the mail, there is no prejudice to Plaintiff as he admits he obtained a copy by February 27, 2023, and was able to timely respond. (Defs.' Resp. (dkt. # 66) at 2.) Plaintiff did not file a reply to Defendants' response.

Here, Plaintiff timely filed a response to Defendants' Motion on February 28, 2023, six days before{2023 U.S. Dist. LEXIS 18} it was due on March 6, 2023. (*See* Pl.'s Resp.) As such, Plaintiff was not prejudiced by any alleged failure to receive Defendants' Motion as he was able to obtain a

DISHOT                                        6

© 2023 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

32370086

copy of Defendants' Motion with enough time to timely submit an opposition to it. *See Munoz-Munoz v. Locke*, 2013 WL 12177036, at *2 (W.D. Wash. Mar. 19, 2013) ("Here, Plaintiff seeks a severe sanction-striking an entire dispositive motion which she undisputedly received-for a minor error. While the filing should have been mailed to Plaintiff . . . there is no apparent prejudice . . . given that she not only received, but has responded to the motion in a timely manner.").

Because Plaintiff was not prejudiced by any alleged non-receipt of Defendants' Motion in the mail, Plaintiff's Motion should be denied.

### C. Defendants' Motion to Dismiss

Defendants' Motion argues that they have met their burden to demonstrate that Plaintiff failed to exhaust his administrative remedies prior to filing this action, and therefore, are entitled to judgment as a matter of law. (Defs.' Mot. at 1-2, 7-11.) Defendants additionally contend that Plaintiff has failed to cite to any affirmative acts by FDC SeaTac officials that demonstrate that he was prevented from fully exhausting any of his submitted remedies relating{**2023 U.S. Dist. LEXIS 19**} to claims contained in his third amended complaint. (*Id.*; Defs.' Supp. Reply at 2-4.)

Plaintiff counters that he should not be required to fully exhaust his available administrative remedies because several of his administrative remedies went missing or remained unanswered. (*See* Pl.'s Resp.; Pl.'s Supp. Resp.) As such, Plaintiff argues that he has exhausted his available administrative remedies and that any failure to exhaust should be excused because Defendants have abused the administrative remedy system to cause the process to go uncompleted.7 (Pl.'s Supp. Resp. at 2-9, 11-12.)

*i. Exhaustion Legal Standards*

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Under the PLRA, a prisoner must exhaust "available" administrative remedies before filing suit. *Woodford v. Ngo*, 548 U.S. 81, 85, 126 S. Ct. 2378, 165 L. Ed. 2d 368 (2006), *accord, Jones v. Bock*, 549 U.S. 199, 211, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007) ("There is no question that exhaustion is mandatory under the PLRA"); *Albino v. Baca*, 747 F.3d 1162, 1165 (9th Cir. 2014) (en banc). The prisoner must complete the administrative review process in accordance with the{**2023 U.S. Dist. LEXIS 20**} applicable rules. *Woodford*, 548 U.S. at 92-95 (finding "proper" exhaustion means full compliance with all procedural requirements of an institution's grievance process).

Defendant bears the initial burden of showing there was an available administrative remedy and that plaintiff did not exhaust that remedy. *Albino*, 747 F.3d at 1169, 1172. Once that showing is made, the burden shifts to plaintiff to demonstrate he exhausted his administrative remedies or to "come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him" by "showing that the local remedies were ineffective, unobtainable, unduly prolonged, inadequate, or obviously futile." *Id.* at 1172 (citation omitted). Because failure to exhaust is an affirmative defense Defendants must plead and prove, the ultimate burden rests with Defendants. *Id.*

Summary judgment is appropriate if the undisputed evidence, viewed in the light most favorable to plaintiff, shows a failure to exhaust. *Albino*, 747 F.3d at 1166, 1168; Fed. R. Civ. P. 56(a). If, however, material facts are disputed, then "summary judgment should be denied" and disputed factual questions relevant to exhaustion should be decided by the court "in a preliminary proceeding."{**2023 U.S. Dist. LEXIS 21**} *Albino*, 747 F.3d at 1166, 1168. If administrative remedies

DISHOT                                                                 7

© 2023 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

have not been exhausted at the time an action is brought, the action must be dismissed without prejudice. *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002) (per curiam); *see also Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003), *overruled on other grounds by Albino*, 747 F.3d at 1162 ("If the district court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice.").

