UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL A. WOOD,

      Plaintiff,

v.

UNITED STATES OF AMERICA, et al.,

      Defendant.

CASE NO. 2:22-CV-636-DGE-DWC

ORDER GRANTING STAY OF DISCOVERY, SUSPENDING CASE DEADLINES AND DENYING MOTION FOR COUNSEL

      The District Court referred this action to Magistrate Judge David W. Christel. This matter is before the Court on the following motions: (1) Motion of Defendants Mason County Sheriff's Office to stay discovery (Dkt. 83); (2) Plaintiff's Motion to lift stay of discovery as to Defendant Bureau of Prisons ("BOP") (Dkt. 98); (3) Plaintiff's recently-filed motion to reschedule the trial date and pretrial deadlines (Dkt. 112); and (4) Plaintiff's motion to appoint counsel (Dkt. 103).[1]

---

[1] Also pending in this matter are the motion to dismiss of Defendants Anders, Hesler, Ogden, and Simmington ("Individual Mason County Defendants") (Dkt. 85) and the motion for summary judgment of Defendants Bussell, Corliss, Dy, Jacquez, and Posalski ("Individual BOP Defendants") (Dkt. 57), which will be addressed separately.

ORDER GRANTING STAY OF DISCOVERY, SUSPENDING CASE DEADLINES AND DENYING MOTION FOR COUNSEL - 1

A.    **Mason County Sheriff's Office Motion to Stay Discovery (Dkt. 83)**[2]

The Court has previously stayed discovery against the Bureau of Prisons ("BOP") and individual Defendants affiliated with the United States Marshals Service ("USMS Defendants"), and partially stayed discovery as to the individual Defendants affiliated with the Bureau of Prisons ("Individual BOP Defendants"), pending the determination of their motions to dismiss. Dkts. 60, 89. The Mason County Sheriff's Office now also seeks a stay of discovery pending the determination of its motion to dismiss. Dkt. 83. Plaintiff has not filed a response. *See* Docket.

A court may relieve a party of the burdens of discovery while a dispositive motion is pending. *DiMartini v. Ferrin*, 889 F.2d 922 (9th Cir. 1989), *amended at* 906 F.2d 465 (9th Cir. 1990); *Rae v. Union Bank*, 725 F.2d 478 (9th Cir. 1984); *see also Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife,* 288 F.R.D. 500, 506 (D. Nev. 2013) (permitting a stay of discovery where a pending dispositive motion is (1) "potentially dispositive of the entire case or at least dispositive of the issue on which discovery is sought" and (2) can be decided without additional discovery). Where discovery will not affect the 12(b) decision, staying discovery ensures the defendant's motion is properly addressed and advances "the goals of efficiency for the court and litigants." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).

Defendant Mason County Sheriff's Office contends its pending motion to dismiss, if granted, would be dispositive of the entire case against it and the motions can be decided without further discovery. Dkt. 83. Here, the Court has recommended the motion to dismiss be granted (Dkt. 87); accordingly, if adopted by the District Judge, all claims against the Mason County Sheriff's Office would be dismissed and no further discovery against it would be appropriate.

---

[2] The Court notes the discovery cutoff established in the Pretrial Scheduling Order in this case has passed. However, in light of the Court's determination in Section C below that the deadlines in the existing Case Schedule should be stricken, the Court finds the parties' pending motions addressing stays of discovery are not moot.

ORDER GRANTING STAY OF DISCOVERY, SUSPENDING CASE DEADLINES AND DENYING MOTION FOR COUNSEL - 2

1 | The Court therefore finds a stay of discovery from Defendant Mason County Sheriff's Office
2 | pending the District Judge's consideration of this Court's Report and Recommendation is
3 | appropriate.

4 | **B.     Plaintiff's Motion to Lift Discovery Stay (Dkt. 98)**

5 | Plaintiff seeks to lift the discovery stay currently in place as to Defendant Bureau of
6 | Prisons. Dkt. 98. Plaintiff argues he needs to proceed with discovery in light of the discovery
7 | cutoff set forth in the Court's Pretrial Scheduling Order. *Id*. In light of the Court's determination
8 | below that the deadlines in the Case Schedule should be stricken, the Court DENIES Plaintiff's
9 | motion to lift the discovery stay.

10 | **C.     Striking of Case Deadlines**

11 | The Court notes the Case Schedule in this matter established a discovery cutoff of
12 | September 18, 2023 and a dispositive motion deadline of October 18, 2023. Dkt. 74. However,
13 | this case remains in its early stages, and the Court has stayed discovery pending the resolution of
14 | motions brought on the pleadings by many of the Defendants. It is evident to the Court that the
15 | current schedule is not consistent with the status of this case. Accordingly, the Court STRIKES
16 | the deadlines set forth in the current Pretrial Scheduling Order (Dkt. 74). After the parties'
17 | motions to dismiss have been decided, the Court will issue a new scheduling order providing for
18 | discovery to proceed against all Defendants who remain in the case, and for a new dispositive
19 | motion deadline.[3]

---

[3] In light of the Court's striking of the current deadlines and intent to establish a new case schedule, the Court also DENIES as moot plaintiff's recently-filed motion to reschedule the trial date and pretrial deadlines (Dkt. 112).

ORDER GRANTING STAY OF DISCOVERY, SUSPENDING CASE DEADLINES AND DENYING MOTION FOR COUNSEL - 3

### D.      Motion for Counsel (Dkt. 103)

Plaintiff has filed a second motion seeking the appointment of counsel to represent him in this matter. Dkt. 103. The Court previously denied Plaintiff's original motion seeking counsel, finding Plaintiff had not demonstrated the extraordinary circumstances required for such an appointment. Dkt. 10. Defendants Gorang and Garland oppose Plaintiff's motion, arguing Plaintiff has demonstrated he can competently articulate his claims and he has not identified any changes in the complexity of this case that would support an appointment of counsel. Dkt. 110.

No constitutional right to appointed counsel exists in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory"). However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts showing he has an insufficient grasp of his case or the legal issues involved and an inadequate ability to articulate the factual basis of his claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

Plaintiff asserts that he requires counsel because he needs assistance with discovery and amending his Complaint. Dkt. 103. But these are challenges faced by any incarcerated *pro se* plaintiff and do not set Plaintiff's case apart as "extraordinary." Indeed, Plaintiff has

demonstrated a good grasp of the legal issues involved, and has competently brought and defended against numerous motions in this case. He has also competently amended his complaint twice previously. *See* Dkt. 18. Moreover, there has been no change in the legal complexity of this case since the Court's prior order.

The Court finds this case does not present the extraordinary circumstances required for the appointment of counsel at this time. The Court therefore DENIES Plaintiff's second request for counsel without prejudice.

**E.     Conclusion**

For the reasons discussed above, the Court therefore ORDERS as follows:

1. The motion to stay discovery against Defendant Mason County Sheriff's Office (Dkt. 83) is GRANTED;

2. Plaintiff's motion to lift the discovery stay as to Defendant Bureau of Prisons (Dkt. 98) is DENIED;

3. Plaintiff's second motion to appoint counsel (Dkt. 103) is DENIED without prejudice;

4. The Clerk is directed to STRIKE all deadlines in the current Pretrial Scheduling Order (Dkt. 74); the Court will issue a new scheduling order after the parties' motions to dismiss have been decided; and

5. Plaintiff's motion to reschedule trial date and pretrial deadlines (Dkt. 112) is DENIED as moot.

Dated this 2nd day of October, 2023.

David W. Christel
Chief United States Magistrate Judge