UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL WOOD,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　Defendant. | CASE NO. 2:22-cv-00636-DGE-DWC<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION IN PART |

## I   INTRODUCTION

This matter comes before the Court on the Report and Recommendation of the Honorable David W. Christel (Dkt. No. 87) on motions to dismiss by the following Defendants: (1) the United States Bureau of Prisons ("BOP"), (2) John Westland and Matthew Lilje, individual defendants acting on behalf of the U.S. Marshals Service ("USMS"), and (3) the Mason County Sheriff's Office ("MCSO") (Dkt. Nos. 33, 55, 70). Magistrate Judge Christel recommended USMS and MCSO's motions to dismiss be granted and BOP's motion to dismiss be granted in part, allowing only claims for injunctive relief against BOP to proceed. (Dkt. No. 87 at 2.) BOP filed objections to the Report and Recommendation on August 4, 2023. (Dkt. No. 91.) Plaintiff Wood did not file objections within 14 days of service of the Report and Recommendation. *See*

ORDER ADOPTING REPORT AND RECOMMENDATION IN PART - 1

28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). Wood filed a timely response to BOP's objections.[1] (Dkt. No. 102.)

## II    BACKGROUND

Wood brings claims under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) against his arresting officers and their employing agencies from a multi-jurisdictional task force, alleging the officers used excessive force during his arrest and failed to provide medical assistance for the injuries he had sustained both prior to and during his arrest. (Dkt. No. 18 at 5–8.) He also alleges he received delayed or inadequate treatment for his injuries after he was booked into SeaTac Federal Detention Center ("FDC SeaTac"). (*Id.* at 11–15.)

## III    DISCUSSION

### A.    Legal Standard

A district court has jurisdiction to review a magistrate judge's report and recommendation on dispositive matters. Fed. R. Civ. P. 72(b). The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. *Id.* The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. *Id.* But "neither the Constitution nor the statute requires a district judge to review, *de novo*, findings and

---

[1] The local rules required Wood to file any response to BOP's objections by the day before the noting date of the objections. LCR 7(b). The noting date for BOP's objections was August 25, 2023. (Dkt. No. 91.) Although Wood's response was not filed until August 30, 2023, it is dated August 24, 2023 and postmarked August 25, 2023. (Dkt. No. 102.) Because the mailbox rule applies to § 1983 suits filed by *pro se* prisoners, the Court considers the response timely. *Douglas v. Noelle*, 567 F.3d 1103, 1107 (9th Cir. 2009).

recommendations that the parties themselves accept as correct." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

### B.     Report and Recommendation

The Report and Recommendation first found MCSO, as a sheriff's office, is not a legal entity capable of being sued in a § 1983 action. (Dkt. No. 87 at 9.) Instead, the proper defendant in a municipal liability claim is the municipality itself. (*Id.* at 8–9.) Because Wood did not name Mason County as a defendant, Judge Christel recommended all claims against MCSO be dismissed. (*Id.* at 9.) No party objected to this finding.

Next, Judge Christel rejected Wood's attempt to hold USMS liable under *Bivens*. (*Id.* at 20.) Although *Bivens* recognizes an implied cause of action to seek damages against federal officers for unreasonable search and seizure under the Fourth Amendment, Wood presented a new context for a *Bivens* claim. (*Id.* at 14–18.) The Report and Recommendation considered special factors counselling hesitation for extending *Bivens* to the context of Wood's claims. (*Id.* at 18–20.) First, the Court is not better suited than Congress to determine systemwide consequences resulting from extending *Bivens* to this context, and second, Wood has access to a sufficient alternative remedy in the USMS grievance program. (*Id.*) Accordingly, Judge Christel recommended the USMS Defendants' motion to dismiss be granted. (*Id.* at 20.) No party objected to this determination.

Finally, with respect to BOP's motion to dismiss, the Report and Recommendation determined *Bivens* did not provide a cause of action for damages against agencies of the United States. (*Id.* at 10.) Rather, a plaintiff must plead that each defendant, through the individual's own actions, violated the Constitution. (*Id.*) Because BOP cannot be held liable for damages

under *Bivens*, Judge Christel recommended the claim for damages against BOP be dismissed. (*Id.*)  No party objected to this portion of the Report and Recommendation.

However, Judge Christel recommended Wood's claim for injunctive relief survive BOP's motion to dismiss (Dkt. Nos. 87 at 14), to which BOP now objects (Dkt. No. 91).

