UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL A. WOOD,

        Plaintiff,

v.

UNITED STATES OF AMERICA, et al.,

        Defendants.

CASE NO. 2:22-CV-636-DGE-DWC

ORDER DENYING MOTIONS TO COMPEL, TO STRIKE AND FOR SANCTIONS, AND RE-NOTING PENDING MOTIONS

The District Court referred this action to Magistrate Judge David W. Christel. This matter is before the Court on the following motions filed by Plaintiff: (1) motion to strike and motion to compel, which appears to be addressed to the individual Defendants employed by the Bureau of Prisons ("Individual BOP Defendants") (Dkt. 114); (2) motion for sanctions/relief (Dkt. 115); (3) motion to lift discovery stay / motion to compel (which appears to be directed to the Bureau of Prisons ("BOP") (Dkt. 116); (4) motion to compel discovery from the Mason County Defendants (Dkt 117); and (5) motion to compel (which appears to address discovery responses by the

Individual BOP Defendants) (Dkt. 118).[1] For the reasons discussed below, the Court DENIES Plaintiff's motions. The Court also re-notes additional pending motions.

## I. BACKGROUND

Plaintiff asserts claims under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) against his arresting officers from a multi-jurisdictional task force, alleging they used excessive force and failed to provide medical assistance; Plaintiff also asserts claims for post-arrest delayed and inadequate medical care against BOP and the Individual BOP Defendants. Dkt. 18.

Several Defendants brought motions to dismiss, and also sought stays of discovery pending the decision of those motions. This Court granted stays of discovery as to Defendants Mason County Sheriff's Office, individual employees of the United States Marshall's Service ("USMS Defendants") and the BOP, and granted a partial stay of discovery as to the Individual BOP Defendants. Dkts. 60, 89, 113.

On July 21, 2023, this Court entered a Report and Recommendations ("R&R") recommending granting the motions to dismiss of the USMS Defendants and Mason County Sheriff's Office, and granting in part of the motion brought by BOP. Dkt. 87. The Court also converted the Individual BOP Defendants' motion to dismiss to a motion for summary judgment, permitted additional briefing, and permitted discovery from the Individual BOP Defendants limited to the issue of Plaintiff's exhaustion of his administrative remedies. Dkt. 89.

---

[1] Also pending are Plaintiff's motion for reconsideration (Dkt 122), which the Court addresses in a separate order, Plaintiff's motion for leave to file an amended complaint (Dkt. 123), which is not yet ripe for decision, and two dispositive motions (Dkts 57 and 85) which the Court re-notes as discussed below.

ORDER DENYING MOTIONS TO COMPEL, TO STRIKE AND FOR SANCTIONS, AND RE-NOTING PENDING MOTIONS - 2

On October 2, 2023, the Court issued an order denying Plaintiff's motion to lift the discovery stay as to BOP but, in light of the pending discovery stays, the order also struck the deadlines in the Pretrial Scheduling Order. Dkt. 113.

Plaintiff submitted the instant motions on September 18, 2023 (Dkts. 114–117) and September 29, 2023 (Dkt. 118).[2] Defendants BOP, the Individual BOP Defendants, and the Mason County Defendants have responded. Dkts. 119, 121, 125. Plaintiff did not file any replies.

On October 25, 2023, the Honorable David G. Estudillo, District Court Judge, adopted in part the R&R, dismissing all claims against the USMS Defendants and Mason County Sheriff's Office and dismissing all claims against BOP except Plaintiff's claim for injunctive relief to correct his medical records. Dkt. 127.

