UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL A. WOOD,<br><br>               Plaintiff,<br>  v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>               Defendants. | CASE NO. 2:22-CV-636-DGE-DWC<br><br>ORDER GRANTING-IN-PART MOTION FOR RECONSIDERATION AND DIRECTING *PRO BONO* COORDINATOR TO IDENTIFY *PRO BONO* COUNSEL |

On October 2, 2023, the Court denied Plaintiff Michael A. Wood's Motion for Appointment of Counsel. *See* Dkt. 113. On October 16, 2023, Plaintiff filed a Motion for Reconsideration, requesting, in part, the Court reconsider its denial of Plaintiff's request for Court-appointed counsel. Dkt. 122.[1] After review of the record, Plaintiff's Motion for Reconsideration (Dkt. 122) is GRANTED-IN-PART and the Court refers this matter to the *pro bono* coordinator for appointment of counsel from the Western District Pro Bono Panel to represent Plaintiff in this matter.

---

[1] In the Motion for Reconsideration, Plaintiff also requested the Court reconsider its Order staying discovery as to the Bureau of Prisons ("BOP"). Dkt. 122. The Court denied that portion of Plaintiff's Motion as moot on November 1, 2023. Dkt. 131.

ORDER GRANTING-IN-PART MOTION FOR RECONSIDERATION AND DIRECTING PRO BONO COORDINATOR TO IDENTIFY PRO BONO COUNSEL - 1

## I. Discussion

### A. *Motion for Reconsideration*

Plaintiff seeks reconsideration of the Court's denial of his request for appointment of counsel. Dkt. 122. The Court directed Defendants to file responses. The Federal Defendants do not oppose the appointment of counsel, in the event their motions for summary judgment are denied. Dkt. 138. The remaining Defendants oppose the Motion for Reconsideration and the Court appointing counsel to represent Plaintiff. Dkts. 137, 139.

Pursuant to Local Civil Rule 7(h), motions for reconsideration are disfavored and will be denied absent a showing of manifest error or a showing of new facts or legal authority which could not have been presented earlier with reasonable diligence.

The record reflects Plaintiff filed a supplement to his Second Amended Complaint ("SAC") on March 31, 2023 ("Supplement"). Dkt. 52. In the Supplement, Plaintiff appears to seek permission to add a claim of civil conspiracy to his SAC. *Id*. Plaintiff names several new defendants who are Assistant United States Attorneys. *Id*. Based on a review of the record, Plaintiff's Supplement has been largely overlooked. *See* Docket (no order denying leave to supplement the SAC; defendants named in the SAC were not added to the case caption). Plaintiff also sought leave of the Court to amend the SAC on May 2, 2023 and July 3, 2023. *See* Dkts. 62, 81. Both motions were denied without prejudice because Plaintiff failed to comply with the Local Civil Rules when he did not attach a proposed amended complaint to each motion. *See* Dkts. 76, 88. On October 16, 2023, Plaintiff again filed a Motion for Leave to Amend. Dkt. 123. Plaintiff has now attached a proposed third amended complaint. Dkt. 123-1.

Based on the record, Plaintiff has been attempting, unsuccessfully, to amend the SAC since March of 2023. *See* Dkt. 52. While this is not "new" evidence, the Court finds a renewed

ORDER GRANTING-IN-PART MOTION FOR
RECONSIDERATION AND DIRECTING PRO
BONO COORDINATOR TO IDENTIFY PRO
BONO COUNSEL - 2

review of the history of this case is sufficient to warrant reconsideration of the Order denying Court-appointed counsel. Therefore, Plaintiff's Motion for Reconsideration (Dkt. 122) is granted-in-part as follows: the Court will reconsider its decision to deny counsel.

B.  *Request for Court-Appointed Counsel*

No constitutional right to appointed counsel exists in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory"). However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)). *Rand v. Roland*, 113F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts showing he has an insufficient grasp of his case or the legal issues involved and an inadequate ability to articulate the factual basis of his claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

As stated above, Plaintiff has been attempting, unsuccessfully, to amend the SAC since March of 2023. *See* Dkt. 52. Moreover, the Court recognizes that this case presents more complexities than a typical case litigated by an incarcerated individual. Plaintiff has raised claims under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). As a result, Defendants are represented by several different attorneys, the claims against Defendants are proceeding on different timelines, and counsel are employing different litigation

ORDER GRANTING-IN-PART MOTION FOR
RECONSIDERATION AND DIRECTING PRO
BONO COORDINATOR TO IDENTIFY PRO
BONO COUNSEL - 3

tactics for each group of Defendants. While this approach is understandable, it can result in a *pro se* litigant being confused and unable to sufficiently grasp the legal issues in his case and articulate the proper arguments for the vast number of motions filed. For example, at this time, the Federal Defendants have two pending motions for summary judgment (Dkts. 57, 132) and the Mason County Defendants have a pending motion to dismiss (Dkt. 85). Moreover, the Court has stayed discovery several times as to several Defendants and Plaintiff states this has hampered his ability to identify defendants and claims. *See* Dkt. 140. Finally, several claims and defendants have been dismissed throughout the case resulting in increased confusion for a *pro se* litigant attempting to litigate this case. *See e.g.*, Dkts. 13, 43, 53, 87, 127. Therefore, the Court concludes exceptional circumstances exist in this case which allow the Court to assist Plaintiff in securing counsel and Plaintiff's request for counsel (Dkt. 103) is granted.

