UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL A. WOOD,

                Plaintiff,

    v.

UNITED STATES OF AMERICA, et al.,

                Defendants.

CASE NO. 2:22-CV-636-DGE-DWC

REPORT AND RECOMMENDATION

Noting Date: December 30, 2024

The District Court referred this action United States Magistrate Judge David W. Christel. Plaintiff Michael A. Wood, who represented by Court-appointed counsel, filed the Third Amended Complaint ("Complaint") on September 28, 2024. Dkt. 153. On October 11, 2024, Defendants Bureau of Prisons ("BOP"), Scottie Bussell, James Corliss, Israel Jacquez, M. Lilje, Louisa Maria, and Kevin Posalski ("Federal Defendants") filed the pending Motion to Dismiss. Dkt. 154.[1]

---

[1] The remaining Defendants, Nathan Anderson, Hesler, Mason Couty, Ogden, Simmington, Martin Garland, and Brock Gorang filed Answers to the Third Amended Complaint on October 14, 2024. *See* Dkts. 155, 156.

REPORT AND RECOMMENDATION - 1

The Court concludes: (1) Wood does not oppose dismissal of Defendants Lilje and John Does 21-30 ("individually named USMS Defendants"), the ADA claims, or the retaliation claims alleged against the SeaTac Defendants; (2) the Complaint does not state a claim against the BOP; and (3) the Victorville Defendants were improperly joined and venue is not proper. The Court finds dismissing, rather than transferring, the claims against the Victorville Defendants is appropriate. Therefore, the undersigned recommends the Motion to Dismiss (Dkt. 154) be granted as follows: the BOP, individually named USMS Defendants, Victorville Defendants, ADA claims, and the claims of retaliation against the SeaTac Defendants be dismissed.

I.      Background

In the Complaint, Wood alleges that, on June 10, 2021, a multiagency task force entered the property where he was residing to execute an arrest warrant. Dkt. 153. During the execution of the arrest warrant, Wood was injured and rendered partially paralyzed. He alleges several Defendants, including Mason County employees, Bremerton Police Department ("BPD") employees, and U.S. Marshal Service ("USMS") employees, did not provide him with medical care during and immediately after his arrest. He further alleges employees at Federal Detention Center ("FDC") SeaTac did not provide him with adequate medical care or accommodations and incorrectly documented his medical issues. Wood was transferred to Federal Corrections Institution ("FCI") Victorville; he asserts employees at FCI Victorville have continued to deny him proper medical care and accommodations.

Wood raises the following eight claims: (1) excessive force by Mason County and BPD Defendants in violation of 42 U.S.C. § 1983; (2) excessive force against Mascon County and BPD Defendants in violation of Washington State tort law; (3) deliberate indifference by Mason County and BPD Defendants in violation of § 1983; (4) deliberate indifference against SeaTac

REPORT AND RECOMMENDATION - 2

1  Defendants under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971); (5)
2  SeaTac Defendants' actions violated the Americans with Disabilities Act ("ADA"); (6) SeaTac
3  Defendants retaliated against Wood in violation of the First Amendment under *Bivens*; (7)
4  deliberate indifference against Victorville Defendants under *Bivens*; and (8) Victorville
5  Defendants' actions violated the ADA. Dkt. 153.

6  Wood filed the Complaint on September 28, 2024. Dkt. 153. The Federal Defendants
7  filed the Motion to Dismiss on October 11, 2024. Dkt. 154. On November 1, 2024, Wood filed
8  his Response. Dkt. 157. The Federal Defendants did not file a reply. While Wood requests oral
9  argument, the Court has determined that this matter can be decided on the current record without
10 oral argument. Therefore, the undersigned declines to hold oral argument and recommends any
11 such request be denied.

12 **II.     Standard of Review**

13 A defendant may move for dismissal when a plaintiff "fails to state a claim upon which
14 relief can be granted." Fed. R. Civ. P. 12(b)(6). To grant a motion to dismiss, the Court must be
15 able to conclude that the moving party is entitled to judgment as a matter of law, even after
16 accepting all factual allegations in the complaint as true and construing them in the light most
17 favorable to the non-moving party. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). To
18 survive a motion to dismiss, a plaintiff must merely cite facts supporting a "plausible" cause of
19 action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). A claim has "facial
20 plausibility" when the party seeking relief "pleads factual content that allows the court to draw
21 the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v.*
22 *Iqbal*, 556 U.S. 662, 672 (2009). Although the Court must accept as true a complaint's well-
23 pleaded facts, conclusory allegations of law and unwarranted inferences will not defeat an
24

otherwise proper Rule 12(b)(6) motion. *Vasquez v. L.A. County,* 487 F.3d 1246, 1249 (9th Cir. 2007).

