UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

MICHAEL A. WOOD,

                Plaintiff,

      v.

MASON COUNTY, et al.,

                Defendants.

CASE NO. 2:22-CV-636-DGE-DWC

ORDER GRANTING-IN-PART MOTION TO COMPEL

      On September 24, 2025, the Defendants Kevin Posalski, Louisa Maria, Scottie Bussell, and Israel Jacquez (SeaTac Defendants) filed a Motion to Compel Discovery and for Sanctions. Dkt. 186. The SeaTac Defendants seek an order compelling Plaintiff Michael A. Wood to make initial disclosures and respond to discovery requests. *Id*. In addition to an order compelling Plaintiff to respond to the past-due discovery, the SeaTac Defendants request the Court preclude Plaintiff from relying on any witness or evidence that should have been disclosed in the initial disclosures as a sanction. *Id*.

      On October 9, 2025, Plaintiff, through Court-appointed counsel, filed a response conceding that the identified discovery documents are untimely and the Motion to Compel is meritorious. Dkt. 188. Plaintiff, however, asks the Court to deny any request for exclusionary

ORDER GRANTING-IN-PART MOTION TO
COMPEL - 1

sanctions because such a sanction would be too severe. *Id*. The SeaTac Defendants did not file a reply.

As Plaintiff concedes the Motion to Compel is meritorious, the Court grants the SeaTac Defendants' request for an order compelling Plaintiff to respond to the past-due discovery requests. Plaintiff shall provide initial disclosures and responses to past-due interrogatories and requests for production on or before November 7, 2025.

The Court recognizes Plaintiff's counsel has a difficult task of communicating with Plaintiff. Further, the SeaTac Defendants did not file a reply responding to Plaintiff's arguments that exclusionary sanctions are overly severe. Therefore, at this time, the Court declines to impose sanctions. However, Plaintiff's counsel must increase his efforts to communicate with his client and must provide timely discovery responses. If Plaintiff's counsel does not comply with this Order on or before November 7, 2025, the SeaTac Defendants can file a renewed motion to compel and for sanctions. And, in response to any such renewed motion, the Court will expect counsel for Plaintiff to provide documentation of his discovery responses and his attempts to obtain discovery responses.

For the above-stated reasons, the Motion to Compel and for Sanctions (Dkt. 186) is granted-in-part and denied-in-part. Plaintiff shall provide initial disclosures and responses to past-due interrogatories and requests for production on or before November 7, 2025. However, the Court declines to impose sanctions.

Dated this 24th day of October, 2025.

David W. Christel
United States Magistrate Judge