NITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL A. WOOD,

Plaintiff,

v.

MASON COUNTY, et al.,

Defendants.

CASE NO. 2:22-CV-636-DGE-DWC

ORDER GRANTING MOTION FOR NEW COUNSEL

On December 15, 2025, Defendants Kevin Posalski, Louisa Maria, Scottie Bussell, and Israel Jacquez (SeaTac Defendants) filed a Renewed Motion for Sanctions. Dkt. 190. And, on December 17, 2025, Defendants Adam Merritt, Brock Gorang, and Martin Garland (Bremerton Defendants) filed a Motion to Compel and for Sanctions. Dkt. 191. Plaintiff Michael A. Wood, represented by Court-appointed counsel, Richard A. Meadows, did not file a response to either motion.

On January 7, 2025, after both motions were ready for this Court's consideration, Mr. Meadows filed Plaintiff's Request for Appointment of New Counsel and Motion to Stay ("Motion for New Counsel"). Dkt. 195. In the Request for New Counsel, Mr. Meadows states he

ORDER GRANTING MOTION FOR NEW
COUNSEL - 1

is taking a hiatus from the practice of law due to personal and familial circumstances. He requests Plaintiff be appointed new counsel and this matter be stayed until new counsel can be obtained. *Id*. Defendants did not file a response to Plaintiff's Motion for New Counsel.

As Plaintiff's Motion for New Counsel is unopposed, the Court finds the opposing parties admit the motion has merit. *See* Local Civil Rule ("LCR") 7(b)(2). Further, the Court finds no evidence that Plaintiff's circumstances are so changed that Court-appointed counsel would no longer be appropriate. Therefore, the Court finds it is appropriate to appoint new counsel for Plaintiff.

While the Court lacks the authority to require counsel to represent indigent individuals in a § 1983 case, *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989), the Court may request voluntary assistance of counsel pursuant to 28 U.S.C. §1915(e)(1). *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). In this case, the Court finds the interest of justice will best be served if counsel from the Western District Pro Bono Panel is appointed to represent Plaintiff in this matter. *See Johnson v. California*, 207 F.3d 650, 656 (9th Cir. 2000) (per curiam) (stating that appointment of counsel may be justified when a proceeding will go forward "more efficiently and effectively").

For the above stated reasons, Plaintiff's Motion for New Counsel (Dkt. 195) is granted. Plaintiff is appointed counsel, contingent on the identification of counsel willing to represent Plaintiff in this matter. The Western District of Washington's *pro bono* coordinator is directed to identify counsel to represent Plaintiff, in accordance with the Court's General Order 07-23, Section 3.

ORDER GRANTING MOTION FOR NEW
COUNSEL - 2

The Court finds this matter shall be stayed while the *pro bono* coordinator attempts to identify counsel. Once it has been determined whether the Court will be able to appoint an attorney to represent Plaintiff, the Court will issue any additional appropriate orders.

Based on the unique circumstances of this case, the Court finds sanctions against Plaintiff for failure to engage in the discovery process are not warranted at this time. Therefore, Defendants' Motions to Compel and for Sanctions (Dkt. 190, 191) are denied. Counsel for Plaintiff is directed to file a motion to withdraw in accordance with the Court's General Order 07-23 and the Local Civil Rules.

The Clerk is directed to stay this case and provide a copy of this Order to the *pro bono* coordinator.

Dated this 3rd day of February, 2026.

David W. Christel
United States Magistrate Judge

ORDER GRANTING MOTION FOR NEW
COUNSEL - 3