*ii. Analysis*

Here, Defendants have submitted evidence that the BOP provides an administrative remedy process and that Plaintiff failed to completely exhaust it for any of his claims. (*See* Brieschke Decl. at ¶¶ 9-10.) Defendants' evidence demonstrates that Plaintiff filed at least three administrative remedies relating to the claims contained in his complaint, including one remedy that was at least appealed to the BOP Regional Director, but that none were appealed to BOP's General Counsel. (*Id.* at ¶¶ 9(E)-(I), 10.) This would suggest that Plaintiff generally understood the BOP's Administrative Remedy Program and that it was available to him. Plaintiff also appears to not dispute that he did not fully exhaust the program's appeal process with respect to the claims contained in his complaint. (*See* Pl.'s Supp. Resp. at 5-7.) Consequently, Defendants{**2023 U.S. Dist. LEXIS 22**} have met their initial burden of showing there was an available administrative remedy and that Plaintiff did not exhaust that generally available remedy.

However, Plaintiff in turn has submitted evidence with his response that several of his remedies were either not responded to by FDC SeaTac staff or were otherwise lost by FDC SeaTac staff such that BOP's Administrative Remedy Program was not effectively available to him. (*See* Pl.'s Resp. at 11-12, 15-19; Olson Decl.) Furthermore, Plaintiff represents and submits that inmates at FDC SeaTac do not receive any formal training in how to properly utilize the BOP's Administrative Remedy Program and that the only way for him to seek relief for his medical issues was through the review of his detention order in his criminal case. (*See* Pl.'s Supp. Resp. at 4 (citing Olson Decl., Ex. 1), 12-14.)

An administrative process is available if it is "capable of use." *Ross v. Blake*, 578 U.S. 632, 643, 136 S. Ct. 1850, 195 L. Ed. 2d 117 (2016). The Supreme Court has explained administrative remedies are deemed "unavailable" to an inmate: (1) where the administrative remedy "operates as a simple dead end-with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) where the administrative scheme{**2023 U.S. Dist. LEXIS 23**} is opaque and incapable of use; and (3) where administrators "thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 643-44; *see also Fuqua v. Ryan*, 890 F.3d 838, 850 (9th Cir. 2018). Consequently, "acts by prison officials preventing the exhaustion of administrative remedies may make administrative remedies effectively unavailable." *See Luyster v. Bishop*, 2022 U.S. Dist. LEXIS 193494, 2022 WL 13925792, at *4 (W.D. Wash. Oct. 24, 2022) (citing *Nunez v. Duncan*, 591 F.3d 1217, 1224-25 (9th Cir. 2010)). The Ninth Circuit has also "refuse[d] to interpret the PLRA so narrowly as to . . . permit [prison officials] to exploit the exhaustion requirement through indefinite delay in responding to grievances." *Id.* (citing *Brown v. Valoff*, 422 F.3d 926, 943 n.18 (9th Cir. 2005) (quoting *Lewis v. Washington*, 300 F.3d 829, 831-32 (7th Cir. 2002)).

Viewing the evidence in the light most favorable to Plaintiff, this Court finds that genuine issues of material fact exist as to the effective availability of Plaintiff's administrative remedies at FDC SeaTac. Based on the evidence submitted by Plaintiff, Plaintiff routinely inquired as to the status of his administrative remedies, why they were missing, why he was not receiving a response to his filed remedies, and why his remedies were being denied. (*See* Pl.'s Resp. at 14-17, 19-21.) In at least one instance, FDC SeaTac staff admitted to having lost Plaintiff's BP-9 form for one of his remedies at

DISHOT                                          8

© 2023 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

issue{2023 U.S. Dist. LEXIS 24} in this case. (*See id.* at 15.) Several of Plaintiff's inquiries also appear to have not been responded to by FDC SeaTac staff. (*See id.* at 17, 19-21.)