**C.      Objections**

According to his second amended complaint, Wood received delayed and inadequate treatment for his injuries after he was booked into FDC SeaTac. (Dkt. No. 18 at 11–15.)  Judge Christel found sovereign immunity does not bar Wood's claims for injunctive relief against BOP—who did not meet its initial burden of demonstrating Wood's failure to exhaust administrative remedies—and ultimately recommended Wood's claims for injunctive relief against BOP proceed.  (*Id.* at 11–13.)

BOP objects, noting that after its motion to dismiss was filed, Wood was transferred from FDC SeaTac to FCI Victorville.  (Dkt. Nos. 91 at 3; 48 at 1.)  Courts have held an inmate's claims for injunctive relief against a specific detention facility become moot when the inmate is transferred to another facility.  *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991); *Nwozuzu v. Runnels*, 338 Fed. App'x 724, 725 (9th Cir. 2009).  However, "[w]hile a prisoner's transfer will naturally moot claims for prospective relief 'as to conditions at [a former] particular facility,' a prison transfer does not defeat jurisdiction where a prisoner's injury stems from a system-wide policy." *Tiedemann v. von Blanckensee*, 72 F.4th 1001, 1008 (9th Cir. 2023) (quoting *Nelson v. Heiss*, 271 F.3d 891, 897 (9th Cir. 2001)).

Wood's second amended complaint focuses on injuries he alleges he sustained while in custody at FDC SeaTac. (*See* Dkt. No. 18.)  His request for injunctive relief, though directed at the BOP, pertains to the alleged lack of medical care while confined at FDC SeaTac. (*Id*. at 17–

18, 20.) The request for injunctive relief asks the Court to order BOP to provide specific medical care based solely on his time in custody at FDC SeaTac. (*Id*. at 20.) The second amended complaint identifies no facts related to his confinement at FDC Victorville.

Wood's reply argues his claims "outline system wide failure of provided medical care . . . regardless of which institution I may be transferred to, the same violations will occur." (Dkt. No. 102 at 1.) The policy he identifies is one of "inaction where [BOP] is facing a nationwide crisis of grossly under medically staffed institutions and nothing is being done to remedy the fact that nationwide inmates are not receiving adequate medical care." (*Id.*) Wood cites no specific practice or policy of BOP other than his belief that the facilities knowingly operate without the required medical staff to provide timely care. (*Id.*) A policy of "inaction" and failure to provide timely care is too nebulous when compared to those policies averting mootness upon transfer in previous cases. *See Tiedemann*, 72 F.4th at 1009 (finding BOP practice limiting all prisoners to 300 minutes of phone time per month a system-wide policy); *Nelson*, 271 F.3d at 897 (finding policy of allowing overdraft and placing "holds" on inmate trust accounts a system-wide policy).

If some slight adjustment in the complaint is required to make it clear Wood was challenging a system-wide problem, leave to amend should be granted. *Nelson*, 271 F.3d at 897. However, Wood asserts no facts evidencing a "system-wide" policy, nor would the potential amendment to his complaint be "some slight adjustment." Wood has failed to identify a system-wide policy that followed him to FCI Victorville. Therefore, his claims for injunctive relief against BOP related to his confinement at FDC SeaTac became moot when he was transferred to another facility. BOP's objections in this regard are well-taken.

Wood also requests injunctive relief in the form of correction to his medical records. (Dkt. No. 18 at 16.) Specifically, he alleges BOP Defendants retaliated against him in violation

ORDER ADOPTING REPORT AND RECOMMENDATION IN PART - 5

of his First Amendment rights by falsely reporting Wood's stroke on October 13, 2021 as a heroin overdose after Wood made complaints to outside sources regarding his lack of medical care. (*Id*.). In response, BOP states it "does not contend that this request for injunctive relief was rendered moot by Plaintiff's transfer to FCI Victorville." (Dkt. No. 91 at 2.) Therefore, Wood's claim for injunctive relief against BOP to correct his medical records survives the motion to dismiss.

## IV   CONCLUSION

Having reviewed the record *de novo*, the Court ADOPTS the Report and Recommendation in part. (Dkt. No. 87.) The Court DISMISSES Plaintiff's claims against USMS and MCSO. The Court DISMISSES Plaintiff's *Bivens* claims for damages against BOP. The Court GRANTS BOP's Motion to Dismiss (Dkt. No. 33) with respect to the claim for injunctive relief as to the provision of medical care. The Court DENIES BOP's Motion to Dismiss (Dkt. No. 33) with respect to the claim for injunctive relief as to the correction of Plaintiff's medical records.

DATED this 25th day of October 2023.



David G. Estudillo
United States District Judge