## II.   DISCUSSION

**A.     Motions to Compel Discovery and to Lift Discovery Stay (Dkts. 114, 116, 117, 118)**

Plaintiff submitted his motions to compel before the Court struck the then-existing September 18, 2023 discovery deadline. In each of the motions, Plaintiff contends Defendants have not adequately responded to his requests for discovery. Dkts. 114, 116, 117, 118. Plaintiff also expresses concern that the then-applicable discovery deadline could prevent his receipt of discovery for trial. *See*, *e.g.* Dkt. 116 at 1.[3] Defendants contend they have provided responsive discovery, but also assert Plaintiff's motions fail to comply with applicable court rules, because

---

[2] Because Plaintiff is not a State prisoner subject to e-filing, his filings—as well as the transmission of Court documents to Plaintiff—are made by mail. Pursuant to the Prison Mailbox Rule, Plaintiff's submissions are deemed filed on the date he submitted them to prison authorities for mailing, even though the were not actually received by the Court until, respectively, October 2, 2023 and October 10, 2023. *See Douglas v. Noelle*, 567 F.3d 1103, 1106-07 (9th Cir. 2009).

[3] That concern is rendered moot by the Court's subsequent striking of the deadline. Dkt. 113.

ORDER DENYING MOTIONS TO COMPEL, TO STRIKE AND FOR SANCTIONS, AND RE-NOTING PENDING MOTIONS - 3

they lack the required certification that Plaintiff has met and conferred with Defendants. Dkts. 119, 121, 125.

Before filing a motion to compel discovery, Fed. R. Civ. P. 37 and LCR 37(a)(1) require the moving party to meet and confer with the party failing to make disclosure or discovery, in an effort to resolve the dispute without court action. The meeting must be either face-to-face or via telephone. LCR 37(a)(1). In addition, when filing a motion to compel, the movant must include in the motion, or in a declaration or affidavit, a certification of such efforts. The certification must list the date, manner, and participants to the conference. If the movant fails to include such a certification, the Court may deny the motion without addressing the merits of the dispute. *See* LCR 37(a)(1).

Here, none of Plaintiff's motions include the required certification, nor do they contain any other indication Plaintiff met and conferred with Defendants. *See* Dkts. 114, 116, 117, 118. Moreover, counsel for the responding Defendants state that Plaintiff did not meet and confer with them prior to bringing his motions to compel. Dkt. 120 at ¶ 6; Dkt. 121 at 2; Dkt. 125 at 1. Because Plaintiff has failed to comply with the meet and confer requirement, the Court DENIES Plaintiff's motions to compel.

Plaintiff also seeks (for the second time) to lift the stay of discovery as to Defendant BOP. Dkt. 116 at 1. Plaintiff's request is now moot. Discovery was stayed only pending the resolution of BOP's motion to dismiss. *See* Dkt. 60 at 4. The District Court has now issued its order adopting in part this Court's Report and Recommendation on the motion to dismiss. Dkt. 127. Thus, the motion to dismiss has been resolved, and the discovery stay has therefore expired. Plaintiff's motion to lift the stay is therefore DENIED as moot.

### B. Motion to Strike (Dkt. 114)

Plaintiff's first motion to compel against the Individual BOP Defendants also contains a motion to strike certain evidence those Defendants submitted in support of their pending motion for summary judgment. Dkt. 114 at 1–2. Plaintiff does not raise evidentiary reasons to support why the evidence should not be considered, but instead disputes the accuracy of the evidence. The Court will consider both parties' evidence as appropriate, but declines to strike Defendants' submissions. Accordingly, Plaintiff's motion to strike is DENIED.

### C. Motion for Sanctions (Dkt. 115)

Plaintiff contends the United States Attorneys Office has a conflict of interest because it is handling both this matter and Plaintiff's criminal prosecution. Dkt. 115. Plaintiff seeks the appointment of an attorney to investigate alleged misconduct, and a monetary sanction. *Id*. at 3.

The Court declines to appoint an attorney to investigate Plaintiff's allegations or to issue monetary sanctions. Plaintiff has not shown a legal basis for relief or made any showing the Court may properly order such relief at this time.

### D. Re-noting Remaining Pending Motions (Dkts. 57, 85, 123)

The Court previously re-noted the Individual BOP Defendants' motion for summary judgment and provided a schedule for supplemental briefing. Dkt. 89. Defendants timely filed their supplemental briefing on August 11, 2023. Dkts. 96, 97. Plaintiff did not file his Supplemental Response before the September 8, 2023 deadline; instead, he filed the instant motions, asserting Defendants had not provided the discovery he required for a response. Dkts. 114, 118. Defendants' submissions indicate they mailed discovery responses and supplemental responses on, respectively, September 12, 2023, September 26, 2023 and October 16, 2023. Dkt. 121 at 1 and Exs. B, C, D.