### C.  *Requesting Voluntary Assistance of Counsel*

While the Court lacks the authority to require counsel to represent indigent prisoners in a § 1983 case, *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989), the Court may request voluntary assistance of counsel pursuant to 28 U.S.C. §1915(e)(1). *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). In this case, the Court finds the interest of justice will best be served if counsel from the Western District Pro Bono Panel is appointed to represent Plaintiff in this matter. *See Johnson v. California*, 207 F.3d 650, 656 (9th Cir. 2000) (per curiam) (stating that appointment of counsel may be justified when a proceeding will go forward "more efficiently and effectively").

### II.  Conclusion and Directions to Clerk

For the above stated reasons, Plaintiff's Motion for Reconsideration (Dkt. 122) is granted-in-part. Plaintiff's Motion to Appoint Counsel (Dkt. 103) is granted and Plaintiff is

ORDER GRANTING-IN-PART MOTION FOR
RECONSIDERATION AND DIRECTING PRO
BONO COORDINATOR TO IDENTIFY PRO
BONO COUNSEL - 4

appointed counsel, contingent on the identification of counsel willing to represent Plaintiff in this matter. The Western District of Washington's *pro bono* coordinator is directed to identify counsel to represent Plaintiff, in accordance with the Court's General Order 07-23, Section 3.

The Court finds this matter shall be stayed while the *pro bono* coordinator attempts to identify counsel. Once it has been determined whether the Court will be able to appoint an attorney to represent Plaintiff, the Court will issue any additional appropriate orders.

As the Court is attempting to identify counsel to represent Plaintiff, the Court finds leave to amend is warranted in this case. Therefore, Plaintiff's Motion for Leave to Amend (Dkt. 123) is granted. Once counsel is identified and appointed, the Court will direct counsel (or Plaintiff, if counsel cannot be identified) to file a third amended complaint that clarifies the claims upon which Plaintiff intends to proceed.

As a third amended complaint will be filed, all remaining motions (Dkts. 57, 85, 132, 135) are denied without prejudice and with the right to refile based on the allegations that will be contained in the third amended complaint.[2] *See Bacon v. Reyes*, 2013 WL 3893254 (D. Nev. July 26, 2013) (denying motion for summary judgment as moot based on the filing of an amended complaint); *Farkas v. Gedney*, 2014 WL 5782788, *3 (D. Nev. Nov. 6, 2014) ("[B]ecause granting [plaintiff's] motion for leave to amend will alter the scope of defendants' now-filed

---

[2] The denial of a motion without prejudice is non-dispositive. *See Jones v. Corr. Corp. of Am.*, 2011 WL 1706838, at *4 (D. Ariz. May 5, 2011) (internal quotations omitted) ("A denial without prejudice is different than a denial with prejudice in the sense that the former does not preclude a subsequent motion based on the same argument."). Therefore, in the interest of judicial efficiency and because the Court has denied the Motions for Summary Judgment without prejudice, the Court enters this Order denying the Motions for Summary Judgment, not a report and recommendation. *See McCain v. California Highway Patrol*, 2011 WL 6328221, at *1, n.1 (E.D. Cal. Dec. 16, 2011) (noting the magistrate judge's denial without prejudice of the plaintiff's partial motion for summary judgment was non-dispositive and, therefore, the magistrate judge was not required to submit findings and recommendations).

ORDER GRANTING-IN-PART MOTION FOR
RECONSIDERATION AND DIRECTING PRO
BONO COORDINATOR TO IDENTIFY PRO
BONO COUNSEL - 5

motion for summary judgment, defendants' motion for summary judgment is denied without prejudice, subject to re-filing based on the scope of the soon-to-be amended complaint.").

In sum, Plaintiff's Motion for Reconsideration (Dkt. 122) is granted-in-part. Plaintiff's Motion to Appoint Counsel (Dkt. 103) is granted and Plaintiff is appointed counsel, contingent on the identification of counsel willing to represent Plaintiff in this matter. Plaintiff's Motion for Leave to Amend (Dkt. 123) is granted and all remaining motions (Dkts. 57, 85, 132, 135) are denied without prejudice and with the right to refile after the stay is lifted. The Clerk is directed to stay this case and provide a copy of this Order to the *pro bono* coordinator.

Dated this 28th day of February, 2024.

David W. Christel
Chief United States Magistrate Judge

ORDER GRANTING-IN-PART MOTION FOR RECONSIDERATION AND DIRECTING PRO BONO COORDINATOR TO IDENTIFY PRO BONO COUNSEL - 6