**III.	Discussion**

In the Motion to Dismiss, the Federal Defendants argue: (1) the BOP and individually named USMS defendants should be dismissed for failure to state a claim; (2) the ADA claims should be dismissed; (3) the claims against the individually named SeaTac Defendants for violations of the First Amendment should be dismissed because they are not actionable; and (4) the claims against the Victorville Defendants were improperly joined and should be severed from this case and transferred to California. Dkt. 154. Wood, in response to the Motion to Dismiss, argues only that the Motion to Dismiss should be denied as to the Federal Defendants' arguments that the BOP and Victorville Defendants should be dismissed. *See* Dkt. 157.

A.	*Unopposed Arguments*

In his Response to the Motion to Dismiss, Wood does not oppose the Federal Defendants' arguments that (1) the Complaint fails to state a claim against the individually named USMS Defendants, (2) Wood's claims under the ADA should be dismissed, and (3) Wood's *Bivens* claim against the SeaTac Defendants for retaliation should be dismissed. Dkt. 157 at 1. As Wood does not oppose dismissal of these claims, the Court recommends Wood's claims against the individually named USMS Defendants, the ADA claims, and the claims of retaliation against the SeaTac Defendants be dismissed.

B.	*BOP Defendant*

The Federal Defendants assert Wood has failed to state a claim against the BOP and, thus, the BOP should be dismissed. Dkt. 154 at 3-4. Wood asserts the claim for injunctive relief against the BOP should survive because it survived in a previously-ruled-on motion to dismiss.

REPORT AND RECOMMENDATION - 4

Dkt. 157. The undersigned recognizes that a claim for injunctive relief against the BOP to correct Wood's medical records survived an earlier-filed motion to dismiss. *See* Dkt. 127. However, the operative complaint before the Court is Wood's Third Amended Complaint (Dkt. 153). The Court must determine if the operative complaint, which replaced all previous complaints, states a claim for injunctive relief against the BOP. The undersigned finds it does not.

Wood names the BOP as a defendant. *See* Dkt. 153 at ¶ 15. Wood does not state any factual allegations against the BOP and does not state any claims for relief against the BOP. *See id*. at ¶¶ 23-96. The BOP is referenced only in the list of defendants and in the prayer for relief, wherein Wood requests "an order directing the BOP to correct Wood's medical record to reflect that he did not have an overdose." *Id*. at ¶ 99. While Wood has stated claims against BOP employees, Wood has not linked the request for relief against the BOP to any cause of action or claim against the BOP. Naming the BOP in the prayer for relief only is not sufficient to state a claim upon which relief can be granted. *See Bardo v. Stolworthy*, 2015 WL 7713710, at *10 (S.D. Ill. Nov. 30, 2015) (finding the plaintiff did not state a claim against defendants when he merely included their names in the caption of the complaint, the list of defendants, or the prayer for relief); *Brogan v. Tunkhannock Twp.*, 2015 WL 5028812, at *5 (M.D. Pa. Aug. 19, 2015) ("Plaintiff's requests in his prayer for relief are not 'claims' within the meaning of Rule 8(a)(3); rather, they are simply the form of relief demanded as part of the titled claim."). Therefore, the Court finds Wood has not stated a claim against the BOP and recommends the BOP be dismissed.

C. *Victorville Defendants*

The Federal Defendants also argue that the Victorville Defendants were improperly joined in this action and, as such, the claims against the Victorville Defendants should be severed

REPORT AND RECOMMENDATION - 5

1  and transferred to California. Dkt. 154. Wood argues that permissive joinder is appropriate, and
2  the Court should exercise pendent venue. Dkt. 157.

3        i.      <u>Joinder</u>

4        In cases of misjoinder, "[o]n motion or on its own, the court may at any time, on just
5  terms, add or drop a party" or "sever any claim against a party." Fed. R. Civ. P. 21. "Because
6  Rule 21 provides no standards to determine if parties are misjoined, courts look to Rule 20 for
7  guidance." *Dunbar v. Medtronic, Inc.*, 2014 WL 3056081 at *2,(C.D. Cal. June 25, 2014). Rule
8  20 provides that defendants may be joined in one action if:

9        (A) any right to relief is asserted against them jointly, severally, or in the
10 alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

11       (B) any question of law or fact common to all defendants will arise in the action.
12 Fed. R. Civ. P. 20(a)(2). "[T]he mere fact that [a plaintiff's] claims arise under the same general
13 law does not necessarily establish a common question of law or fact." *Coughlin v. Rogers*, 130
14 F.3d 1348, 1351 (9th Cir. 1997).