Plaintiff has further represented that his requests to obtain forms to submit remedies, or re-submit previously denied remedies, were either delayed for months or not responded to by FDC SeaTac staff to allow him to appropriately proceed through the process. (*See* Pl.'s Resp. at 2, 5-6; Pl.'s Supp. Resp. at 11-12.) Plaintiff has substantiated his difficulties progressing through the BOP's Administrative Remedy Program with evidence of the above-considered inquiries to FDC SeaTac submitted with his response, and through his criminal counsel's declaration in which counsel testifies that she is aware of and has seen remedies Plaintiff filed that were not responded to or addressed. (*See* Olson Decl. at 1-2.) Plaintiff has also provided several signed statements and declarations from FDC SeaTac inmates with Ms. Olson's declaration who all corroborate Plaintiff's account given their own difficulties exhausting administrative remedies to obtain medical attention while confined at FDC SeaTac. (*See id.*, Ex. 1 at 23-27.)

In addition, Defendants have{2023 U.S. Dist. LEXIS 25} not submitted any information as to what specific training or handbooks were provided to Plaintiff to utilize BOP's Administrative Remedy Program. *See Albino*, 747 F.3d at 1174-76 (finding defendants failed to demonstrate available administrative remedy where defendants failed to provide evidence showing inmates were told how to use the grievance procedure). Defendants submit that such training is provided to inmates at the time of admission into a BOP institution as part of their orientation. (*See* Brieschke Decl. at ¶ 8.) Defendants have not, however, submitted any evidence as to what was actually provided to Plaintiff, what is provided to FDC SeaTac inmates at orientation, or whether any other supplemental materials exist to help inform inmates how to progress through the BOP's Administrative Remedy Program.8 Plaintiff's evidence also suggests that such training is not provided at the time of admission to FDC SeaTac and that many inmates only know of the administrative remedy process because another inmate told them (Olson Decl., Ex. 1 at 23-27). *See King v. McCarty*, 781 F.3d 889, 896 (7th Cir. 2015), *overruled on other grounds by Henry v. Hulett*, 969 F.3d 769 (7th Cir. 2020) (en banc) ("Prisoners are required to exhaust grievance procedures they have been told about, but not procedures they have not{2023 U.S. Dist. LEXIS 26} been told about."); *see also Albino*, 747 F.3d at 1174-76.

At a minimum, and on this record, it is clear that genuine issues of material fact also exist as to what information Plaintiff received regarding the BOP's Administrative Remedy Program to render it effectively available and capable of use. Such information and training would likely have allowed Plaintiff to avoid the repeated procedural hurdles that appear to have plagued him in attempting to navigate Defendants' administrative scheme to exhaust the claims contained in his third amended complaint. (*See* Pl.'s Resp. at 14-17, 19-21; Brieschke Decl. at ¶ 9(E)-(H).)

Where material facts are disputed with regard to an inmate's failure to exhaust, "summary judgment should be denied, and the district judge rather than a jury should determine the facts." *Albino*, 747 F.3d at 1166. This Court finds that genuine issues of material fact exist precluding summary judgment given the parties' conflicting evidence as to the effective availability of the BOP's Administrative Remedy Program at FDC SeaTac for Plaintiff. Accordingly, Defendants have failed to meet their burden to demonstrate that Plaintiff failed to fully exhaust his available administrative remedies as to the claims contained{2023 U.S. Dist. LEXIS 27} in his third amended complaint, and therefore, Defendants' Motion should be denied.