Plaintiff submitted his Supplemental Response on October 4, 2023. Dkt. 124. It is not clear how much of Defendants' discovery materials he had received at that time—but, at a minimum, Plaintiff clearly did not have the documents produced by Defendants on October 16. Accordingly, Plaintiff should be provided an opportunity, if he wishes, to submit a revised response incorporating any additional evidence he did not have at the time he submitted his Supplemental Response. The Court therefor RE-NOTES Defendants' summary judgment motion to **November 24, 2023** to accommodate further briefing. Plaintiff may submit a Revised Supplemental Response on or before **November 20, 2023**, but must incorporate all of his arguments in a single response; if a Revised Supplemental Response is submitted, the Court will not consider Plaintiff's previously submitted Supplement Response (Dkt. 124). Defendants may file a reply on or before **November 24, 2023.**

The Court also concludes that the remaining pending motions—the Mason County Defendants' motion to dismiss (Dkt. 85) and Plaintiff's motion to file an amended complaint (Dkt. 123) should also be re-noted.

District courts have "the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016). The Court has inherent power to control its docket "in a manner which will promote economy of time and effort for itself, for counsel, and for litigants." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). The exercise of this power is left to the Court's discretion. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112, 1113 (9th Cir. 2005).

Here, the Court finds re-noting both motions will enhance judicial efficiency. Plaintiff has sought reconsideration of the Court's denial of his request for counsel (Dkt. 122) and the Court, in a separate Order, has requested a response from Defendants. Plaintiff also seeks to

amend his complaint. Dkt. 123. If counsel is appointed, counsel might seek leave to file a different amended complaint; furthermore, if the Court were to grant leave to amend, then the pending motion to dismiss would become moot. Accordingly, judicial efficiency is best served by re-noting the motions to be considered simultaneously. If, on the other hand, Plaintiff's motions were to be denied, the Court could resolve both pending dispositive motions together, and submit only one report and recommendation to the District Court—which also more efficiently utilizes judicial resources.

      Therefore, the Court will re-note Plaintiff's motion to amend (Dkt. 123) and the Mason County Defendants' motion to dismiss (Dkt. 85) to **November 24, 2023**. As briefing of the motion to dismiss is already complete, the Court will not accept additional briefing on that motion.

### III.  CONCLUSION

For the reasons discussed above, the Court ORDERS as follows:

1. Plaintiff's motions to compel (Dkts. 114, 116, 117 and 118) are DENIED without prejudice;
2. Plaintiff's motion to lift the discovery stay as to Defendant BOP (Dkt. 116) is DENIED as moot;
3. Plaintiff's motion to strike (Dkt. 114) is DENIED;
4. Plaintiff's motion for sanctions (Dkt. 115) is DENIED;
5. The parties may submit additional briefing of the Individual BOP Defendants' motion for summary judgment (Dkt. 57) as follows:
    a. On or before **November 20, 2023**, Plaintiff may submit a Revised Supplemental Response to Defendant's motion. The response must

contain all of Plaintiff's arguments; if a revised response is submitted, the Court will not consider Plaintiff's previous Supplemental Response;

b. On or before **November 24, 2023**, Defendants may submit a reply;

c. The Clerk is directed to re-note Defendants' motion for summary judgment (Dkt. 57) for **November 24, 2023**.

6. The Clerk is directed to re-note Plaintiff's motion to file an amended Complaint (Dkt. 123) and the Individual Mason County Defendants' motion to dismiss (Dkt. 85) to **November 24, 2023**. No additional briefing will be accepted on the motion to dismiss.

Dated this 1st day of November, 2023.

David W. Christel
Chief United States Magistrate Judge

ORDER DENYING MOTIONS TO COMPEL, TO STRIKE AND FOR SANCTIONS, AND RE-NOTING PENDING MOTIONS - 8