15       Wood contends the Victorville Defendants are properly joined because Wood's claims
16 against both SeaTac and Victorville Defendants are based on a continued failure of Defendants
17 to provide adequate medical care, which has increased the severity of his injuries. Dkt. 157.
18 Multiple courts have found that, where a federal inmate brings claims of deliberate indifference
19 to his serious medical needs against prison officials at different federal prisons, the claims are not
20 properly joined in a single action. *See Fiorito v. Anderson*, 2018 WL 4657171, at *6 (C.D. Cal.
21 Sept. 24, 2018); *Fisher v. United States*, 2015 WL 5723638 at *4 (C.D. Cal. June 18, 2015);
22 *Sheffield v. Rios*, 2012 WL 928717 at *5 (E.D. Cal. Mar. 19, 2012); *Peterson v. United States*,
23 2015 WL 278093 at *7 (E.D. Ky. Jan. 22, 2015).

24

REPORT AND RECOMMENDATION - 6

Here, Wood's claims against the SeaTac Defendants arise from the medical care that plaintiff received while incarcerated at FDC SeaTac from June 2021 until his transfer to FCI Victorville, presumably around December of 2022. *See* Dkts. 37, 153. The claims against the unknown Victorville Defendants (John Does 41-50) arise from separate actions taken by separate defendants who are allegedly employed at FCI Victorville. *See* Dkt. 153 at ¶¶ 22, 56-58. All of Wood's interactions with the SeaTac Defendants occurred prior to his transfer, and Wood's Complaint does not allege that any SeaTac Defendant had any personal involvement in his medical care once he arrived at FCI Victorville.

Further, although Wood alleges that the SeaTac and Victorville Defendants each provided inadequate medical care, any alleged incidents occurred at different times, at different prisons, and involved different prison employees and medical providers. Under such circumstances, Wood's claims against the Victorville Defendants (Counts 7 and 8) have been improperly joined to Wood's claims against the SeaTac Defendants. *See Fiorito*, 2018 WL 4657171, at *7 (C.D. Cal. Sept. 24, 2018) (finding claims for deliberate indifference to a serious medical need against defendants at different prisons (FCI Gilmer, FCI Ashland, and FCI Victorville II) should be severed and brought in three separate actions); *Peterson,* 2015 WL 278093, at *5–*6 (E.D. Ky Jan. 22, 2015) (in a case where a federal inmate's complaint for deliberate indifference to his serious medical needs pursuant to the FTCA and *Bivens* named the United States and numerous prison officials at five different federal prisons, the district court determined that plaintiff had improperly joined the prison officials at the out-of-state prisons); *Sheffield,* 2012 WL 928727, at *5 (E.D.Cal. Mar. 19, 2012) (finding claims of failure to provide adequate medical care at different federal prisons at the hands of different defendants were improperly joined).

REPORT AND RECOMMENDATION - 7

Therefore, the claims against the SeaTac and Victorville Defendants should be severed and the claims should be brought in two separate lawsuits.

      ii.     Venue

The Federal Defendants maintain that venue is not proper for the Victorville Defendants. Dkt. 154. Wood asserts pendent venue is appropriate in this case. Dkt. 157 at 3-4.

Venue is a privilege personal to each defendant and thus can be waived. *See, e.g., Leroy v. Great Western United Corp.,* 443 U.S. 173, 180 (1979); *Costlow v. Weeks,* 790 F.2d 1486, 1487–88 (9th Cir. 1986). Defendants may waive improper venue, but a court may *sua sponte* consider whether venue is proper if the defendants have not yet appeared in the action. Costlow, 790 F.2d at 1488. The Victorville Defendants have not been served and counsel has not entered an appearance on behalf of any Victorville Defendant. Thus, the Victorville Defendants have not waived improper venue.