### IV. CONCLUSION

Based on the foregoing, the Court recommends that: (1) Defendants' Motion for Joinder (dkt. # 68) be GRANTED; (2) Plaintiff's Motion (dkt. # 63) be DENIED; and (3) Defendants' Motion (dkt. # 59) be

DISHOT 9

© 2023 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

32370086

DENIED. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **twenty-one (21)** days after the filing of this Report and Recommendation. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motion calendar **fourteen (14)** days after they are served and filed. Responses to objections, if any, shall be filed no later than **fourteen (14)** days after service and filing of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **June 2, 2023**.

The Clerk is directed to send copies of this Report and Recommendation to the parties and to the Honorable John H. Chun.

Dated this 8th day of May, 2023.

/s/ Michelle**{2023 U.S. Dist. LEXIS 28}** L. Peterson

MICHELLE L. PETERSON

United States Magistrate Judge

**Footnotes**

1

On December 14, 2022, the Honorable Richard A. Jones temporarily released Plaintiff from custody in his underlying criminal case for purposes of obtaining treatment for his medical conditions in the community. *See United States v. Frick*, CR21-110-RAJ-1 (W.D. Wash.), dkt. ## 126-27. Plaintiff remains on home detention on an appearance bond. *Id.*, dkt. ## 133, 151.

2

Defendants assert in a footnote that Plaintiff has no remedy for his claims because they are an impermissible extension of *Bivens* and Defendants are otherwise entitled to qualified immunity. (Defs.' Mot. at 1 n.1 (citing *Ziglar v. Abbasi*, 582 U.S. 120, 137 S. Ct. 1843, 1845-55, 198 L. Ed. 2d 290 (2017); *Egbert v. Boule*, 142 S. Ct. 1793, 1803, 213 L. Ed. 2d 54 (2022)).) Defendants did not specifically raise these defenses in the instant motion, but note that they reserve the right to raise these defenses at a later time. (*Id.*)

3

Though named in this count, Plaintiff did not list the BOP as a defendant in his amended complaint and has previously been advised that it is not a viable party for a *Bivens* claim. (*See* dkt. ## 10 at 4-5, 17 at 12 ("Plaintiff has asserted a claim against BOP, but Plaintiff failed to name the BOP as a Defendant in his proposed amended complaint, and as Plaintiff has been previously advised, there can be no *Bivens* cause of action against a federal agency. *See FDIC v. Meyer*, 510 U.S. 471, 484-486, 114 S. Ct. 996, 127 L. Ed. 2d 308 (1994).").)

4

Plaintiff was previously advised that the Eighth Amendment was an improper vehicle for bringing his claims as a pretrial detainee. (*See* dkt. # 17 at 10 ("Because Plaintiff is currently a pretrial detainee . . . the Eighth Amendment has no applicability because the government 'does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law.' *Ingraham v. Wright*, 430 U.S. 651, 672 n.40, 97 S. Ct. 1401, 51 L. Ed. 2d 711 (1977).").)

DISHOT                                               10

© 2023 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

A submitted "remedy" allows an inmate to file a complaint or grievance concerning their confinement in BOP's Administrative Remedy Program. (*See* Brieschke Decl. at ¶ 3 (citing 28 C.F.R. §§ 542.10-542.19); *see also* Second Brieschke Decl. at ¶ 3.)

Plaintiff's submitted evidence also includes "TRULINCS" communications between two FDC SeaTac inmates and FDC SeaTac staff from October 2022 and February 2023 evincing the inmates' difficulties and delay in being able to file the required BP-8 and BP-9 forms for BOP's Administrative Remedy Program. (Olson Decl., Ex. 1 at 27-29.) However, it is unclear from these submissions whether these inmates' inquiries were responded to by FDC SeaTac staff.

Plaintiff additionally argues that Judge Jones's decision to allow him to be temporarily released pending his criminal trial should "exhaust the remedy requirement by default." (Pl.'s Supp. Resp. at 13-14.) Though it is clear Judge Jones viewed Plaintiff's lack of treatment for his medical issues at FDC SeaTac as warranting his temporary release, Judge Jones's determination in Plaintiff's criminal case is irrelevant to the issue before this Court of whether Plaintiff exhausted his available administrative remedies before filing suit.