Wood must establish that venue is proper as to each cause of action against each defendant. *See Fisher*, 2015 WL 5723638, at *5 (C.D. Cal. June 18, 2015). 28 U.S.C. § 1391, which governs venue for civil actions filed in the federal courts, provides that an action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

While Wood appears to now reside in Washington State (Dkt. 157 at 4), the Victorville Defendants are employed at FCI Victorville and the alleged events giving rise to Wood's claims against the Victorville Defendants occurred at FCI Victorville. FCI Victorville is located in Victorville, CA in the Central District of California. Based on Complaint, the proper venue for the claims alleged against the Victorville Defendants is the Central District of California.

As there is no independent basis for venue, Wood requests this Court find venue proper under the doctrine of pendent venue. *See* Dkt. 157. Under the pendent venue doctrine, "[o]nce a court has determined that venue is proper as to one claim, it may exercise pendent venue to adjudicate closely related claims." *Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1191 (N.D. Cal. 2017) (internal quotations omitted). The allegations in the Complaint are sparse. It is not clear what actions or inactions the Victorville Defendants took that resulted in a *Bivens* violation. Further, as discussed above, the allegations against the Victorville Defendants are separate and distinct from the SeaTac Defendants; any alleged incidents occurred at different times, at different prisons, and involved different prison employees and medical providers. Therefore, requiring the claims against the Victorville Defendants to be litigated in the Western District of Washington, when all the Victorville Defendants reside in the Central District of California, would not serve the interests of judicial economy or the convenience of the parities, potential witnesses, or the Court. *See Fisher*, 2015 WL 5723638 at *6 (finding pendent venue not appropriate where the deliberate indifference claims arose at two different federal prisons); *Johnson v. Relves*, 2014 WL 1325388, at *6 n.5 (C.D. Cal. Feb. 10, 2014) (finding pendent venue inapplicable to federal prisoner's claims against prison officials at different federal prisons where the claims arose from separate conduct at each prison two years apart). Accordingly, the Court finds venue is not proper and the pendent venue doctrine should not be applied in this case.

Because venue is improper, the Court has the discretion to dismiss or transfer the case. *See* 28 U.S.C. § 1406(a). Here, while the Federal Defendants request transfer, the Court finds dismissal is appropriate. *See* Dkt. 154. Wood has not identified any Victorville Defendant at this time and the claims against the Victorville Defendants are conclusory and subject to dismissal for failure to state a claim. *See* Dkt. 153 at ¶¶ 22, 56-58, 89-96. Wood fails to allege any factual allegations against any Victorville Defendant; rather, Wood merely states that he is not receiving the proper medical care or accommodations at FCI Victorville. *See id*. at ¶¶ 56-58. Without more factual allegations, this is insufficient to state a claim. As Wood's claims would not survive screening, transferring the claims would not be in the interests of justice. *See Fiorito*, 2018 WL 4657171, at *3 (C.D. Cal. Sept. 24, 2018) ("Transferring claims that are subject to dismissal under PLRA screening would not be in the interest of justice under § 1406(a)."); *see also Minnfee v. Assoc. Atty. Gen.*, 2007 WL 1287880 at *2 (W.D. Wash. May 1, 2007) ("[I]t would not be 'in the interests of justice' to transfer this action to a different venue because plaintiff has not adequately alleged in his complaint any viable cause of action under § 1983, because it is not entirely clear which district would be the proper district to receive a transfer, and because transferring the action might allow plaintiff to circumvent filing requirements imposed upon him by other federal district courts."); *Imageline, Inc. v. CafePress.com, Inc*., 2011 WL 1322525, at *8 (C.D.Cal. Apr. 6, 2011) ("Though improper joinder is not grounds for dismissal of an action, the Court may *sua sponte* drop improperly joined parties or sever improperly joined claims."). Accordingly, the Court recommends the claims against Victorville Defendants be dismissed without prejudice.[2]

---

[2] The Court notes that Wood's counsel is Court-appointed. The pro bono appointment would not transfer to the Central District of California. This is another consideration that impacts this Court's consideration of transferring the case.

REPORT AND RECOMMENDATION - 10

For the above stated reasons, the Court finds Wood has not properly joined the Victorville Defendants in this action. Because venue is not proper and Wood has not sufficiently stated a claim against the Victorville Defendants, the Court recommends dismissal of the Victorville Defendants without prejudice.

### IV. Conclusion

For the foregoing reasons, the Court recommends the Federal Defendants' Motion to Dismiss (Dkt. 154) be granted. The Court recommends the BOP, individually named USMS Defendants, Victorville Defendants, ADA claims, and claims of retaliation against the SeaTac Defendants be dismissed.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **December 30, 2024**.

Dated this 13th day of December, 2024.

David W. Christel
United States Magistrate Judge