Plaintiff's supplemental response suggests that admission orientation packets are provided to inmates at orientation and are supposed to be signed off to evince that they received orientation. (Pl.'s Suppl. Resp. at 4.) Plaintiff represents that no such orientation is provided to inmates at FDC SeaTac, or at least, that it has not existed for some time. (*Id.*)

DISHOT  **11**

© 2023 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

----------------------------------------------------------------------------------------

FROM: 32370086
TO:
SUBJECT:
DATE: 08/21/2023 08:36:32 AM

MICHAEL A WOOD                                    HONORABLE DAVID W CHRISTEL

     V

BUREAU OF PRISONS ET AL                           NO. 2:22-CV-636-DGE-DWC

                                                         PLAINTIFFS ANSWER RE:

                                            INDIVIDUAL BOP DEFENDENTS

                                            SUPPLEMENTAL BRIEF

    The defendants have failed in proving a remedy was available. I've covered almost every thing in my answer to the converted motion to summary judgement that i can without the unanswered discovery requests that i sent to the defendants on 8-07-23 ( see exhibit 1 copy of the responded requests) that instructions given by the court only pertained to the exhaustion request. As of the current date of filing this answer i have not received anything. I ask that the courts compel this discovery and allow me the opportunity to supplement my answer. I am unable to exhaust court rules of trying to receive discovery i cant conduct a conference call unless the defendants initiate the process in which my speech impairment ( aphasia ) will make understanding difficult.

    The defense in their argument only provide a "generalized" retrieval of my filed grievances and not the grievances themselves that as seen in my exhibits in my answer to the converted motion i obviously made multiple attempts giving the defendants multiple opportunities to provide me with the information needed to follow instructions given to me on my appeals. Again the defense argues that all inmates are " REQUIRED " to attend A&O and sign for the receiving of the inmate handbook. 1st if an inmate is "REQUIRED" to follow a program the BOP is "REQUIRED" to provide the program to be followed. The defendant "KNOW" that staff and inmates were unable to follow normal procedures during the pandemic that modified operational plans were in place by the BOP COVID-19 ACTION PLAN that made it impossible. Yet the defendants are trying to hold me to properly utilize a system that they were not following at all. The defense could of provided the following documents to prove that an A&O was conducted BP-5597 BP-5518 or copy of the A&O master check list but didn't because no A&O was conducted. They then intentionally submit a intake form misrepresenting that this form was signed on 3-28-19 when it is from 3-28-14. to make it look like i recently was informed of the rules and regulations even if this form was from 2019 i was not arrested until 2021. Further if you look at the form it was clearly filled out after it was signed which is a standard of practice by the BOP during intake. The ink used does not match my signature so Mrs. Rogowski's statement that " I " signed for the book is knowingly false. This form was signed and dated at the exact time that the intake screen was entered into the computer supporting that this form was filled out after i signed it . This is all irrelevant anyways since it was from almost 9 years ago. Mrs. Rogowski also vindictively provided the form in her EX C violating my privacy rights this is a sensitive form and was not sealed before entering it into evidence. This is now a public document that has put my security and safety at risk in the prison. She knew of it sensitivity because she did attempt to black out my birthdate. I will be asking for compensation for this violation.

    The defense continues to claim that i never attempted to fix the deficiencies in my grievances but as seen in my exhibits attached to the converted motion i clearly contacted the warden and other administrative staff for a reason never receiving a reply. The fact that i could not even get a BP-8 for over 5 months completes exhaustion requirement. The fact that administrative staff were returning grievances without filing them completes exhaustion. The staff were obviously put on notice of serious medical need posing life threats and treated my grievances with deliberate indifference.

NO REMEDY WAS MADE AVAILABLE

MICHAEL A WOOD

8-25-23



FROM: 32370086
TO:
SUBJECT: INTERROGATORIES/ DICOVERY REQUEST
DATE: 08/07/2023 07:20:57 AM

MICAHEL A WOOD

V

BUREAU OF PRISONS ET AL

DAVID W CHRISTEL

NO.2:22-CV-636-DGE-DWC

REQUESTS FOR DISCOVERY/INTERRAGATORIES

Mrs Johnson

I have the following discovery requests concerning the exhausting of remedies. I'm also providing the reason for the need of the discovery requests and interrogatories. Everything is directly responsive to the motion for summary judgment and declaration that was filed. To not be over burdensome I'm only going to address Israel Jacquez and redirect Danielle Rogowski's declaration.

REQUESTS FOR DOCUMENTS

1) Complete medical files i need to be able to confirm or deny the allegations that care was provided in my administrative remedies and to be able to cross check dates in Mrs. Rogowski's declaration.

2) Copies of all electronic staff messages that i have sent from 6-10-21 to current date. To prove exhaustion since the 1st step as stated in Rogowski's declaration is to contact staff and this is done through the electronic staff messaging system and to counter claims that i did not seek a reason for being untimely from staff to satisfy demands made by region and central offices.

3) Copies of all the actual filed and received grievances with their attachments that i have filed regarding this claim from 6-10-21 to current date not just a sentry input that does not show the whole grievance or the response that was written of the grievance. To show that every issue in my claim was included in the grievances and that the grievances asked the warden and staff for an excuse of being untimely and that medical care is an ongoing claim exempt from a timely matter until such care is given.

4) Copies of the communication between Israel Jacquez and US Congressman Derik Kilmer where Kilmer sent a request to the warden that i receive medical care and Jacquez's response top Kilmer. Since according to US government concerning grieving one of its agencies congress is an acceptable means of filing a administrative complaint when the agency fails to provide a remedy it can be used as a final step to exhaustion.

INTERRAGATORIES

Israel Jacquez

1) On 6-10-21 when i was booked into FDC SeaTac was new arrivals being issued in R&D with copies of the inmate handbook that contains instructions/rules on the grievance process ? If so who can confirm this process was being followed officers Cady ? Scurlock ? If so can you provide a declaration that this was being done.

2) During the time that i was incarcerated at FDC SeaTac from 6-10-21 to 2-07-23 was the institution conducting A&O which would have provided the inmates with instruction on how to use the administrative remedy /grievance system ? If yes who was conducting A&O and how was it conducted ? If not please explain why not ?

3) During the time frame from 6-10-21 to 2-07-23 were you made aware from inmates at FDC SeaTac that your staff was not following the rules stated by policy for proper access to the grievance system by either staff messaging, personal encounters or the rare bp-8 or bp-9 ?

4) During the time frame from 6-10-21 to 2-07-23 did the plaintiff ever contact you or other staff through staff messaging or a bp-8 or bp-9 stating that staff were not following proper procedures for the grievance system ? or for an excuse as to why his grievance was returned stating that it was untimely ?

5) Do you recall responding to a staff message sent by the plaintiff stating all these concerns when he could not get an answer to a bp-8 where you responded that the staff message system was not the proper procedure and that if he continued to use it in

----------------------------------------------------------------------------------------------------

this manner he would lose his email privilege's ?

6) Were you the one who ordered staff between 6-10-21 to 2-07-23 to start screening all grievances before issuing the proper form and to manually enter them into the computer where their own words were being used to summarize the grievance ?

7) Were you aware that the plaintiff was being returned bp-9's from your office without being filed and given improper instructions on how to proceed?

8) From 6-10-21 to 7-10-21 while being quarantined were inmates given access to the administrative remedy process or to the electronic staff messaging system ? if not why ? if yes then please state the names of those who were responsible ?

DANIELLE ROGOWSKI

1) When a declaration is made under penalty of perjury does a declarant purjorize themselves by not using all personal knowledge known at the time the declaration is made when making a statement ?

2) You state that you have worked at FDC SeaTac since Dec 2020 correct ?

3) Were you aware that during your time at FDC SeaTac from Dec 2020 to date that the complaint was filed that the institution was under BOP COVID-19 ACTION PLAN and was under quarantine protocols and operating under modified operations ?

4) Being familiar with the institution and the administrative remedy process do you know wither inmates being quarantined had access to staff messaging an or the grievance system  between 6-10-21 and 7-10-21 ?

5) As an attorney for the BOP is a medical grievance for continued failure to provide medical care fall under the timeliness rule for filing a grievance or is it a reoccurring event ?

6) You stated that all inmates are required to attend an A&O where they are given all the information needed to properly use/access the grievance process. During your time at FDC SeaTac from 6-10-21 to 2-07-23 was the institution conducting A&O ? if so by who ? & how was it conducted ? & where ? & If inmates are required by policy and subject to disciplinary actions if they do not attend A&O by policy what sanctions are available for the BOP for not following policy and conducting A&O ? (that's right it hides behind immunities to not be held accountable)

7) If inmates are not given rules and regulations how can the institution penalize inmates for not following rules ?

8) You state that i had filed 14 administrative remedies that were not fully exhausted. What is the relevance of including remedies that were submitted during a previous incarceration ? Were you aware that some of those grievances were provided remedies so need to exhaust was not required ? was this an attempt to paint a picture that i had a history of not completing exhaustion requirements ? in fact some of those grievances were not exhausted because i had been released from prison .

9) In your attachment G you state that the grievance was responded saying that i had received an MRI. According to the grievance system wouldn't this be considered as a satisfied response where no further grievance is required fulfilling exhaustion requirements ?

10) Were you aware that there is multiple staff messages and returned bp-9's that were sent  & returned without being filed asking for a reason to why my grievance as directed by region and central offices ?

11) Being an attorney for the institution being familiar with the grievance system does an inmate satisfy the exhaustion when staff refuses to give, accept or file grievances ?

12) Is it part of the process for counselors to hear and screen complaints before manually entering them into the computer where they use their own summaries to describe you complaint ?

13) As an agency of the United States Government does BOP fall under the policy where if the agency is not providing a remedy Congress can be contacted as a final authority in the grievance process ? Does Congress have the power to hear a grievance against a United States Government Agency ?

UNDER PENALTY OF PURJORY I SWEAR ALL IS TRUE AND CORRECT

MICHAEL WOOD
8-07-2023

----------------------------------------------------------------------------------------

FROM: 32370086
TO:
SUBJECT: MOTION TO LIFT BOP STAY ON DISCOVERY
DATE: 08/10/2023 09:42:38 AM

MICHAEL A WOOD

     V

BUREAU OF PRISONS

HONARABLE DAVID W CHRISTEL

NO.2:22-CV-636-DGE-DWC

MOTION TO LIFT STAY ON
DISCOVERY BY DEFENDENT BOP

I AM ASKING THE COURTS TO LIFT THE STAY THAT WAS PUT ON DISCOVERY BY THE DEFENDENT BOP. SO THAT I CAN BEGIN TO PREPARE FOR MY TRIAL. THE COURTS ORDERE THAT ALL DISCOVERY IS TO BE DONE BY 8-28-23 AND ONLY BREMERTON POLICE DEFENDENTS HAVE COMPLIED WITH ANY DISCOVERY REQUESTS.

MICHAEL A WOOD
8-10-23

Dont recall signing other one if I DID Disregaurd
Thank you

Federal correctional Institution #1
Michael A WOOD
32370-086 A-L
PO BOX 3725
4Delanto CA 92301



F96

_____ FILED _____ LODGED
_____ RECEIVED

SEP 05 2023

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY _____ DEPUTY

LEGAL
MAIL

UNITED STATES DISTRICT COURT
Clerk of court
1616 pacific Avenue #3100STB
TACOMA WA 98402